1  Craig E. Lindberg, Esq. (State Bar No. 150778)
   **FEDERAL EXPRESS CORPORATION**
2  2601 Main Street, Suite 340
   Irvine, California 92614
3  Telephone:   (949) 862-4678
   Facsimile:   (901) 492-5641
4  craig.lindberg@fedex.com

5  Attorney for Defendant
   FEDEX CORPORATION

6

7

8              **UNITED STATES DISTRICT COURT OF CALIFORNIA**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  NEVADA FLEET LLC, a Nevada Limited      **Case No.:  2:17-cv-01732-TLN-KJN**
    Liability Company,,
12                                          JUDGE:  HON. TROY L. NUNLEY
                     Plaintiff,
13
         v.
14                                          **FEDEX CORPORATION'S ANSWER TO**
    FEDEX CORPORATION and DOES 1-50,        **COMPLAINT**
15  inclusive,

16                   Defendants.

17                                          Date Action Filed:   August 18, 2017
                                            Trial Date:          Not Set
18  _____

19        Defendant FedEx Corporation ("FedEx") answers the Complaint ("Complaint") of Nevada

20  Fleet LLC ("Nevada Fleet") as follows:

21              **I.      ANSWER TO SPECIFIC ALLEGATIONS OF THE COMPLAINT**

22        1.      FedEx is without sufficient information to admit or deny the allegations of paragraph

23  1.  They are therefore denied.

24        2.      Admitted.

25        3.      FedEx is a holding company.  FedEx denies "selling its used vehicles in California"

26  as alleged.  FedEx admits that this Court has jurisdiction over it.

27        4.      FedEx is without sufficient information to admit or deny the allegations of paragraph

28  4.  They are therefore denied.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)            -1-            2:17-cv-01732-TLN-KJN
                    FEDEX CORPORATION'S ANSWER TO COMPLAINT

5.    To the extent that a response is required, the allegations contained in paragraph 5 are denied.

6.    Denied.

7.    The allegations in paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 7 are denied.

8.    The allegations in paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 8 are denied.

9.    The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 9 are denied.

10.    The allegations in paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 10 are denied.

11.    The allegations in paragraph 11 are legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 11 are denied.

12.    The allegations in paragraph 12 are legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 12 are denied.

13.    FedEx admits that it is a holding company and that the trucks at issue were owned by Federal Express Corporation ("Express").  FedEx denies the remaining allegation of paragraph 13.

14.    FedEx admits its subsidiary Express has a relationship with Automotive Rentals, Inc. ("ARI").  FedEx denies that an agency relationship exists between any FedEx entity and the entities identified by Nevada Fleet in this paragraph.  The remaining allegations in paragraph 14 are denied.

15.    Denied.

16.    Denied.

17.    FedEx is without sufficient information to admit or deny the allegations of paragraph 17.  They are therefore denied.

18.    FedEx is without sufficient information to admit or deny the allegations of paragraph 18.  They are therefore denied.

19.    Denied.

20.    Denied.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                                    -2-                                    2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO COMPLAINT

21.    Denied.

22.    FedEx is without sufficient information to admit or deny the allegations of paragraph 22. They are therefore denied.

23.    FedEx is without sufficient information to admit or deny the allegations of paragraph 23. They are therefore denied.

24.    FedEx denies it sold any vehicles to Nevada Fleet.   FedEx is without sufficient information to admit or deny the remaining allegations in paragraph 24.

25.     FedEx is without sufficient information to admit or deny the allegations of paragraph 25. They are therefore denied.

26.    FedEx is without sufficient information to admit or deny the allegations of paragraph 26. They are therefore denied.

27.    The allegations related to FedEx are denied.  FedEx is without sufficient information to admit or deny the remaining allegations of paragraph 27.  They are therefore denied.

28.    The allegations related to FedEx are denied.  FedEx is without sufficient information to admit or deny the remaining allegations of paragraph 28.  They are therefore denied.

29.    FedEx is without sufficient information to admit or deny the allegations of paragraph 29. They are therefore denied.

30.    FedEx denies the alleged agency relationship with "SOUTHBAY".   FedEx is without sufficient information to admit or deny the remaining allegations of paragraph 30.  They are therefore denied.

31.    FedEx is without sufficient information to admit or deny the allegations of paragraph 31. They are therefore denied.

32.    FedEx is without sufficient information to admit or deny the allegations of paragraph 32. They are therefore denied.

33.    FedEx denies that it sold the vehicle to Nevada Fleet as alleged.  FedEx is without sufficient information to admit or deny the remaining allegations of paragraph 33.  They are therefore denied.

34.    FedEx is without sufficient information to admit or deny the allegations of paragraph

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                                    -3-                          2:17-cv-01732-TLN-KJN
                        FEDEX CORPORATION'S ANSWER TO COMPLAINT

34. They are therefore denied.

35.   FedEx is without sufficient information to admit or deny the allegations of paragraph 35. They are therefore denied.

36.   FedEx is without sufficient information to admit or deny the allegations of paragraph 36. They are therefore denied.

37.   FedEx denies the alleged agency relationship with "DAA".   FedEx is without sufficient information to admit or deny the remaining allegations of paragraph 37.  They are therefore denied.

38.   Denied.

39.   FedEx is without sufficient information to admit or deny the allegations of paragraph 39. They are therefore denied.

40.   FedEx is without sufficient information to admit or deny the allegations of paragraph 40. They are therefore denied.

41.   FedEx denies an agency relationship with any of the entities referenced by Nevada Fleet.  FedEx is without sufficient information to admit or deny the remaining allegations of paragraph 41.  They are therefore denied.

42.   FedEx is without sufficient information to admit or deny the allegations of paragraph 42. They are therefore denied.

43.   Denied.

44.   FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

50.   Denied.

1    51.    Denied.

2    52.    Denied.

3    53.    FedEx incorporates by reference its responses to the allegations contained in the

4    above referenced paragraphs as though fully set forth herein.

5    54.    Denied.

6    55.    Denied.

7    56.    Denied.

8    57.    FedEx incorporates by reference its responses to the allegations contained in the

9    above referenced paragraphs as though fully set forth herein.

10   58.    Denied.

11   59.    Denied.

12   60.    Denied.

13   61.    FedEx incorporates by reference its responses to the allegations contained in the

14   above referenced paragraphs as though fully set forth herein.

15   62.    Denied.

16   63.    FedEx is without sufficient information to admit or deny the allegations of paragraph

17   63.  They are therefore denied.

18   64.    FedEx is without sufficient information to admit or deny the allegations of paragraph

19   64.  They are therefore denied.

20   65.    Denied.

21   66.    Denied.

22   67.    FedEx incorporates by reference its responses to the allegations contained in the

23   above referenced paragraphs as though fully set forth herein.

24   68.    Denied.

25   69.    Denied.

26   70.    Denied.

27   71.    Denied.

28   72.    FedEx incorporates by reference its responses to the allegations contained in the

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                                    -5-                              2:17-cv-01732-TLN-KJN
                                        FEDEX CORPORATION'S ANSWER TO COMPLAINT

above referenced paragraphs as though fully set forth herein.

73. FedEx is without sufficient information to admit or deny the allegations of paragraph 73. They are therefore denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

79. FedEx is without sufficient information to admit or deny the allegations of paragraph 79. They are therefore denied.

80. FedEx is without sufficient information to admit or deny the allegations of paragraph 80. They are therefore denied.

81. FedEx denies an agency relationship with any of the entities referenced by Nevada Fleet. FedEx is without sufficient information to admit or deny the remaining allegations of paragraph 81. They are therefore denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

87. FedEx is without sufficient information to admit or deny the allegations of paragraph 87. They are therefore denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                          -6-                          2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO COMPLAINT

92.     FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

93.     FedEx denies an agency relationship with any of the entities referenced by Nevada Fleet.  FedEx is without sufficient information to admit or deny the remaining allegations of paragraph 93.  They are therefore denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

99.     FedEx denies an agency relationship with any of the entities referenced by Nevada Fleet.  FedEx is without sufficient information to admit or deny the remaining allegations of paragraph 99.  They are therefore denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

104.    Denied.

105.    Denied.

106.    Denied.

107.    FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

108.    Denied.

109.    Denied.

110.    Denied.

111.    FedEx incorporates by reference its responses to the allegations contained in the

above referenced paragraphs as though fully set forth herein.

112.   Denied.

113.   Denied.

114.   Denied.

115.   FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

116.   Denied.

117.   FedEx is without sufficient information to admit or deny the allegations of paragraph 117.  They are therefore denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

128.   Denied.

129.   Denied.

130.   FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

131.   Denied.

132.   Denied.

133.   Denied.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                                             -8-                                    2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO COMPLAINT

134.   Denied.

135.   FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied.

146.   FedEx incorporates by reference its responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

147.   Denied.

148.   To the extent that a response is required, the allegations contained in paragraph 148 are denied.

149.   Denied.

FedEx denies that Nevada Fleet is entitled to any relief whatsoever.  This lawsuit should be dismissed with Nevada Fleet paying FedEx its costs, attorneys' fees and other relief to which FedEx is entitled.

## II.   AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each and every purported claim contained therein, fails to state a claim upon which relief can be granted.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                    -9-                    2:17-cv-01732-TLN-KJN

FEDEX CORPORATION'S ANSWER TO COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Nevada Fleet's purported claims fail because Nevada Fleet has failed to exercise reasonable diligence to mitigate its alleged damages if any, and any damages to which Nevada Fleet might be entitled must be reduced or denied accordingly.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches, Excuse, Mistake, and Unclean Hands)

Nevada Fleet's purported claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, excuse, mistake, and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (No Acts or Omissions by Defendant)

Nevada Fleet's purported claims are barred, in whole or in part, because the alleged losses or harms sustained by Nevada Fleet, if any, resulted from causes other than any alleged act or omission by FedEx.

## FIFTH AFFIRMATIVE DEFENSE

### (No Grounds for Punitive Damages)

Nevada Fleet is not entitled to punitive damages.  FedEx at all times acted in good faith, under the reasonable belief that its conduct did not violate any laws.  Nevada Fleet has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice.  Nor does Nevada Fleet plead facts sufficient to support allegations of gross or reckless disregard for the rights of Nevada Fleet, or that FedEx was motivated by evil motive or intent.

## SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Any claim for punitive damages is unconstitutional under the California and/or U.S. Constitutions, and in particular, pursuant to the due process, equal protection and/or excessive fines clauses contained therein.

/ / /

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                             -10-                             2:17-cv-01732-TLN-KJN

FEDEX CORPORATION'S ANSWER TO COMPLAINT

1

## SEVENTH AFFIRMATIVE DEFENSE

2

(No Injury)

3

FedEx, denying any wrongdoing, asserts that Nevada Fleet has not suffered any injury,

4

damage, loss or harm due to any alleged actions or inactions of FedEx.

5

## EIGHTH AFFIRMATIVE DEFENSE

6

(No Warranty / Disclaimer of Warranty)

7

FedEx did not make any actionable warranties to Nevada Fleet in connection with the

8

transactions alleged in the Complaint, or else disclaimed any such warranties such that Nevada Fleet

9

has no right to relief.

10

## NINTH AFFIRMATIVE DEFENSE

11

(Actions Outside Control of Defendant)

12

Any harm or injury allegedly suffered by Nevada Fleet, the existence of which is specifically

13

denied, is the result of others not within the control of FedEx.

14

## TENTH AFFIRMATIVE DEFENSE

15

(Justification / Privilege)

16

Nevada Fleet's purported claims are barred, in whole or in part, because FedEx's alleged acts

17

and/or omissions were justified and/or privileged because at all times herein, FedEx acted in

18

accordance with its corporate and administrative policies, and the applicable laws of the United

19

States of America and the State of California.

20

## ELEVENTH AFFIRMATIVE DEFENSE

21

(No Reasonable Reliance)

22

Nevada Fleet did not reasonably rely on any alleged misrepresentations or nondisclosures of

23

material facts, if any, made by FedEx.

24

## TWELFTH AFFIRMATIVE DEFENSE

25

(Full Performance)

26

FedEx fully performed any act or agreements it entered into as may be alleged in the

27

Complaint, and fulfilled any and all duties and/or obligations it owed to Nevada Fleet.

28

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                    -11-                    2:17-cv-01732-TLN-KJN

FEDEX CORPORATION'S ANSWER TO COMPLAINT

THIRTEENTH AFFIRMATIVE DEFENSE

(Materiality)

Any alleged false or misleading statements attributable to FedEx, statements which are specifically denied, were not material.

FOURTEENTH AFFIRMATIVE DEFENSE

(Breach of Contract)

Nevada Fleet's purported claims are barred, in whole or in part, on the grounds that Nevada Fleet breached its contract, if any, with FedEx, and that by reason of that breach, FedEx has been excused from performing any duties or obligations set forth in said contract.

FIFTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Nevada Fleet is not entitled to any recovery from FedEx because the alleged damages, if any, are speculative.

SIXTEENTH AFFIRMATIVE DEFENSE

(No Malice / Good Faith)

Nevada Fleet's purported claims are barred, in whole or in part, because all decisions and actions of FedEx with respect to the allegations in the Complaint were undertaken in good faith and in the absence of malicious intent.

SEVENTEENTH AFFIRMATIVE DEFENSE

(No Wrongful Conduct by its Agents)

Nevada Fleet has not alleged and/or cannot demonstrate any wrongful conduct by any of the individuals or entities alleged to be agents of FedEx.

EIGHTEENTH AFFIRMATIVE DEFENSE

(No Antitrust Injury)

Nevada Fleet purported claims are barred, in whole or in part, because Nevada Fleet has not suffered any antitrust injury.

/ / /

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                    -12-                    2:17-cv-01732-TLN-KJN

FEDEX CORPORATION'S ANSWER TO COMPLAINT

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

(No Antitrust Standing)

3      Nevada Fleet's purported claims are barred, in whole or in part, because Nevada Fleet lacks

4   standing under the antitrust laws.

5

## TWENTIETH AFFIRMATIVE DEFENSE

6

(No Conspiracy)

7      FedEx has not entered into a conspiracy to perform an illegal act, nor has it entered into an

8   illegal conspiracy.  Nevada Fleet fails to plead and/or cannot demonstrate facts sufficient to establish

9   any conspiracy.

10

## TWENTY-FIRST AFFIRMATIVE DEFENSE

11

(No Unreasonable Restraint of Trade)

12      Nevada Fleet's purported claims are barred, in whole or in part, because the facts alleged did

13   not result in an unreasonable restraint of trade.

14

## TWENTY-SECOND AFFIRMATIVE DEFENSE

15

(No Relevant Product or Geographic Markets)

16      Nevada Fleet's purported claims are barred, in whole or in part, because Nevada Fleet fails to

17   plead and/or cannot demonstrate the relevant product and geographic markets.  Nevada Fleet has

18   failed to assert economically viable product or geographic markets.

19

## TWENTY-THIRD AFFIRMATIVE DEFENSE

20

(No Market Power)

21      Nevada Fleet's purported claims are barred, in whole or in part, because Nevada Fleet fails to

22   plead and/or cannot demonstrate facts sufficient to establish that FedEx exercised market power in

23   any relevant product and geographic markets.

24

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

25

(No Proximate Causation)

26      Nevada Fleet's purported claims are barred, in whole or in part, because any alleged loss,

27   damage or injury suffered by Nevada Fleet was not proximately caused by any alleged act or

28   omission, wrongful or otherwise, of FedEx.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                      -13-                      2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO COMPLAINT

1

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

2

(Lack of Factual Specificity)

3

Nevada Fleet has failed to plead the facts with the requisite level of specificity.

4

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

5

(Lack of Privity)

6

Nevada Fleet's purported claims are barred, in whole or in part, because the Nevada Fleet

7

fails to plead and/or cannot demonstrate an enforceable contract between itself and the named

8

FedEx.

9

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

10

(Reservation of Rights to Assert Additional Affirmative Defenses)

11

FedEx reserves the right to assert any additional defenses that may become available by law

12

or through information or facts secured during discovery in this case.

13

14

15

DATED:  September 28, 2017        FEDERAL EXPRESS CORPORATION

16

                                          /s/ Craig E. Lindberg

17

                            By:_____
                                Craig E. Lindberg, Esq.

18

                                Attorneys for Defendant,
                                FEDEX CORPORATION

19

20

21

22

23

24

25

26

27

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1243123 (60-16517)                    -14-                    2:17-cv-01732-TLN-KJN

FEDEX CORPORATION'S ANSWER TO COMPLAINT