Craig E. Lindberg, Esq. (Bar No. 150778)
2601 Main Street
Western Region Headquarters
Irvine, CA 92614
Telephone: (949) 862-4678
Facsimile:  (901) 492-5641
craig.lindberg@fedex.com

Joshua A. Hillis, Esq. *(Pro Hac Vice)*
3620 Hacks Cross Rd., Bldg. B, 3rd FL
Memphis, TN 38125
Telephone: (901) 434-5134
Facsimile:  (901) 434-9279
joshua.hillis@fedex.com

Attorneys for Defendants
FEDEX CORPORATION and
FEDERAL EXPRESS CORPORATION

## UNITED STATES DISTRICT COURT OF CALIFORNIA

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FLEET LLC, a Nevada Limited Liability Company,,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION; FEDERAL EXPRESS CORPORATION; and DOES 2-50, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-01732-TLN-KJN<br><br>JUDGE:  HON. TROY L. NUNLEY<br><br>**FEDEX CORPORATION and FEDERAL EXPRESS CORPORATION'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Date Action Filed: August 18, 2017<br>Trial Date: Not Set |

Defendants FedEx Corporation ("FedEx") and Federal Express Corporation ("FedEx Express") answer the Amended Complaint ("Complaint") of Nevada Fleet LLC ("Nevada Fleet") as follows:

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)         -1-         2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

## I. ANSWER TO SPECIFIC ALLEGATIONS OF THE COMPLAINT

1. Defendants are without sufficient information to admit or deny the allegations of paragraph 1. They are therefore denied.

2. Admitted.

3. FedEx is a holding company. FedEx denies "selling its used vehicles in California" as alleged. FedEx admits that this Court has jurisdiction over it.

4. Admitted

5. FedEx Express denies "selling its used vehicles in California" as alleged. FedEx Express admits that this Court has jurisdiction over it.

6. Defendants are without sufficient information to admit or deny the allegations of paragraph 6. They are therefore denied.

7. To the extent that a response is required, the allegations contained in paragraph 7 are denied.

8. Denied.

9. The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 9 are denied.

10. The allegations in paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 10 are denied.

11. The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 11 are denied.

12. The allegations in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 12 are denied.

13. The allegations in paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 13 are denied.

14. The allegations in paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 14 are denied.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 15 are denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)   -2-   2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

16. The allegations in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 16 are denied.

17. The allegations in paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 17 are denied.

18. The allegations in paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 18 are denied.

19. Defendants admit that FedEx is a holding company and that FedEx Express is a subsidiary corporation. Defendants state that the language of the form 10-K attached as Exhibit A to the Complaint speaks for itself. The remaining allegations contained in paragraph 19 are denied.

20. In response to the allegations contained in paragraph 20, Defendants state that the language of the form 10-K attached as Exhibit A to the Complaint speaks for itself and no response to the quoted language or number of times FedEx Express is mentioned therein is deemed necessary. The remaining allegations contained in paragraph 20 are denied.

21. In response to the allegations contained in paragraph 21, Defendants state that the language of the form 10-K attached as Exhibit A to the Complaint speaks for itself and no response to the quoted language is deemed necessary. The remaining allegations contained in paragraph 21 are denied. Defendants specifically deny all allegations pertaining to alter ego and single enterprise status.

22. In response to the allegations contained in paragraph 22 in its entirety, Defendants state that the language of the documents attached as Exhibit C to the Complaint speaks for themselves and no response is deemed necessary. To the extent paragraph 22 can be construed as stating allegations of alter ego or single entity status, said allegations are denied.

23. Denied.

24. Defendants deny the allegations contained in the first sentence of paragraph 24. In response to the remaining allegations contained in paragraph 24, Defendants state that the language of the form 10-K attached as Exhibit A to the Complaint speaks for itself and no response to the quoted language is deemed necessary. To the extent paragraph 24 can be construed as stating allegations of alter ego or single entity status, said allegations are denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)    -3-    2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

25. Denied.

26. In response to the allegations contained in the first three sentences of paragraph 26, Defendants state that the language of the form 10-K attached as Exhibit A to the Complaint speaks for itself and no response to the quoted language is deemed necessary. To the extent the first three sentences of paragraph 26 can be construed as stating allegations against Defendants, said allegations are denied. The remaining allegations in paragraph 26 are denied.

27. In response to the allegations contained in paragraph 27, Defendants state that the language of the form 10-K attached as Exhibit A to the Complaint speaks for itself and no response to the quoted language is deemed necessary. To the extent paragraph 27 can be construed as stating allegations of alter ego or single entity status, said allegations are denied.

28. In response to the allegations contained in paragraph 28, Defendants state that the language of the form 10-K attached as Exhibit A to the Complaint speaks for itself and no response to the quoted language is deemed necessary. To the extent paragraph 28 can be construed as stating allegations of alter ego or single entity status, said allegations are denied.

29. Denied.

30. Defendants admit FedEx is a holding company and that the trucks at issue were owned by FedEx Express. Defendants deny the remaining allegation of paragraph 30.

31. Defendants admit FedEx Express has done business with Automotive Rentals, Inc. ("ARI"). Defendants deny that an agency relationship exists between any FedEx entity and any of the entities identified by Nevada Fleet in this paragraph. The remaining allegations in paragraph 31 are denied.

32. Denied.

33. Denied.

34. Defendants are without sufficient information to admit or deny the allegations of paragraph 34. They are therefore denied.

35. Defendants are without sufficient information to admit or deny the allegations of paragraph 35. They are therefore denied.

36. Denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)  -4-  2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

37. Denied.

38. Denied.

39. Defendants are without sufficient information to admit or deny the allegations of paragraph 39. They are therefore denied. Furthermore, Defendants expressly deny the existence of any agency relationship as alleged.

40. Defendants are without sufficient information to admit or deny the allegations of paragraph 40. They are therefore denied. Furthermore, Defendants expressly deny the existence of any agency relationship as alleged.

41. Defendants are without sufficient information to admit or deny the allegations of paragraph 40. They are therefore denied. Furthermore, Defendants expressly deny the existence of any agency relationship as alleged.

42. Defendants deny they sold any vehicles to Nevada Fleet. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 42.

43. Defendants are without sufficient information to admit or deny the allegations in the first sentence of paragraph 43. They are therefore denied.

44. Defendants are without sufficient information to admit or deny the allegations of paragraph 44. They are therefore denied. Furthermore, Defendants expressly deny the existence of any agency relationship as alleged.

45. The allegations related to Defendants are denied. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 45. They are therefore denied.

46. The allegations related to Defendants are denied. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 46. They are therefore denied. Furthermore, Defendants expressly deny the existence of any agency relationship as alleged.

47. Defendants are without sufficient information to admit or deny the allegations of paragraph 47. They are therefore denied.

48. Defendants deny the alleged agency relationship with "SOUTHBAY". Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 48. They are therefore denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)   -5-   2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

49.     Defendants are without sufficient information to admit or deny the allegations of paragraph 49. They are therefore denied.

50.     Defendants are without sufficient information to admit or deny the allegations of paragraph 50. They are therefore denied.

51.     Defendants are without sufficient information to admit or deny the allegations of paragraph 51. They are therefore denied.

52.     Defendants are without sufficient information to admit or deny the allegations of paragraph 52. They are therefore denied.

53.     Defendants are without sufficient information to admit or deny the allegations of paragraph 53. They are therefore denied.

54.     Defendants are without sufficient information to admit or deny the allegations of paragraph 54. They are therefore denied.

55.     Defendants deny the alleged agency relationship with "DAA". Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 55. They are therefore denied.

56.     Defendants deny the alleged agency relationship with "MANHEIM". Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 56. They are therefore denied.

57.     Defendants deny the alleged agency relationship with "MANHEIM". Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 57. They are therefore denied.

58.     Defendants are without sufficient information to admit or deny the allegations contained in the first two sentences of paragraph 58. They are therefore denied. Defendants deny the allegation of "fraudulent sales" contained in the last sentence of paragraph 58 and are without sufficient information to admit or deny the remaining allegations contained in the last sentence of paragraph 58. They are therefore denied.

59.     Denied.

60.     Defendants deny the alleged agency relationship with "ARI Auto Direct" or

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)     -6-     2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

1  "MANHEIM". Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 60. They are therefore denied.

61. Defendants are without sufficient information to admit or deny the allegations of paragraph 61. They are therefore denied.

62. Defendants deny the alleged agency relationship with "ARI" or "MANHEIM". Defendants are without sufficient information to admit or deny the allegations contained in the first sentence of paragraph 62. They are therefore denied. The remaining allegations contained in paragraph 62 are denied.

63. Defendants are without sufficient information to admit or deny the allegations of paragraph 63. They are therefore denied.

64. Defendants are without sufficient information to admit or deny the allegations of paragraph 64. They are therefore denied.

65. Defendants deny the alleged agency relationship with "DAA". Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 65. They are therefore denied.

66. Defendants deny an agency relationship with any of the entities referenced by Nevada Fleet. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 66. They are therefore denied.

67. Defendants deny the alleged agency relationship with "ARI" or "MANHEIM". Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 67. They are therefore denied.

68. Defendants are without sufficient information to admit or deny the allegations of paragraph 68. They are therefore denied.

69. Defendants deny the alleged agency relationship with "MANHEIM". Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 69. They are therefore denied.

70. Defendants deny an agency relationship with any of the entities referenced by Nevada Fleet. Defendants are without sufficient information to admit or deny the allegations in the first

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)   -7-   2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

sentence of paragraph 70. They are therefore denied. All remaining allegations contained in paragraph 70 are denied.

71. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

81. Denied.

82. Denied.

83. Denied.

84. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

85. Denied.

86. Denied.

87. Denied.

88. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

89. Defendants are without sufficient information to admit or deny the allegations in the first two sentences of paragraph 89. They are therefore denied. All remaining allegations contained in paragraph 89 are denied.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)                    -8-                    2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

90. Defendants are without sufficient information to admit or deny the allegations of paragraph 90. They are therefore denied.

91. Defendants are without sufficient information to admit or deny the allegations of paragraph 91. They are therefore denied. Furthermore, Defendants expressly deny the existence of any agency relationship as alleged.

92. Denied.

93. Denied.

94. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

100. Defendants are without sufficient information to admit or deny the allegations of paragraph 100. They are therefore denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

106. Defendants are without sufficient information to admit or deny the allegations of paragraph 106. They are therefore denied.

107. Defendants are without sufficient information to admit or deny the allegations of paragraph 107. They are therefore denied.

108. Defendants are without sufficient information to admit or deny the allegations of

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)   -9-   2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

paragraph 108. They are therefore denied.

109. Defendants are without sufficient information to admit or deny the allegations of paragraph 109. They are therefore denied.

110. Defendants are without sufficient information to admit or deny the allegations of paragraph 110. They are therefore denied.

111. Defendants deny an agency relationship with any of the entities referenced by Nevada Fleet. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 111. They are therefore denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

117. Defendants are without sufficient information to admit or deny the allegations of paragraph 117. They are therefore denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

123. Defendants deny an agency relationship with any of the entities referenced by Nevada Fleet. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 123. They are therefore denied.

124. Denied.

125. Denied.

126. Denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)       -10-       2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

127. Denied.

128. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

129. Defendants deny an agency relationship with any of the entities referenced by Nevada Fleet. Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 129. They are therefore denied.

130. Denied.

131. Denied.

132. Denied.

133. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

134. Denied.

135. Denied.

136. Denied.

137. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

138. Denied.

139. Denied.

140. Denied.

141. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

142. Denied.

143. Denied.

144. Denied.

145. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

146. Denied.

147. Defendants are without sufficient information to admit or deny the allegations of

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)   -11-   2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

paragraph 147. They are therefore denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

158. Denied.

159. Denied.

160. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)   -12-   2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

170. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

177. Denied.

178. The language of 49 U.S.C. § 32705(a)(1) speaks for itself and no response is deemed necessary. To the extent paragraph 178 could be construed as stating allegations against Defendants, said allegations are denied.

179. The allegations in paragraph 179 are legal conclusions to which no response is required. To the extent a response is required, the allegations contained in paragraph 179 are denied.

180. Denied.

181. Denied.

182. Defendants incorporate by reference their responses to the allegations contained in the above referenced paragraphs as though fully set forth herein.

183. Denied.

184. To the extent that a response is required, the allegations contained in paragraph 184 are denied.

185. Denied.

Defendants deny that Nevada Fleet is entitled to any relief whatsoever. This lawsuit should be dismissed with Nevada Fleet paying Defendants their costs, attorneys' fees and all other relief to which Defendants are entitled.

Each and every allegation contained in the First Amended Complaint not previously admitted, denied, or otherwise explained is hereby denied.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)　　　　-13-　　　　2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

## II. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each and every purported claim contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Nevada Fleet's purported claims fail because Nevada Fleet has failed to exercise reasonable diligence to mitigate its alleged damages if any, and any damages to which Nevada Fleet might be entitled must be reduced or denied accordingly.

### THIRD AFFIRMATIVE DEFENSE

(Waiver, Estoppel, Laches, Excuse, Mistake, and Unclean Hands)

Nevada Fleet's purported claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, excuse, mistake, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

(No Acts or Omissions by Defendant)

Nevada Fleet's purported claims are barred, in whole or in part, because the alleged losses or harms sustained by Nevada Fleet, if any, resulted from causes other than any alleged act or omission by Defendants.

### FIFTH AFFIRMATIVE DEFENSE

(No Grounds for Punitive Damages)

Nevada Fleet is not entitled to punitive damages. Defendants at all times acted in good faith, under the reasonable belief that their conduct did not violate any laws. Nevada Fleet has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice. Nor does Nevada Fleet plead facts sufficient to support allegations of gross or reckless disregard for the rights of Nevada Fleet, or that Defendants were motivated by evil motive or intent.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517) -14- 2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

## SIXTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

Any claim for punitive damages is unconstitutional under the California and/or U.S. Constitutions, and in particular, pursuant to the due process, equal protection and/or excessive fines clauses contained therein.

## SEVENTH AFFIRMATIVE DEFENSE

(No Injury)

Defendants, denying any wrongdoing, asserts that Nevada Fleet has not suffered any injury, damage, loss or harm due to any alleged actions or inactions of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

(No Warranty / Disclaimer of Warranty)

Neither of the Defendants made any actionable warranties to Nevada Fleet in connection with the transactions alleged in the Complaint, or else disclaimed any such warranties such that Nevada Fleet has no right to relief.

## NINTH AFFIRMATIVE DEFENSE

(Actions Outside Control of Defendant)

Any harm or injury allegedly suffered by Nevada Fleet, the existence of which is specifically denied, is the result of others not within the control of Defendants.

## TENTH AFFIRMATIVE DEFENSE

(Justification / Privilege)

Nevada Fleet's purported claims are barred, in whole or in part, because Defendants' alleged acts and/or omissions were justified and/or privileged because at all times herein, Defendants acted in accordance with their respective corporate and administrative policies, and the applicable laws of the United States of America and the State of California.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Reasonable Reliance)

Nevada Fleet did not reasonably rely on any alleged misrepresentations or nondisclosures of material facts, if any, made by Defendants.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517) -15- 2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

## TWELFTH AFFIRMATIVE DEFENSE

(Full Performance)

Defendants fully performed any act or agreements they entered into as may be alleged in the Complaint, and fulfilled any and all duties and/or obligations they owed to Nevada Fleet.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Materiality)

Any alleged false or misleading statements attributable to Defendants, statements which are specifically denied, were not material.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Breach of Contract)

Nevada Fleet's purported claims are barred, in whole or in part, on the grounds that Nevada Fleet breached its contract(s), if any, with Defendants, and that by reason of that breach, Defendants have been excused from performing any duties or obligations set forth in said contract(s).

## FIFTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Nevada Fleet is not entitled to any recovery from Defendants because the alleged damages, if any, are speculative.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Malice / Good Faith)

Nevada Fleet's purported claims are barred, in whole or in part, because all decisions and actions of Defendants with respect to the allegations in the Complaint were undertaken in good faith and in the absence of malicious intent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Wrongful Conduct by its Agents)

Nevada Fleet has not alleged and/or cannot demonstrate any wrongful conduct by any of the individuals or entities alleged to be agents of Defendants.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)  -16-  2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Antitrust Injury)

Nevada Fleet purported claims are barred, in whole or in part, because Nevada Fleet has not suffered any antitrust injury.

### NINETEENTH AFFIRMATIVE DEFENSE

(No Antitrust Standing)

Nevada Fleet's purported claims are barred, in whole or in part, because Nevada Fleet lacks standing under the antitrust laws.

### TWENTIETH AFFIRMATIVE DEFENSE

(No Conspiracy)

Defendants have not entered into a conspiracy to perform an illegal act, nor has it entered into an illegal conspiracy. Nevada Fleet fails to plead and/or cannot demonstrate facts sufficient to establish any conspiracy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Unreasonable Restraint of Trade)

Nevada Fleet's purported claims are barred, in whole or in part, because the facts alleged did not result in an unreasonable restraint of trade.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Relevant Product or Geographic Markets)

Nevada Fleet's purported claims are barred, in whole or in part, because Nevada Fleet fails to plead and/or cannot demonstrate the relevant product and geographic markets. Nevada Fleet has failed to assert economically viable product or geographic markets.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Market Power)

Nevada Fleet's purported claims are barred, in whole or in part, because Nevada Fleet fails to plead and/or cannot demonstrate facts sufficient to establish that Defendants exercised market power in any relevant product and geographic markets.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)   -17-   2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Proximate Causation)

Nevada Fleet's purported claims are barred, in whole or in part, because any alleged loss, damage or injury suffered by Nevada Fleet was not proximately caused by any alleged act or omission, wrongful or otherwise, of Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack of Factual Specificity)

Nevada Fleet has failed to plead the facts with the requisite level of specificity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Lack of Privity)

Nevada Fleet's purported claims are barred, in whole or in part, because Nevada Fleet fails to plead and/or cannot demonstrate an enforceable contract between itself and either Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Assert Additional Affirmative Defenses)

Defendants reserve the right to assert any additional defenses that may become available by law or through information or facts secured during discovery in this case.

DATED: May 10, 2018

FEDERAL EXPRESS CORPORATION

/s/ Joshua A. Hillis
By:_____
Craig E. Lindberg, Esq.
Joshua A. Hillis, Esq.
Attorneys for Defendant,
FEDEX CORPORATION and
FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)   -18-   2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will be forwarded to the following recipients:

Mary Kathleen Gallagher
Lauren Jones
Tanya Kim Harris
GALLAGHER JONES LLP
2945 Ramco Street, Suite 110
West Sacramento, CA 95691

/s/ *Joshua A. Hillis*
Joshua A. Hillis

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1271937 (60-16517)    -19-    2:17-cv-01732-TLN-KJN
FEDEX CORPORATION'S ANSWER TO AMENDED COMPLAINT
ACTIVE\56535883.v1-5/8/18