Kathleen Gallagher, SBN 249062
Lauren Jones, SBN 293002
Tanya Harris, SBN 300726
GALLAGHER JONES LLP
2945 Ramco Street, Suite 110
West Sacramento, California 95691
Telephone: 916.226.4470
Facsimile: 916.226.4471

Attorneys for **Plaintiff,**
**NEVADA FLEET LLC**

## UNITED STATES DISTRICT COURT FOR

## THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FLEET LLC, a Nevada Limited Liability Company<br><br>                    Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION; FEDERAL EXPRESS CORPORATION; and DOES 2 to 50, inclusive,<br><br>                    Defendants. | **Case No.: 2:17-cv-01732-TLN-KJN**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C) WITH RESPECT OT NEVADA FLEET, LLC'S FIRST AMENDED COMPLAINT**<br><br>**Hearing Date: September 20, 2018**<br>**Hearing Time: 2:00 p.m.**<br>**Judge: Hon. Troy L. Nunley**<br>**Courtroom: 2**<br>**Trial Date: N/A**<br>**Action Filed: 5/8/17** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITITES ……………………………………………….. i-iv

I.    INTRODUCTION ………………………………………………………. 1

II.   APPLICABLE LEGAL STANDARD FOR JUDGMENT ON THE
PLEADINGS…………………………………………………………... 2

III.  ARGUMENT ……..……………………………………………………… 3

     A.  Alter Ego and Agency are Sufficiently Plead …….………………...

        1.  Alter Ego

          a. Unity of Interest or Ownership

            i.   Commingling of funds and other assets of the two
entities

            ii.  Identical equitable ownership in the two entities

            iii. Use of the same offices and employees

            iv.  Use of one as a mere shell or conduit for the affairs
of the other

        2.  Agency is Sufficiently Plead

     B.  NV Fleet Alleges Facts Sufficient to Establish a Claim for Breach of
Contract ….…………………………………………………………. 8

     C.  NV Fleet Alleges Facts Sufficient to Establish a claim for Breach of
the Covenant of Good Faith and Fair Dealing ……………………… 8

     D.  NV Fleet Alleges Facts Sufficient to Establish a Claim for Breach of
Express Warranty …………………………………………………….. 9

     E.  NV Fleet Alleges Facts Sufficient to Establish a Claim for Breach of
Implied Warranty of Merchantability ………………………………... 9

     F.  NV Fleet Alleges Facts Sufficient to Establish a Claim for Breach of
Implied Warranty of Fitness for a Particular Purpose ……………….. 10

     G.  The Tort Claims Allege Conduct Independently Wrongful from
Breach of Contract and are Viable …………………………………… 10

     H.  NV Fleet Alleges Facts Sufficient to Establish a Claim for Negligent
Hiring ………………………………………………………………… 11

     I.  NV Fleet Alleges Facts Sufficient to Establish a Claim for Intentional
Interference with Contractual Relations ……………………………… 12

     J.  NV Fleet Alleges Facts Sufficient to Establish a Claim for Intentional
Interference with Prospective Economic Relations ………………….. 13

     K.  NV Fleet Alleges Facts Sufficient to Establish a Claim for Negligent
Interference with Prospective Economic Relations ………………….. 14

     L.  NV Fleet Alleges Facts Sufficient to Establish a Claim for Intentional
Misrepresentation …………………………………………………….. 14

M.   NV Fleet Alleges Facts Sufficient to Establish a Claim for Negligent
     Misrepresentation …………………………………………………..   14

N.   NV Fleet Alleges Facts Sufficient to Establish a Claim for Unfair
     Business Practices ……………………………………………….   15

O.   NV Fleet Alleges Facts Sufficient to Establish a Claim for Restraint of
     Trade …………………………………………………………….   15

P.   NV Fleet Alleges Facts Sufficient to Establish a Claim to Establish a
     Claim for Horizontal Restraint ………………………………….   16

Q.   NV Fleet Alleges Facts Sufficient to Establish a Claim for Wire Fraud   16

R.   NV Fleet Alleges Facts Sufficient to Establish a Claim for Violation
     of the Odometer Action 49 U.S.C. § 32701. ET SEQ…………………   17

S.   NV Fleet Alleges Facts Sufficient to Establish a Claim for Declaratory
     Relief …………………………………………………………….   18

IV.   CONCLUSION ………………………………………………………….   18

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

*American Surety Co. v. Heise*  136 Cal. App. 2d 689 (Cal. App. 4th Dist. Nov.
1, 1955) ……………………………………………………………………..        8

*Associated Creditors' Agency v. Davis*, 13 Cal. 3d 374, 399 (1975) …………        6

*Associated  Vendors, Inc. v. Oakland Meat Co.* 210 Cal.App.2d 825, 838- 839
(1962)…………………………………………………………………………...        4,5

*Automotriz etc. De California v. Resnick* 47 Cal.2d 792, 796 (1957) …………        4

*Barton v. Studebaker Corp. of America,* 46 Cal. App. 707, 189 P. 1025, 1920
(Cal. App. Mar. 29, 1920)………………………………………………………...        8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) ………………..        3

*Bodine v. Graco, Inc.*, 533 F.3d 1145, 1149-50 (9th Cir. 2008)………………..        17

*Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure* §
1368 (3d. ed. 2004) ……………………………………………………………        2

*Chavez v. United States of America, 683 F.3d 1102, 1108 (9th Cir. 2012)*……        2

*Chicago Title Ins. Co. v. AMZ Ins. Services, Inc.* 188 Cal.App.4th 401, 426–
427 (2010) ……………………………………………………………………..        6

*Donnelly v. San Francisco Bridge Co.* 117 Cal 417, 49 P 559, 1897 (1897)….        8

*Gerritsen v. Warner Bros. Entertainment Inc., 116 F.Supp.3d 1104, 1136
(C.D. Ca. 2015)*…………………………………………………………………..        3

*Griley v. Nat'l City Mortg.*, 2011 U.S. Dist. LEXIS 5061, 2011 WL 219574, at
*5 (E.D. Cal. Jan. 19, 2011) …………………………………………………...        7

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550
(1990)* ……………………………………………………………………………        2

*Hardt v. Chrysler Grp. LLC 2015 U.S. Dist. LEXIS 182077, 11 (2015)*………..        14

*Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014)* ……………………………        2

*Mavrix Photographs, LLC v. LiveJournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir.
2017) ……………………………………………………………………………..        5

*MedImmune, Inc. v. Genentech, Inc. 549 U.S. 118, 127 (2007)* ……………….        18

*Moses v. Harward*, 2014 U.S. Dist. LEXIS 197310, 2014 WL 12577167, at
*9 (N.D. Cal. May 27, 2014) …………………………………………………….        7

*Merit Healthcare Int'l., Inc. v. Merit Med. Sys. 721 Fed. Appx. 628, 629 (9th
Cir. 2018)* ………………………………………………………………………..        18

*Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th
Cir. 2009) ………………………………………………………………………..        3

*Owens v. Samkle Automotive Inc., 425 F.3d 1318, 1321 (11th Cir. 2005)* ……        17

*Potter v. Chevron Prods. Co. 2018 U.S.Dist.LEXIS 144698, at *14. (N.D.Cal.
Aug. 24, 2018)* …………………………………………………………………..        6

*Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)* ………        2

*Robertson v. Sea Pines Real Estate Co. 679 F.3d 278, 291-92 (4th Cir. 2012).*        3

*Smeade v. Rosen 121 Cal. App. 79, 8 P.2d 507(Cal. App Feb. 19,1932)* ………        6

*Sonora Diamond Corp.*, 83 Cal.App.4th 523, 526 (2000) ……………………… 3

*Thompson v. Clear Channel Communications, Inc. (In re Live Concert Antitrust Litig.)* 247 F.R.D. 98, 150 (2007) ……………………………………….. 2

*Warden v. PHH Mortg. Corp.*, 2010 U.S. Dist. LEXIS 98545, 2010 WL 3720128, at *5 (N.D. W.Va. Sept.16, 2010) ………………………………….. 7

*Warwick v. Rejuvi Lab., Inc.* 2018 U.S.Dist.LEXIS 126284, at *13-14. (N.D.Cal. July 27, 2018,) …………………………………………………... 6,7

*Wisdom v. First Midwest Bank* 167 F.3d 402, 405. (8th Cir. 1999) …………… 16

*Yanchor v. Kagan* 22 Cal.App.3d 544, 550 (1971) ………………………………… 6

*Zazzali v. Goldsmith (In re DBSI Inc.)* (2013) 2013 Bankr. LEXIS 1524, 11 … 2

**STATUTES**

28 U.S.C.S. § 2201                                                    18
49 U.S.C. § 32701. ET SEQ.                                           17
49 U.S.C. § 32710(a)                                                 17
Cal. Civ. Code § 2298                                                 6
Cal. Civ. Code § 2299                                                 6
Cal. Civ. Code § 2300                                                 6
Cal. Civ. Code § 2330                                                 8
Cal. Civ. Code § 2332                                                 8
Restatement (Third) of Agency § 1.01                                  6

**RULES**

Fed. R. Civ. P 12                                                 1, 2, 3

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

# I.

## INTRODUCTION

FEDEX CORPORATION ("FEDEX") and FEDERAL EXPRESS CORPORATION ("EXPRESS')(collectively "Defendants") are attempting to argue the facts of the case at the pleading stage, which is improper.  Defendants in this motion argue issues of fact that are ultimately up to the trier of fact to decide after a full trial in which Plaintiff NEVADA FLEET LLC (NV FLEET) can present evidence to support the legal theories and cause of actions alleged.  These matters should not to be decided through a FRCP[1] Rule 12 (c) motion.

Furthermore, the majority of the Defendants' arguments hinge on same faulty premise, which is that the elements of Plaintiff's claims have not sufficiently pled.  On order for this to make sense, they attempt to argue that alter ego has not been met.  They also ignore the laws of agency, which is what binds them to the conduct of their agents.   NV FLEET therefore cannot establish liability against the Defendants and in turn the FAC[2] does not contain allegations of fact against Defendants.  Not so. NV FLEET has plead clearly identifiable facts in the FAC, not only to support the finding of alter ego and the existence of agency, but to also to fully support the causes of actions alleged therein.

Defendants motion is peppered with persuasive jabs that have no purpose, which tends to reveal an overall weakness in substance.  For instance, in the very first footnote contained in Defendants' motion on page 1, they throw out speculative theories as to why NV FLEET filed the pending action against them; theories containing no actual relevance to this motion.  Again and again throughout the motion, Defendants attempt to misrepresent the facts alleged and preemptively put them on trial rather than meet the standards required for prevailing on a Motion for Judgement on the Pleading.  Defendants attempt at rebuttal through a Rule 12 (c) motion is improper and therefore this motion must be denied or alternatively grant judgment in favor of the Plaintiff.

---

[1] All reference to FRCP refer to the Federal Rules of Civil Procedure.
[2] All reference to FAC refer to the First Amended Complaint filed by NV FLEET which is found as ECF document No. 27

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

## II.

## APPLICABLE LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS

In evaluating a FRCP Rule 12 (c) motion, a court may consider the complaint, the answer, matters of public record whose authenticity is not in dispute, and exhibits attached to the complaint or answer so long as they are "integral to the complaint and authentic." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  At the outset, this court should disregard all of the arguments put forth by Defendants and deny this motion in its entirety because this case is factually in dispute, as evidenced by the Answer filed by Defendants on May 11, 2018 (ECF Document 31).

> "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Thompson v. Clear Channel Communications, Inc., (In re Live Concert Antitrust Litig.)* 247 F.R.D. 98, 150, (2007) citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (1990).

The Answer denies most of the factual allegations made in the FAC, and clearly establishes on its face that material issues of fact are in dispute.  The motion should therefore be denied in its entirety as improper.  Should this court still choose to entertain the motion, "hasty or imprudent use of this summary procedure by the court violates the policy of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." *Zazzali v. Goldsmith (In re DBSI Inc.),* 2013 Bankr. LEXIS 1524, 11, (2013) citing *Charles Alan Wright & Arthur R. Miller*, *Federal Practice & Procedure* § 1368 (3d. ed. 2004), at 22-23.

With regard to Rule 12(b) motions for failure to state a claim, a FRCP Rule 12(c) motion for judgment on the pleadings tests only the sufficiency of the complaint and does not resolve the merits of a plaintiff's claims or any factual disputes. *Massey*, 759 F.3d at 353.  The issue to be determined in a FRCP Rule 12(c) motion is whether the complaint contains sufficient factual allegations which, taken as true, state a facially plausible claim for relief. *Chavez v. United States of America*, 683 F.3d 1102, 1108 (9th Cir. 2012).

A complaint must provide a short and plain statement that provides the defendant with notice of the claim being asserted, and supply enough factual matter, taken as true, to suggest a violation. (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007).) The Supreme Court explained in *Twombly* that a complaint is "not require[d] [to include] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. At 570. In determining whether a complaint alleges a plausible claim, a court must accept as true all well-pled facts and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). At the pleadings stage, a court may not weigh the anticompetitive effects of a restraint against a claimed justification. See *Robertson v. Sea Pines Real Estate Co.* 679 F.3d 278, 291-92 (4th Cir. 2012).

In this Opposition to Defendants' Motion for Judgment on the Pleadings, NV FLEET will show that that, when this Court reviews the complaint, the exhibits attached to the complaint and matters of public record that are not is dispute, applying the standard required for a Rule 12 (c) Motion, the FAC has been sufficiently pled as to all causes of action.

**III.**

**ARGUMENT**

**A.      ALTER EGO AND AGENCY ARE SUFFICIENTLY PLEAD**

**1. ALTER EGO IS SUFFICIENTLY PLEAD**

It is true that under California law, there are two separate requirements necessary to justify imposing alter ego liability: "[f]irst, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Gerritsen v. Warner Bros. Entertainment Inc*., 116 F.Supp.3d 1104, 1136 (C.D. Ca. 2015) (quoting *Sonora Diamond Corp.*, 83 Cal.App.4th 523, 526 (2000)). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specific facts supporting both of the necessary elements." *Gerritsen*, 116 F.Supp.3d at 1136.

In the FAC NV FLEET alleges specific articulable facts that support the finding unity of

interest or ownership and that treating the as separate entities would cause an inequitable result. All facts supporting the allegation that EXPRESS is the alter ego of FEDEX.

### a. Unity of interest or ownership

The unity of interest and ownership between the corporation and its equitable owner must be such that the separate personalities of the corporation and the shareholder do not in reality exist. *Automotriz etc. De California v. Resnick,* 47 Cal.2d 792, 796. (1957).  Among the factors to be considered in applying the doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of another, identical equitable ownership in the two entities, use of the same offices and employees, and the use of one as a mere shell or conduit for the affairs of the other. *Associated  Vendors, Inc. v. Oakland Meat Co.,* 210 Cal.App.2d 825, 838- 839 (1962).

### i. Commingling of funds and other assets of the two entities.

NV FLEET plead that FEDEX consolidated financial data for reporting purposes. Not only to they use EXPRESS finances and assets for their benefit, but they also manipulate EXPRESS investments for their own benefit. (FAC ¶¶ 26 & 28 and Exhibit A to FAC)  Commingling of fund and other assets of the two entities has been clearly plead.

### ii. Identical equitable ownership in the two entities.

EXPRESS is a subsidiary of FEDEX and owns equitable shares.  (Exhibit A to FAC)

### iii. Use of the same offices and employees.

Exhibits A,  C to the FAC and ¶¶ 20, 22 describe clear allegation that the same employees are being used to manage FEDEX and EXPRESS.  The "manage collaboratively" mantra that FEDEX employs in it control over EXPRESS included throughout Exhibit A to the FAC clearly demonstrated that intermingling of employees. This includes FEDEX Executive Leadership that make up the the Executive Committee.

The Executive Committee, comprised of corporate officers of FEDEX actively managing and controlling operations, sales, strategic planning, among other thing not only for FEDEX but also for EXPRESS.  The definition of employee for FICA (Federal

Insurance Contributions Act), FUTA (Federal Unemployment Tax Act) and federal income tax withholding under the Internal Revenue Code include corporate officers. When corporate officers perform a service for the corporation and receive or are entitled to payments, those payments are considered wages and therefore they are employees. It is clear from the language of the SEC report (Exhibit A to FAC) and through the Executive Members description of their duties (Exhibit C to FAC) that the FEDEX five-person Executive Committee actively perform services on behalf of EXPRESS. NV FLEET has properly plead FEDEX and EXPRESS use of the same employees.

iv. <u>Use of one as a mere shell or conduit for the affairs of the other.</u>

FEDEX, through its own statements, admits that is had managerial and strategic control over EXPRESS and therefore conducts the affairs of EXPRESS. (FAC ¶¶ 19, 20, 21, 22, 23 & 25 and Exhibits A & C to FAC) EXPRESS is being used to conduct the affairs on FEDEX.

NV FLEET has sufficiently plead Unity of Interest or Ownership by pleading the factors required under *Associated Vendors, Inc. v. Oakland Meat Co. (ibid.)*

<u>b. Treating the acts allege in the first amended complaint as those of express alone will create an inequitable result.</u>

NV FLEET alleged that FEDEX and EXPRESS operate as a single enterprise. (FAC ¶¶ 20, 21, 23, 25, & 28 and Exhibit A to the FAC)  Therefore any action taken against one and not the other, when they act as a single enterprise, would created an inequitable result.

NV FLEET has sufficiently plead that inequity will result if the allegations contained in the FAC are against EXPRESS alone.

The factors to establish alter ego have been sufficiently plead.

**2. AGENCY IS SUFFICIENTLY PLEAD**

Agency is defined as:

"the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Mavrix Photographs, LLC v. LiveJournal, Inc.*,

873 F.3d 1045, 1054 (9th Cir. 2017) (as amended) (quoting
Restatement (Third) of Agency § 1.01 (Am. Law Inst. 2006)).
Agency is either "actual" or "ostensible." Cal. Civ. Code § 2298.
"An agency is ostensible when the principal intentionally, or by
want of care, causes a third person to believe another to be his
agent who is not really employed by him." Id. [*14]  § 2300. In
contrast, "[a]n agency is actual when the agent is really employed
by the principal." Id. § 2299. (*Warwick v. Rejuvi Lab., Inc.* 2018
U.S.Dist.LEXIS 126284, at *13-14. (N.D.Cal. July 27, 2018,))

The principal is bound not only by acts which he has actually authorized his agent to

perform, but also by those which he has allowed third persons to believe him authorized to do.

*Smeade v. Rosen*, 121 Cal. App. 79, 8 P.2d 507(Cal. App. Feb. 19, 1932).

" '[O]stensible authority arises as a result of conduct of
the principal which causes the third party reasonably to believe
that the agent possesses the authority to act on the principal's
behalf.' 'Ostensible authority may be established by proof that the
principal approved prior similar acts of the agent.' ' "[W]here the
principal knows that the agent holds himself out as clothed with
certain authority, and remains silent, such conduct on the part of
the principal may give rise to liability . . . ." . . .' " (*Chicago Title
Ins. Co. v. AMZ Ins. Services, Inc.* 188 Cal.App.4th 401, 426–427
(2010),original italics, internal citations omitted.)• "Whether
ostensible agency exist[s] is a question of fact and may be implied
from [the] circumstances." (*Yanchor v. Kagan* 22 Cal.App.3d 544,
550 (1971).)

"An agency is ostensible when the principal intentionally• or by want of ordinary care,

causes a third person to believe another to be his agent who is not really employed by him."

*Associated Creditors' Agency v. Davis*, 13 Cal. 3d 374, 399 (1975).

There are three requirements necessary before recovery may be had against a principal

for the act of an ostensible agent.

"The person dealing with the agent must do so with belief in the
agent's authority and this belief must be a reasonable one; such belief
must be generated by some act or neglect of the principal sought to be
charged; and the third person in relying on the agent's apparent
authority must not be guilty of negligence." *Associated Creditors'
Agency*, 13 Cal. 3d at 399." (*Potter v. Chevron Prods. Co.* 2018
U.S.Dist.LEXIS 144698, at *14. (N.D.Cal. Aug. 24, 2018))

The requirements necessary for recovery against a principal for the act or acts of an

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1  ostensible agent have been plead in the FAC as discussed herein.

2                   a.  <u>The person dealing with the agent must do so with belief in the agent's</u>

3  <u>authority and this belief must be a reasonable one.</u>

4          Vehicles titles included as Exhibits to the FAC show the owner of the vehicles as Federal

5  Express Corp (Exhibit M and Page 7 of Exhibit G).  These titles, coupled with the appearance of

6  the vehicles, as alleged in the FAC gave NV FLEET a reasonable belief that the auctions were

7  selling the vehicles involved on behalf of the principal, the Defendants. (FAC ¶¶ 32 & 33)

8                   b.  <u>Such belief must be generated by some act or neglect of the principal sought to</u>

9  <u>be charged.</u>

10       The FAC alleges that this belief was generated by the Defendants' "standards, customs,

11  policies, and/or practices, ratified, acquiesced, directed, controlled, permitted, and/or allowed"

12  Defendants agents to act in the manner alleged.  (FAC ¶¶ 36 &37)

13                   c. <u>The third person in relying on the agent's apparent authority must not be guilty</u>

14  <u>of negligence</u>

15          The pleadings clearly state actions taken by NV FLEET in dealing with the Defendants'

16  agents and the actions taken by NV FLEET.   (FAC ¶¶ 39, 40, 44, 45, 48, 50, 52, 58, 60, 62, 63,

17  67, & 69) None of the action taken by NV FLEET were negligent barring apparent authority.

18        Further, whether Defendants did in fact have some degree of control over the auctions

19  conduct and activities is a question to be answered in discovery. *Griley v. Nat'l City Mortg.*, 2011

20  U.S. Dist. LEXIS 5061, 2011 WL 219574, at *5 (E.D. Cal. Jan. 19, 2011) (citing *Warden v. PHH*

21  *Mortg. Corp.,* 2010 U.S. Dist. LEXIS 98545, 2010 WL 3720128, at *5 (N.D. W.Va. Sept.16,

22  2010). Such a determination is not appropriate at this stage in the case. *Moses v. Harward*, 2014

23  U.S. Dist. LEXIS 197310, 2014 WL 12577167, at *9 (N.D. Cal. May 27, 2014) ("Usually,

24  ostensible authority is for the trier of fact to resolve and should not be decided on summary

25  judgment.") (citing *Am. Cas. Co. v. Krieger*, 181 F.3d 1113, 1122 (9th Cir. 1999)). (*Warwick v.*

26  *Rejuvi Lab., Inc.* 2018 U.S.Dist.LEXIS 126284, at *15. (N.D.Cal. July 27, 2018))

27        Based on the above analysis the three requirements necessary for recovery against a

28  principal for the act or acts of an ostensible agent have been properly plead in the FAC.   Under

the laws of agency, principals are vicariously liable for the conduct of their agents, and the

knowledge of agents are imputed to their principals.  Cal. Civ. Code §§ 2330, 2332 see also

*American Surety Co. v. Heise*  136 Cal. App. 2d 689 (Cal. App. 4th Dist. Nov. 1, 1955). Agents

can also fully bind their principals to contracts, which is what happened in this case. *Donnelly v.*

*San Francisco Bridge Co.* 117 Cal 417, 49 P 559, 1897 (1897) see also *Barton v. Studebaker*

*Corp. of America,* 46 Cal. App. 707, 189 P. 1025, 1920 (Cal. App. Mar. 29, 1920).  Agency has

been properly plead in the FAC and is plead to bind Defendants to the conduct therein.

**B.     NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR BREACH OF CONTRACT**

The allegations in the FAC describe contracts for the purchase of Defendants' used

vehicles, including specific contracts for specific vehicles.  NV FLEET contracted with

Defendants through their agents to purchase these vehicles.  The allegations sufficiently plead

these as facts and not as conclusions.  Plaintiff states specifically at Paragraph 75 of the FAC that

it was unable to resell vehicles and incurred repair costs.  This is not the same as a conclusory

statement that "Plaintiff was harmed."  This is one of many of Defendants' attempts to mislead

the court with their motion.

This Court should find, particularly with the existence of an agency relationship and the

allegations that Defendants' agents were authorized to act on their behalf, that NV FLEET has

sufficiently pled facts to establish a claim for breach of contract.  NV FLEET has also

incorporated exhibits into its FAC that support the existence of a direct contractual relationship

between it and Defendants.  The motion must be denied as to this cause of action or alternatively

grant judgment in favor of the Plaintiff.

**C.     NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

NV FLEET's claim for breach of the covenant of good faith and fair dealing is

sufficiently pled for the same reasons that the breach of contract claim is sufficiently pled.  A

contract existed between Plaintiff and Defendants for the sale of Defendants' used vehicles.   It

should be noted that the purported lack of privity of contract was the only lack of sufficiency

1   raised by Defendants to this claim.  If this Court finds that the FAC allegations are sufficient to

2   show that NV FLEET and Defendants were in privity of contract, then the motion must be denied

3   as to this cause of action or alternatively grant judgment in favor of the Plaintiff.

4       **D.    NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM**

5   **FOR BREACH OF EXPRESS WARRANTY**

6           Again, the only way that Defendants argument makes sense is if this Court ignores the

7   existence of the agency relationship and the laws of agency that bind Defendants to their agents'

8   actions.  Plaintiff sufficiently alleges agency in the FAC.  First, this Court also need only look to

9   the following allegations and exhibits in the FAC to find the affirmations and vehicle descriptions

10  that form the basis of this cause of action: 39, 40, 42, 46, 49, 53, & 56.   Second, the following

11  allegations state that the descriptions formed the basis of the bargain: ¶¶ 39-44, 49, 53, & 56.

12  Third, Paragraph 82 of the FAC expressly alleges, "Defendants breached the express warranty

13  by…", so the assertion that "NV Fleet does not allege that FedEx or FedEx Express breached any

14  express warranty," is false. (Motion, at 9:20-21.)   The final claim that Plaintiff somehow failed to

15  give any pre-suit notice of the alleged breach as being a fatal to this cause of action is perhaps the

16  most glaring of Defendants' attempts to mislead, especially since nowhere is this requirement of a

17  pre-suit notice listed in Defendants' own recitation of what is required to be alleged for this cause

18  of action. (Motion, at 9:2-12.).  This Court must therefore find that the cause of action for breach

19  of express warranty has been sufficiently pled.  The motion must be denied as to this cause of

20  action or alternatively grant judgment in favor of the Plaintiff.

21      **E.    NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM**

22  **FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

23          Here, Defendants interestingly argue, in yet another attempt to mislead, that they are

24  being left to guess which of the alternate claims for breach of implied warranty of merchantability

25  is being pursued.  However, they reveal through their motion that only one claim can actually be

26  pursued by NV FLEET and they really are not left to guess after all.   Again, Defendants ignore

27  the existence of the agency relationship which puts them, their agents, and Plaintiff all in privity,

28  and all adjoining links of a chain.   It should be noted here that this purported lack of privity is the

only basis under which Defendants claim this cause of action is insufficient.  If this Court finds, as it should, that contractual privity has been sufficiently alleged in the FAC, then this Court must deny the motion as to this cause of action or alternatively grant judgment in favor of the Plaintiff.

**F.    NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

Again, in Defendants' attempts to mislead, they completely ignore the allegations found, in Paragraphs 41 through 45.  These paragraphs are incorporated into this cause of action by reference via Paragraph 88.  Paragraphs 41 through 45 provide sufficient facts to support this cause of action.  NV FLEET alleges that, at the time it was purchasing the vans, it was specifically looking for those with air conditioning to use in Las Vegas, where temperatures reach over 100 degrees.  (FAC ¶¶41, 44.)  Second, NV FLEET alleges communications with Defendants' agent where the need for air conditioning was discussed, and that it was the sole reason for the purchase. (FAC ¶ 44.)  Third, the FAC alleges that NV FLEET relied on the condition reports and purchased the vans after negotiations with Defendants' agent.  (FAC ¶ 42.)  It also alleges that the vans were in California and Plaintiff is in Nevada. (FAC ¶¶ 1, 41.)  Plaintiff would necessarily have had to rely on the skill and judgment of Defendants' agent, particularly with regard to making representations in the condition reports that NV FLEET relied on.  Defendants' agent, on the other hand, had reason to know that prospective buyers such as NV FLEET, who could not personally inspect any vehicles offered for sale, would be relying on their skills and judgment in accurately representing the vehicles on condition reports and during negotiations.

The allegations which make up this cause of action are sufficiently stated.  This Court should therefore deny this motion as to this cause of action or alternatively grant judgment in favor of the Plaintiff.

**G.    THE TORT CLAIMS ALLEGE CONDUCT INDEPENDENTLY WRONGFUL FROM BREACH OF CONTRACT AND ARE VIABLE**

Defendants attack the causes of actions for negligent hiring (sixth cause of action),

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

intentional interference with contractual relations (seventh cause of action), intentional interference with prospective economic relations (eighth cause of action), negligent interference with contractual relations (ninth cause of action), negligent interference with prospective economic relations (tenth cause of action), intentional misrepresentation (eleventh cause of action), and negligent misrepresentation (twelfth cause of action) under the same theory that they are purportedly based on Nevada Fleet's  breach of contract claim.  The Defendants seem to be taking the untenable position that once a contract in entered into between the parties that contract outlines the only right and duties that exist between them.  In essence, all other rights, such as those not to be treated in bad faith, defrauded, or be harmed by the acts of another, and the corresponding duties to those rights, somehow disappear.  Not so.

The Defendants' own motion uses non-definite terms such as generally in describing the application of the doctrine. (Defendants' Motion Page 12 line 6 & 15) Therein implying that this doctrine is not absolutely implied. The causes of action for negligent hiring, intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with contractual relations, negligent interference with prospective economic relations, intentional misrepresentation, and negligent misrepresentation do not arise from the contract in this matter.  They are separate and independent wrongs that occurred during the course of dealings with the Defendant's agents as alleged in the FAC.  These actions occur before the basis of the breach of contract is even formed and after the contract has been executed. They are not arising from the contract.

NV FLEET is not barred from alleging tort claims because they have also alleged breach of contract.  This is not a proper basis for granting the instant motion.

**H.     NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR NEGLIGENT HIRING**

At the outset, Defendants' expressly state a factual dispute regarding whether they hired their agents.  This alone should cause a denial of the instant motion as improper because there are factual disputes to be resolved.  Besides this, once again, Defendants try to mislead this Court particularly when they acknowledge that Plaintiff's claim, while labeled "Negligent Hiring",

encompasses the liability "where the employer was negligent in *hiring, training, supervising, or retaining* of that employee." (Motion, at 13:12-13.)  It should be noted that Defendants are focusing solely on the failure to sufficiently allege negligence in the hiring of their agents.   To the extent that this Court find sufficient facts alleged to support negligence in the training, supervising, or retaining of their agents, it must deny the motion as to this cause of action or alternatively grant judgment in favor of the Plaintiff.  Factual allegations regarding negligent hiring can be easily found in the following paragraphs of the FAC: 36, 37, 39, 40, 44, 47, 50, 59, & 95-98.

## I.   NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

It is untrue that NV FLEET relies only on conclusory statements to form the basis of the first count of its cause of action for intentional interference with contractual relations.  Again, this Court can turn to Paragraphs 41 through 45 of the FAC to find additional basis for the allegations made at Paragraphs 99 through 104.  While only one example may have been provided in the FAC, one is sufficient to establish this cause of action with regard to contractual interference between NV FLEET and its clients.  Plaintiff has many other examples that it is prepared to present during discovery and as this case proceeds.   This motion must therefore be denied as to the first count of this cause of action.

As to the second count for interference with Plaintiff's contract with Defendants' agents which allows Plaintiff to participate on the agents' auction platforms and purchase any vehicle, including Defendants' vehicles, Defendants are attempting to conflate two different kinds of contracts.  The first type of contract is the one for the sale of Defendants' used vehicles.  The second type of contract is the one that allows NV FLEET participation on the auction platforms owned by Defendants' agents.  The first type of contract is the one where Defendants' agents are acting on behalf of Defendants in the sale of Defendants' vehicles.  The second type of contract is where Defendants' agents are acting on their own behalf with regard to auction platforms that they own.

Plaintiff has alleged a direct contract between it and Defendants' agents, to participate on

their auction platforms. (FAC ¶ 106.)  This is the contract that was interfered with by the conduct of Defendants' agents.   The allegations are not nonsensical, especially since the contracts alleged to have been breached are the ones Plaintiff made directly with the entities in FAC Paragraph 31 at a time when they were not acting as agents of Defendants.  This is yet another attempt by Defendants to mislead and confuse the Court.  The allegations are sufficiently pled and the motion must be denied as to the second count of this cause of action or alternatively grant judgment in favor of the Plaintiff.

**J.     NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

Much like with the other causes of action, this Court need only refer to various paragraphs in the FAC to find that NV FLEET has sufficiently pled the first count of this cause of action:  Paragraphs 39 through 41 and 117, at a minimum, allege that NV FLEET had an economic relationship with identifiable third-parties in the business of buying used vehicles that contained a reasonably probable economic future benefit or advantage.   Paragraphs 44, 118, 124 allege the knowledge by Defendants' agents of these relationships.  By law of agency, this knowledge is imputed to Defendants.  The intentional acts, actual disruption of the relationship, and resulting damages can also be seen throughout the FAC.  (FAC ¶¶ 9, 44, 58, 63, 64, 65, 66, 68, 69, 119, 120, 125, & 126.)   Plaintiff's allegations of fraud against Defendants would count as conduct wrongful measure other than the fact of interference.   Plaintiff has sufficiently pled this claim and the motion must be denied as to the first count of this cause of action.

Defendants raise the same arguments in support of their position that Plaintiff cannot claim its second count of interference with prospective economic advantage because Defendants' agents cannot be held liable for interfering with Defendants' prospective economic advantage with Plaintiff.  Again, the economic advantage that is alleged to have been interfered with by this cause of action is not one that arose out of an agency relationship, but out of a direct relationship that Plaintiff had with Defendants' agents when they were acting for themselves.   This Court can also look to the following paragraphs to see that Plaintiff has sufficiently alleged facts to

constitute the second count of its cause of action.  The motion must therefore be denied as to the second count of this cause of action or alternatively grant judgment in favor of the Plaintiff.

**K.     NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

The factual allegations that Defendants claim are lacking to support this cause of action can be found in the following paragraphs of the FAC: 39, 40, 44, 46, 49, 50, 138-140, 142-144. There are sufficient allegations to state this cause of action and this Court must therefore deny the motion or alternatively grant judgment in favor of the Plaintiff.

**L.     NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR INTENTIONAL MISREPRESENTATION**

While it is true that there is a heightened pleading requirement for fraud under Rule 9(b), these requirements can be relaxed if the matters are peculiarly within opposing party's knowledge and "the plaintiffs cannot be expected to have personal knowledge of the facts prior to discovery."  *Hardt v. Chrysler Grp. LLC* (2015) 2015 U.S. Dist. LEXIS 182077, 11, citing *In re Gupta Corp. Sec. Litig.,* (N.D. Cal. 1994) 900 F. Supp 1217, 1228.  Defendants can be held vicariously liable for the fraudulent actions of their agents, and Defendants are alleged in the FAC to have authorized, directed, and otherwise instructed its agents to defraud NV FLEET and others. NV FLEET has not only made factual allegations, but has included exhibits to show the falsity of the representations made by and on behalf of Defendants.   The factual allegations in support of this cause of action can be found in these paragraphs of the FAC:  9, 43, 44, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 61, 68, 125, & 146-150.  Plaintiff has sufficiently pled this cause of action and the instant motion should therefore be denied or alternatively grant judgment in favor of the Plaintiff.

**M.     NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR NEGLIGENT MISREPRESENTATION**

For the same reasons that Plaintiff's intentional misrepresentation claim is sufficiently pled, its negligent misrepresentation claim is also sufficiently pled.   The allegations that Defendants claim are missing in the FAC to make up this cause of action can be found here: 39,

43, 44, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 61, 68, 125, & 153-155. This Court should therefore deny the instant motion as to this cause of action because it is sufficiently pled or alternatively grant judgment in favor of the Plaintiff.

### N.   NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR UNFAIR BUSINESS PRACTICES

Defendants argument here is that, because NV FLEET cannot sufficiently state any viable claim against them, NV FLEET cannot also sufficiently claim unfair business practices. Since this Court is anticipated to find that the other causes of action in the FAC are sufficiently pled, it must also find that NV FLEET's claim for unfair business practices is viable and sufficiently pled.  The motion must therefore be denied as to this cause of action or alternatively grant judgment in favor of the Plaintiff.

### O.   NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR RESTRAINT OF TRADE

In alleging a claim for unreasonable restraint of trade, Plaintiff is not required to show concerted action between itself and a horizontal competitor.  This is another attempt to mislead. As stated by Defendants themselves, Section 1 of the Sherman Act prohibits any contract, combination, or conspiracy in restraint of trade.  NV FLEET sufficiently alleged a combination and conspiracy between Defendants and their agents to restrain trade.   The FAC also contains myriad allegations regarding who did what to whom, where, and when, in support of restraint of trade.  (See FAC ¶¶ 58, 63, 64, 65, 66, 68, 69, 119, 120, 125, 126.)   The relevant products at issue here are Defendants' used vehicles, which are geographically sold all over the United States.  Allegations of these facts are contained in the pleadings.  (See FAC ¶¶ 39, 43, 44, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 68, 119, 120, 125, 126, & 146-150.)   NV FLEET also sufficiently alleged injury to competition, not just injury to itself. (FAC ¶ 163.)   The instant motion should therefore be denied as to this cause of action or alternatively grant judgment in favor of the Plaintiff.

**P.      NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR HORIZONTAL RESTRAINT**

Here, Defendants are improperly interjecting their own misinterpretation of the allegations in the FAC to come to their conclusion.  As already argued above, the FAC sufficiently pleads facts to show a contract, combination, or conspiracy in restraint of trade.  The allegations must be taken as true on their face, and do not reflect separate businesses exercising independent judgment especially when Paragraph 166 expressly states that Defendants' agents all agreed among each other not to deal with NV Fleet.   NV FLEET has already also shown above that it has sufficiently pled the relevant product and geographic markets claimed to be missing from the FAC.  Again, this Court should not fall prey to Defendants' attempts to mislead.  The allegations in the FAC are sufficiently stated and the motion must be denied as to this cause of action or alternatively grant judgment in favor of the Plaintiff.

**Q.      NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR WIRE FRAUD**

When pled as Racketeer Influenced and Corrupt Organizations Act (RICO) predicate acts, mail and wire fraud require a showing of: 1) a plan or scheme to defraud, 2) intent to defraud, 3) reasonable foreseeability that the mail or wires will be used, and 4) actual use of the mail or wires to further the scheme. (*Wisdom v. First Midwest Bank* 167 F.3d 402, 405. (8th Cir. 1999))

The court must consider four factors in determining whether a private right of action exists: 1) whether the plaintiff is a member of the class for whose benefit the statute was enacted; 2) whether Congress intended, explicitly or implicitly, to create such a remedy; 3) whether a private remedy is consistent with the underlying legislative scheme; and 4) whether a private right based on a federal statute would interfere with an area relegated to state law. (*ibid.*)

All the elements required to sufficiently plead a cause of action for wire fraud have been plead in NV FLEET's complaint.  (FAC ¶¶ 170-175) The factors required to determine whether a private right of action exists are also present in the action in support of the finding that a private right exists.  1) The statute was enacted to protected from a scheme to defraud via mail or wires;

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

2) enforcement through an individual remedy would enhance Congresses intent to protect individuals who are members of the class that benefit from the statute; 3) a private remedy is consistent with the underlying legislative scheme because it only further enhances the enforcement thereof; and 4) a private right in this matter would not interfere with an area relegated to state law.

The elements required for a private action for wire fraud are present and sufficiently plead. The motion must be denied as to this cause of action or alternatively grant judgment in favor of the Plaintiff.

**R.      NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR VIOLATION OF THE ODOMETER ACT (49 U.S.C. § 32701. ET SEQ.)**

The Act provides several different methods of enforcement, see *Bodine v. Graco, Inc.*, 533 F.3d 1145, 1149-50 (9th Cir. 2008), including a private cause of action "to recover money damages from those that violate its provisions with the intent to defraud," *Owens v. Samkle Automotive Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005). Specifically, this provision states that "[a] person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater." 49 U.S.C. § 32710(a).

The Defendants argue that the cause of action was not sufficiently plead because NV FLEET did not allege that specific facts that show they tampered with or misrepresented the mileage on any vehicle.  NV FLEET specifically alleges that with the Defendants' knowledge of the replaced odometers and they sold them without disclosing that the odometers were replaced. (FAC ¶¶ 53-59 & 176-181 Exhibits J, K, L,& M to FAC) Exhibit M to the FAC, described in paragraph 56 of the FAC, is a blaring example of the odometer fraud perpetrated by the Defendants alleged in the complaint.  The title listed Defendants as the owners of the vehicle and is signed off by the Defendants' agent as actual odometer miles when in fact the vehicle had a replace odometer. This is an actual example of how Defendants tampered with and misrepresented the mileage of their vehicles being sold by their agents with intent to defraud.

The cause of action for Violation of the Odometer Act was sufficiently plead. The motion

must be denied as to this cause of action or alternatively grant judgment in favor of the Plaintiff.

**S.     NV FLEET ALLEGES FACTS SUFFICIENT TO ESTABLISH A CLAIM FOR DECLARATORY RELIEF**

In another attempt to mislead, Defendants purport that Plaintiff is seeking an injunction with its request for declaratory relief.  Not so.  NV FLEET is seeking what it is entitled to under 28 U.S.C.S. § 2201, which states that, "any court of the United States, upon the filling of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  All that NV FLEET is required to allege are facts that "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests" *Merit Healthcare Int'l., Inc. v. Merit Med. Sys*. (9th Cir. 2018) 721 Fed. Appx. 628, 629, citing *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).   NV FLEET has sufficiently pled these facts and the motion must therefore be denied as to this cause of action.

**IV.**

**CONCLUSION**

For all the foregoing reasons, Plaintiff NV FLEET respectfully request that this court deny FEDEX and EXPRESS' Motion for Judgement on the Pleading with respect to NV FLEET's FAC.

Respectfully submitted,

Dated:   September 6, 2018              GALLAGHER JONES LLP


/s/ Tanya Harris
Kathleen Gallagher
Tanya Harris
Attorneys for Plaintiff
Nevada Fleet LLC

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

1

2

**CERTIFICATE OF SERVICE**

3

    I hereby certify that on September 6, 2018, I electronically filed the foregoing with the

4

Clerk of the Court using the CM/ECF System, which will be forwarded to the following

5

recipients:

6

7

Joshua A. Hillis, Esq.
3620 Hacks Cross Rd., Bldg. B, 3rd FL

8

Memphis, TN 38125
joshua.hillis@fedex.com

9

10

                                                                    /s/ Tanya Harris
                                                                    Tanya Harris

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS