UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FLEET LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>FEDEX CORPORATION, et al.,<br><br>   Defendants. | No. 2:17-cv-01732-DAD-CSK<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF AND DENYING AS MOOT *EX PARTE* APPLICATION TO WITHDRAW AS COUNSEL<br><br>(Doc. Nos. 175, 180) |

This matter is before the court on the motion to withdraw as plaintiff Nevada Fleet LLC's counsel of record filed by attorney Brandon Claus Fernald on May 14, 2024.[1] (Doc. No. 175.) For the reasons explained below, the court will grant the motion to withdraw as counsel and set a deadline for plaintiff to retain new counsel in order to proceed with this action or file a notice of dismissal of this action.

**BACKGROUND**

Plaintiff filed the complaint initiating this action on August 18, 2017. (Doc. No. 1.) On May 4, 2020, attorney Tanya Kim Harris was terminated as counsel of record for plaintiff and

---

[1] Attorney Fernald subsequently filed an *ex parte* application similarly requesting that he be terminated as plaintiff's counsel. (*See* Doc. No. 180.) Because the court will grant attorney Fernald's pending motion, the court will deny the *ex parte* application as moot.

1

replaced by attorney Mary Kathleen Gallagher.  (Doc. No. 60.)  On August 13, 2020, the previously assigned district judge issued an order substituting attorney Fernald as counsel of record for plaintiff in place of attorney Gallagher.  (Doc. No. 69.)

Plaintiff filed the operative third amended complaint ("TAC") on April 22, 2022.  (Doc. No. 126.)  This case was reassigned to the undersigned on August 25, 2022.  (Doc. No. 153.)  On January 18, 2024, the court issued an order granting in part and denying in part defendants' motions to dismiss plaintiff's TAC.  (Doc. No. 162.)  On February 9, 2024, the court issued a scheduling order directing that, among other deadlines, fact discovery in this case be conducted so as to be completed by July 19, 2024 and expert disclosures be completed by August 16, 2024.  (Doc. No. 167.)

In his declaration filed in support of the pending motion to withdraw, attorney Fernald states that in or about early April 2024, he was instructed by plaintiff to stop all work on this matter and was informed that plaintiff would be substituting new counsel into this case "within a few weeks."  (Doc. No. 175 at 8.)  On May 10, 2024, plaintiff's principal, Tom Layton, emailed defendants' counsel that plaintiff had terminated attorney Fernald and that plaintiff would have new counsel substituting into the case shortly.  (*Id.*; *see also id.* at 10–11.)  Defendants' counsel forwarded this email to attorney Fernald, who had not been made aware of his termination.  (*Id.* at 8; *see also id.* at 10–11 ("Brandon and Adam – We just received this from Tom.  I am not sure what is going on, but wanted to make sure you saw this since it came from him directly.")).  Plaintiff Nevada Fleet LLC has, however, not proposed any substitution of attorney in place of its attorney of record, attorney Fernald.

On May 14, 2024, attorney Fernald filed the pending motion to withdraw as counsel of record for plaintiff.  (Doc. No. 175.)  Defendants filed a response on May 28, 2024, requesting that if the court grants the motion, that the grant be conditioned on new counsel appearing on behalf of plaintiff within 10 days from the court's order.  (Doc. No. 178 at 3.)  Defendants also request that, in light of rapidly approaching discovery deadlines, the court direct the parties to submit a stipulation proposing an amended scheduling order within 10 days of new counsel's entry of appearance on behalf of plaintiff.  (*Id.* at 4.)  On June 28, 2024, attorney Fernald filed an

2

*ex parte* application requesting an *in camera* hearing to address his motion to withdraw.  (Doc. No. 180.)

**LEGAL STANDARD**

An attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct").  In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d).  Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if "the client discharges the lawyer."  Cal. R. Prof. Conduct 1.16(a)(4) (emphasis added).[2] However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel."  Cal. R. Prof. Conduct 1.16(d).

Local Rule 183 further provides that "[a] corporation or other entity may appear only by an attorney."  L.R. 183(a).  "While individuals may appear *in propria persona*, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any

---

[2] In contrast, withdrawal is not mandatory if it is based on the grounds listed in Rule 1.16(b) of the California Rules of Professional Conduct, in which case the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court.  "In ruling on a motion to withdraw as counsel, courts consider:  (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").  Because the court determines that attorney Fernald's withdrawal in this case is mandatory, the court need not address these factors in this order.

pleadings, make or oppose any motions, or present any evidence to contest liability." *Caveman Foods, LLC v. Ann Payne's Caveman Foods, LLC*, No. 2:12-cv-01112-WBS-CKD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)).

**ANALYSIS**

Here, attorney Fernald moves to withdraw as counsel of record on behalf of plaintiff because plaintiff's principal has discharged him as its lawyer. (Doc. No. 175; *see also* Doc. No. 180.) In particular, plaintiff, through its principal Mr. Layton, emailed defendant's counsel directly and informed opposing counsel that it had terminated attorney Fernald. (Doc. No. 175 at 8, 10–11.) Defendant's counsel then forwarded that email to attorney Fernald. (*Id.* at 10–11.) In light of plaintiff's decision to discharge attorney Fernald as its counsel in this action, attorney Fernald's withdrawal is mandatory under Rule of Professional Conduct 1.16(a)(4). Thus, the pending motion to withdraw as counsel for plaintiff will be granted. Additionally, within fourteen (14) days of the date of this order, plaintiff shall file either a notice of appearance by its new counsel in this action or a notice of the voluntary dismissal of this action.[3]

The court also hereby modifies the scheduling order as follows: Fact discovery shall be completed by August 30, 2024; expert disclosures shall be completed by September 27, 2024; rebuttal expert disclosures shall be completed by October 25, 2024; and all motions other than motions for continuances, temporary restraining orders, or other emergency applications shall be filed by no later than January 10, 2025. The court hereby sets a final pretrial conference for June 10, 2025 at 1:30 PM before the undersigned by Zoom, and a jury trial set for August 11, 2025 at 9:00 AM in Courtroom 4. Moreover, within ten (10) days of the entry of appearance of plaintiff's new counsel, the parties shall either file a stipulation proposing an amendment of this modified scheduling order or a notice that no further amendment is necessary.

---

[3] The court notes defendants' reasonable request that plaintiff be given 10 days to file either a notice of appearance by its new counsel or a voluntary dismissal of this action in light of the length of time plaintiff has already purportedly spent in finding new counsel and the age of this case. Out of an abundance of caution, the court instead elects to provide plaintiff fourteen days in this regard.

**CONCLUSION**

For the reasons set forth above:

1. The motion to withdraw as counsel for plaintiff Nevada Fleet LLC filed by attorney Brandon Claus Fernald (Doc. No. 175) is granted;

2. The *ex parte* application filed by attorney Fernald (Doc. No. 180) is denied as moot;

3. The Clerk of the Court is directed to terminate attorney Brandon Claus Fernald as the counsel of record in this action on behalf of plaintiff Nevada Fleet LLC;

4. Attorney Fernald shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees;

5. Within fourteen (14) days of the date of this order, plaintiff shall file either a notice of appearance of its new counsel of record if it wishes to continue prosecuting this action, or a notice of voluntary dismissal;

6. Plaintiff is warned that its failure to timely file a notice of appearance of counsel will result in the dismissal of this action;

7. If plaintiff retains new counsel by the deadline set herein, then within ten (10) days of the filing of new counsel's notice of appearance, the parties shall either file a stipulation proposing further amendment of the schedule established by this order or a notice that no further amendment of the schedule is necessary;

8. The Clerk of the Court is directed to serve this order on plaintiff Nevada Fleet LLC by mail to the following address:

> Nevada Fleet, LLC
> c/o Tom Layton
> 29 Myrtle Beach Drive
> Henderson, Nevada 89074

IT IS SO ORDERED.

Dated:  **July 8, 2024**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE