UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FLEET, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL EXPRESS CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 2:17-cv-01732-DAD-CSK<br><br>ORDER RE: DISCOVERY DISPUTE<br><br>(ECF No. 201) |

On April 28, 2025, the Court held an informal discovery conference regarding Defendants Federal Express Corporation and Automotive Rentals, Inc.'s (1) inability to conduct the remote deposition of Mr. Carlos Gurrola, a proposed expert witness retained by Plaintiff Nevada Fleet, LLC; and (2) Plaintiff's confidentiality designations of documents. (ECF No. 201.) Counsel Nathan M. Buchter and Jack Praetzellis appeared for Defendants, and counsel Rene Tovar appeared for Plaintiff as the current counsel of record. Mr. Tovar indicated he did not have authorization to act on behalf of Plaintiff and that his firm, Tovar & Cohen LLP, has a pending motion to withdraw as Plaintiff's counsel before District Judge Dale A. Drozd. (*See* ECF No. 195.) Mr. Tovar appeared for the informal discovery conference as required as counsel of record for Plaintiff. Pursuant to Federal Rules of Civil Procedure 26, 30, and 37, and for the reasons stated during the

conference, the Court ruled as follows.

**A.     Confidentiality Designations**

If the parties cannot reach a resolution as to de-designating documents previously marked as confidential by Plaintiff, Defendants can follow the formal procedures to request sealing documents pursuant to E.D. Cal. Local Rule 141 to address Plaintiff's confidentiality designations.

**B.     Deposition of Plaintiff's Expert Carlos Gurrola**

On March 3, 2025, before representation by Plaintiff's current counsel of record was terminated, the parties filed a joint stipulation to extend discovery deadlines to allow the completion of certain dispositions of fact and expert witnesses, including Mr. Gurrola. (ECF No. 193 at 3.) In the joint stipulation, the parties agreed that Mr. Gurrola's deposition would be taken on March 27, 2025. (*Id*.) The joint stipulation further noted that Mr. Gurrola's deposition was previously scheduled for February 21, 2025 but "needed to be adjourned for medical reasons." (*Id*. at 3 n.2.) On March 4, 2025, Judge Drozd granted the parties' joint stipulation and ordered that discovery be completed in its entirety by March 28, 2025. (ECF No. 194.) Mr. Gurrola's deposition was not taken as ordered on March 27, 2025. Plaintiff cancelled Mr. Gurrola's deposition at the last minute and indicated that Mr. Gurrola was "not well enough to proceed due to a medical condition." (ECF No. 201 at 1.) While this may justify non-compliance with the scheduling order, Plaintiff did not provide alternative dates for re-scheduling Mr. Gurrola's deposition despite Defendants' requests and did not respond to Defendants' alternative proposal regarding Mr. Gurrola's potential trial testimony. (*Id*. at 1-2.)

Plaintiff Nevada Fleet, LLC must participate in discovery and is obligated to do so pursuant to Federal Rule of Civil Procedure 26. Plaintiff Nevada Fleet, LLC cannot continue to refuse to participate in discovery as to Mr. Gurrola's deposition. Plaintiff Nevada Fleet, LLC is warned that the continued failure to adhere to its discovery obligations may result in other potential sanctions, including limitations on the use of Mr. Gurrola's testimony at trial. *See* Fed. R. Civ. P. 37.

Under the current scheduling order, the deadline to complete discovery was March 28, 2025 (ECF No. 194) and the deadline for filing dispositive and other motions is June 16, 2025 (ECF No. 199). There is good cause to extend the discovery deadline solely as to Mr. Gurrola's deposition, and this deadline can be extended without impacting the other deadlines set for dispositive and other motions, the final pretrial conference, and trial.[1]

**ORDER**

For the foregoing reasons, the Court hereby ORDERS as follows:

(1) The deadline to complete discovery is hereby EXTENDED to May 28, 2025, solely limited to taking Mr. Gurrola's deposition.

(2) Plaintiff is ordered to produce Mr. Gurrola for his deposition within thirty (30) days from the date of this order, on or before May 28, 2025.

(3) Plaintiff's current counsel of record, Tovar & Cohen LLP, is hereby ORDERED to serve a copy of this order on Plaintiff Nevada Fleet, LLC. Counsel must file a proof of service within 7 days of today's order identifying the date and manner of service.

Dated: April 28, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, neva1732.17

---

[1] To the extent the parties seek to modify these non-discovery deadlines, the parties need to make that request to District Judge Drozd.