UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FLEET LLC, | No. 2:17-cv-01732-DAD-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF |
| FEDEX CORPORATION, et al., | |
| Defendants. | (Doc. No. 195) |

This matter is before the court on the motion to withdraw as plaintiff Nevada Fleet LLC's counsel of record filed by attorneys René Tovar and David J. Cohen on April 7, 2025. (Doc. No. 195.) For the reasons explained below, the court will grant counsels' motion to withdraw and set a deadline for plaintiff to either retain new counsel in order to proceed with this action or file a notice of dismissal of this action.

**BACKGROUND**

Plaintiff filed the complaint initiating this action on August 18, 2017. (Doc. No. 1.) On May 4, 2020, attorney Tanya Kim Harris was terminated as counsel of record for plaintiff and replaced by attorney Mary Kathleen Gallagher. (Doc. No. 60.) On August 13, 2020, the previously assigned district judge issued an order substituting attorney Brandon Claus Fernald as counsel of record for plaintiff in place of attorney Gallagher. (Doc. No. 69.) On May 14, 2024,

1

1   attorney Fernald filed a motion to withdraw as counsel of record for plaintiff; the court granted
2   that motion on July 9, 2024.  (Doc. Nos. 175, 181.)  Notably, in almost identical circumstances to
3   those now presented here, plaintiff, through its principal Thomas Layton, emailed defendant's
4   counsel directly and informed opposing counsel that it had terminated attorney Fernald without
5   notifying Fernald directly of the termination.  (Doc. No. 175 at 8, 10–11.)  Defendant's counsel
6   then forwarded that email to attorney Fernald.  (*Id.* at 10–11.)  Plaintiff's current attorneys, Tovar
7   and Cohen, were added as plaintiff's counsel of record on July 18, 2024.  (Doc. No. 182.)

8           In his declaration filed in support of the pending motion to withdraw, attorney Tovar
9   states the following.  On March 19, 2025,[1] plaintiff insisted that attorneys Tovar and Cohen
10  engage in conduct that was contrary to their judgment and best advice and that could not be
11  supported by a good faith argument.  (Doc. No. 195 at ¶ 4.)  Attorneys Tovar and Cohen refused
12  to engage in plaintiff's proposed course of conduct on the grounds that doing so would not be in
13  plaintiff's best interest and because the proposed conduct would be, in their view, unethical.  (*Id.*)
14  On March 21, 2025, defendants' counsel informed attorney Tovar that plaintiff's principal,
15  Thomas Layton, had advised defendants' counsel that he had terminated attorneys Tovar and
16  Cohen as his counsel in this action.  (*Id.* at ¶ 5.)  Specifically, Layton stated to defendants'
17  counsel in an email that "I once again find myself between legal representations.  I will be
18  substituting out Tovar & Cohen shortly."  (*Id.*; *see also id.* at 11.)  Subsequently, plaintiff stripped
19  attorneys Tovar and Cohen "of the authority to set dates, reach agreements with opposing counsel
20  in connection with procedural matters, and otherwise stripped Counsel of [their] decision making
21  authority."  (*Id.* at ¶ 7.)  Plaintiff also refuses to communicate with attorneys Tovar and Cohen
22  regarding substantive matters involving this action.  (*Id.*)  Plaintiff Nevada Fleet LLC has not
23  proposed any substitution of attorney in place of its current attorneys of record, Tovar and Cohen.

24          On April 7, 2025, attorneys Tovar and Cohen filed the pending motion to withdraw as
25  counsel of record for plaintiff.  (Doc. No. 195.)  Defendants filed a response on April 21, 2025,

---

[1] Attorney Tovar provides this date as March 19, 2024.  (Doc. No. 195 at ¶ 3.)  This appears to be a typographical error, as plaintiff was still represented by attorney Fernald on that date (*see* Doc. Nos. 175, 181); attorneys Tovar and Cohen were not added as plaintiff's counsel until July 2024 (Doc. No. 182).

2

requesting that if the court grants the motion to withdraw, that the grant be conditioned on new counsel appearing on behalf of plaintiff within 14 days from the court's order.  (Doc. No. 200 at 2.)  On May 15, 2025, attorney Tovar filed a supplemental declaration pursuant to the court's May 9, 2025 order directing such a filing.  (Doc. No. 206.)  Attorney Tovar stated therein that Tovar had mailed and emailed Layton notice that plaintiff, an LLC, may not represent itself without counsel pursuant to Local Rule 183, that plaintiff will be granted 14 days to find new counsel once the pending motion to withdraw is granted, and that failure to file a notice of appearance by new counsel may result in dismissal of this action for failure to prosecute.  (*Id.* at 2–3.)

## LEGAL STANDARD

An attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct").  In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d).  Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if

/////
/////
/////
/////
/////
/////
/////

3

"the client discharges the lawyer." Cal. R. Prof. Conduct 1.16(a)(4) (emphasis added).[2] However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

Local Rule 183 further provides that "[a] corporation or other entity may appear only by an attorney." L.R. 183(a). "While individuals may appear *in propria persona*, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability." *Caveman Foods, LLC v. Ann Payne's Caveman Foods, LLC*, No. 2:12-cv-01112-WBS-CKD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)).

**ANALYSIS**

Here, attorneys Tovar and Cohen move to withdraw as counsel of record on behalf of plaintiff Nevada Fleet LLC, because plaintiff's principal has "fired" them as its lawyer. (Doc. No. 195 at 3.) In particular, plaintiff, through its principal Mr. Layton, emailed defendants' counsel directly and informed opposing counsel that plaintiff Nevada Fleet LLC was "once again . . . between legal representations." (Doc. No. 195 at 11.) Defendants' counsel then notified attorneys Tovar and Cohen of that email. (*Id.* at ¶ 5.) As noted above, this is not the first time plaintiff has terminated its attorneys without informing them. (*See* Doc. No. 181.) In light of plaintiff's decision to discharge attorneys Tovar and Cohen as its counsel in this action, their withdrawal is mandatory under Rule of Professional Conduct 1.16(a)(4). Thus, the pending

---

[2] In contrast, if withdrawal is based on the grounds listed in Rule 1.16(b) of the California Rules of Professional Conduct, then the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). Because the court determines that Tovar and Cohen's withdrawal in this case is mandatory, the court need not address these factors in this order. In any event, the factors listed above and the equities in this case clearly support withdrawal and would provide a separate basis for granting the pending motion.

motion to withdraw as counsel for plaintiff will be granted.  Additionally, within fourteen (14) days of the date of this order, plaintiff shall file either a notice of appearance by its new counsel in this action or a notice of the voluntary dismissal of this action.

## CONCLUSION

For the reasons set forth above:

1. The motion to withdraw as counsel for plaintiff Nevada Fleet LLC filed by attorneys René Tovar and David J. Cohen (Doc. No. 195) is GRANTED;

2. The Clerk of the Court is directed to terminate attorneys René Tovar and David J. Cohen as the counsel of record in this action on behalf of plaintiff Nevada Fleet LLC;

3. Attorneys René Tovar and David J. Cohen shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees;

4. Withing fourteen (14) days of the date of this order, plaintiff shall file either a notice of appearance of its new counsel of record if it wishes to continue prosecuting this action, or a notice of voluntary dismissal;

5. Plaintiff is warned that its failure to timely file a notice of appearance of counsel will result in the dismissal of this action for failure to prosecute and to comply with the court's orders;

6. The Clerk of the Court is directed to serve this order on plaintiff Nevada Fleet LLC by mail to the following address:

> Nevada Fleet, LLC
> c/o Tom Layton
> 29 Myrtle Beach Drive
> Henderson, Nevada 89074

IT IS SO ORDERED.

Dated: **May 21, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE