1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NEVADA FLEET, LLC,                        Case No. 2:17-cv-01732-DAD-CSK

12                    Plaintiff,

13          v.                                   ORDER GRANTING DEFENDANTS'
                                                 MOTION FOR DISCOVERY SANCTION
14    FEDERAL EXPRESS
      CORPORATION, et al.,                       (ECF No. 208)
15
                      Defendants.
16

17

18          Pending before the Court is Defendants Federal Express Corporation (FedEx)

19    and Automotive Rentals, Inc.'s motion for sanctions for Plaintiff Nevada Fleet, LLC's

20    failure to produce its retained expert, Carlos Gurrola, for deposition in violation of the

21    Court's order. (ECF No. 208.) Plaintiff's opposition or statement of non-opposition was

22    due on or by June 6, 2025. (ECF No. 209.) As of June 11, 2025, Plaintiff did not file an

23    opposition, statement of non-opposition, or a request for an extension of time to file

24    either. (ECF No. 211.) As a result, the June 20, 2025 hearing was vacated and the

25    matter was submitted on the record. (*Id.*)

26    **I.     DISCUSSION**

27          **A.     Background**

28          On March 3, 2025, before representation by Plaintiff's current counsel of record

                                              1

was terminated, the parties filed a joint stipulation to extend discovery deadlines to allow the completion of certain dispositions of fact and expert witnesses, including Mr. Gurrola's deposition. (ECF No. 193 at 3.) In the joint stipulation, the parties agreed that Mr. Gurrola's deposition would be taken on March 27, 2025. (*Id.*) The joint stipulation further noted that Mr. Gurrola's deposition was previously scheduled for February 21, 2025 but "needed to be adjourned for medical reasons." (*Id.* at 3 n.2.) On March 4, 2025, Judge Drozd granted the parties' joint stipulation and ordered that discovery be completed in its entirety by March 28, 2025.[1] (ECF No. 194.) Mr. Gurrola's deposition was not taken on March 27, 2025 as provided by the parties' joint stipulation. Plaintiff cancelled Mr. Gurrola's deposition and indicated that Mr. Gurrola was "not well enough to proceed due to a medical condition." (ECF No. 201 at 1.) Plaintiff did not provide alternative dates for re-scheduling Mr. Gurrola's deposition despite Defendants' requests and did not respond to Defendants' alternative proposal regarding Mr. Gurrola's potential trial testimony. (*Id.* at 1-2.)

On April 28, 2025, this Court extended the March 28, 2025 deadline to complete discovery to May 28, 2025, solely limited to taking Mr. Gurrola's deposition. (ECF No. 203.) This Court further ordered Plaintiff to produce Mr. Gurrola for his deposition on or before May 28, 2025. (*Id.*) In this order, the Court expressly warned Plaintiff that it "cannot continue to refuse to participate in discovery as to Mr. Gurrola's deposition. Plaintiff Nevada Fleet, LLC is warned that the continued failure to adhere to its discovery obligations may result in other potential sanctions, including limitations on the use of Mr. Gurrola's testimony at trial. *See* Fed. R. Civ. P. 37." (ECF No. 203 at 2.) Plaintiff's then counsel of record served a copy of this order on Plaintiff Nevada Fleet, LLC. (*See id.*; ECF No. 204.)

On May 21, 2025, the district judge granted prior Plaintiff's counsel motion to withdraw as counsel (ECF Nos. 195, 207.) Before granting this motion and in its order

---

[1]   Before this extension, the district judge granted several requests by the parties to extend case deadlines. (*See* ECF Nos. 166, 167, 183-190.)

granting the motion, the district judge informed Plaintiff of the requirement that a corporation or entity appear through an attorney, and warned Plaintiff that the failure to timely file either a notice of appearance by its new counsel or a notice of voluntary dismissal may result in the dismissal of the action due to Plaintiff's failure to prosecute. (ECF Nos. 205, 207; *see also* ECF No. 181.) On June 3, 2025, Plaintiff filed a notice of appearance by its new counsel. (ECF No. 210.) Though Plaintiff could have retained new counsel and filed its appearance of new counsel before the district judge's May 21, 2025 order on the motion to withdraw, as Plaintiff has previously done (*see* ECF No. 68), Plaintiff did not. The docket indicates that Plaintiff is currently represented by its fifth set of counsel.

On May 30, 2025, Defendants filed the instant motion for sanctions. Plaintiff's opposition or statement of non-opposition was due on or by June 6, 2025; Defendants' optional reply was due on or by June 11, 2025; and the hearing was set for June 20, 2025. (ECF No. 209.) As of June 11, 2025, Plaintiff did not file an opposition, statement of non-opposition, or a request for an extension of time to file either. (ECF No. 211.) As a result, the hearing was vacated and the matter was submitted on the record. (*Id.*)

## B.   Legal Standards

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). If such an order is issued, but the offending party fails to obey, "the court where the action is pending may issue further just orders," including:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

3

1    (iii)    striking pleadings in whole or in part;

2    (iv)    staying further proceedings until the order is obeyed;

3    (v)    dismissing the action or proceeding in whole or in part;

4    (vi)    rendering a default judgment against the disobedient party; or

5    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

6    Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir.

7    2006).

8        The choice of sanction is within the discretion of the court. *Olivia v. Sullivan*, 958

9    F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. Local Rule 110

10    (noting the failure of a party to comply with any local rule or order of the court may result

11    in the imposition of "any and all sanctions authorized by statute or Rule or within the

12    inherent power of the Court").

13        **C.    Analysis**

14        Plaintiff's failure to file an opposition or response to Defendants' motion for

15    sanctions is construed as Plaintiff's non-opposition to the motion.

16        Separate from Plaintiff's non-opposition to the motion, Defendants' motion for

17    sanctions should be granted because Plaintiff's failure to produce its expert for

18    deposition violated this Court's April 28, 2025 discovery order and Rule 26(b)(4)(A)'s

19    provision that a party may depose an expert. *See* Fed. R. Civ. 26(b)(4)(A) & 37(b)(2);

20    *Stell v. Jordan*, 85 F. App'x 641, 641 (9th Cir. 2004) (affirming preclusion of plaintiffs'

21    expert from testifying at trial where plaintiffs "violated the district court's repeated orders

22    to make the expert available for deposition and ignored warnings that failure to comply

23    would result in preclusion"). The Court expressly warned Plaintiff that its failure to comply

24    could result in sanctions, "including limitations on the use of Mr. Gurrola's testimony at

25    trial." 4/28/2025 Order at 2.

26        Defendants have been trying to take Mr. Gurrola's deposition since January 2025,

27    while Plaintiff was represented by counsel and long before counsel filed its motion to

28

withdraw. Defendants twice noticed Mr. Gurrola's deposition on dates mutually agreed upon by the parties. Def. Mot. at 2. Before the agreed upon February 21, 2025 deposition of Mr. Gurrola, Plaintiff canceled the deposition by e-mail at 11:56 p.m. on February 20, 2025, based on Mr. Gurrola's previously undisclosed medical condition. Def. Mot. at 2 & Nathan M. Buchter Decl. ¶ 6 (ECF No. 208-3). Before the agreed upon March 27, 2025 deposition of Mr. Gurrola, Plaintiff canceled the deposition on March 25, 2025 during the parties' telephone meet and confer regarding a different issue (Plaintiff's contemplated motion for summary judgment), again based on Mr. Gurrola's medical condition. Def. Mot. at 2-3 & Buchter Decl. ¶ 11. Despite Defendants' repeated attempts to reschedule Mr. Gurrola's deposition, Plaintiff did not provide alternative dates, Plaintiff did not respond to Defendants' alternative proposal regarding Mr. Gurrola's potential trial testimony, and Mr. Gurrola refused to provide dates for his deposition. Def. Mot. at 3; *see* Joint Letter Br. at 2 (ECF No. 201). After the Court's April 28, 2025 order, Defendants again unsuccessfully tried to schedule Mr. Gurrola's deposition. Def. Mot. at 4.

Plaintiff may not hide behind its revolving door of counsel to avoid complying with its discovery obligations or to further delay resolution of this action, which is perplexing given that Plaintiff is the party that initiated this action. Plaintiff had more than ample time to retain new counsel after it fired its fourth set of counsel where the motion to withdraw as counsel was filed on April 7, 2025. *See* Tovar & Cohen, LLP Motion to Withdraw (ECF No. 195). Further, the Court's April 28, 2025 discovery order was served on Plaintiff directly (not just on its counsel of record). Plaintiff did not request a further extension to comply with its discovery obligations and produce its own expert for deposition. *See* Docket. Plaintiff also did not respond to Defendants' sanctions motion, or request an extension to file a response, including after Plaintiff's new counsel filed its notice of appearance. *See* Docket.

The Court grants Defendants' motion for discovery sanctions. Plaintiff is precluded from presenting its expert, Carlos Gurrola, at trial based on Plaintiff's failure to

1    produce Mr. Gurrola for deposition despite Defendants' noticing of his deposition, the

2    parties' mutual agreement to deposition dates, and in violation of this Court's discovery

3    order. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). As to lesser sanctions, the Court finds that

4    such sanctions would be ineffective because Mr. Gurrola himself refused to provide

5    dates for his deposition and case deadlines have already been extended several times,

6    including expressly to ensure that Mr. Gurrola's deposition would be taken.

7    Defendants seek their fees and costs. Under Rule 37, awarding reasonable

8    expenses, including attorney's fees, is mandatory here as none of the exceptions are

9    established: "Instead of or in addition to the orders above, the court must order the

10   disobedient party, the attorney advising that party, or both to pay the reasonable

11   expenses, including attorney's fees, caused by the failure, unless the failure was

12   substantially justified or other circumstances make an award of expenses unjust." Fed.

13   R. Civ. P. 37(b)(2)(C). "The test for substantial justification is one of reasonableness."

14   *Cathey v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal

15   quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444,

16   1447 (9th Cir. 1984)). The award of reasonable expenses under Rule 37(b)(2) differs

17   from the award of reasonable expenses under Rule 37(a)(5) for motions to compel

18   discovery as there is no requirement under Rule 37(b)(2) that the Court provide the party

19   whose conduct necessitated the motion with an opportunity to be heard before awarding

20   reasonable expenses. *Cf.* Fed. R. Civ. P. 37(b)(2)(C), *with* Fed. R. Civ. P. 37(a)(5).

21   Defendants made several good faith attempts continuously over several months

22   to depose Mr. Gurrola, and Plaintiff's discovery conduct necessitated Court intervention.

23   Plaintiff disobeyed the Court's discovery order, failed to even respond to Defendants'

24   motion for sanctions, and has not provided any justification for its failure to produce Mr.

25   Gurrola for deposition.

26   The Ninth Circuit affords district courts broad discretion in determining the

27   reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992). The

28   Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees.

1  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar"

2  method, the number of hours reasonably expended is multiplied by a reasonable hourly

3  rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the

4  relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Generally,

5  "the relevant community is the forum in which the district court sits." *Camacho v.*

6  *Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132

7  F.3d 496, 500 (9th Cir. 1997)). Here, the relevant community is Sacramento, California,

8  which is where this district court is located.

9        For the Court to evaluate Defendants' request for expenses, Defendants must

10  submit supplemental information, including an itemized list of costs; a sufficiently

11  detailed description of work for the hours sought; counsel's hourly rate; counsel's

12  education, years of legal experience, description of legal experience, and other

13  information to assess skill, experience, and reputation; and the prevailing market rate in

14  the Sacramento, California region for attorneys of comparable skill, experience, and

15  reputation. *See Gonzalez*, 729 F.3d at 1202; *Camacho*, 523 F.3d at 979.

16  **II.    CONCLUSION**

17        For the foregoing reasons, the Court hereby ORDERS as follows:

18        (1)    Defendants' motion for discovery sanctions (ECF No. 208) is GRANTED;

19        (2)    Plaintiff is precluded from presenting its expert, Carlos Gurrola, at trial;

20        (3)    Within fourteen (14) days of this order, Defendants must file a

21  supplemental brief limited to three (3) pages with information regarding the prevailing

22  market rate in the Sacramento, California region for attorneys of comparable skill,

23  experience, and reputation; and

24  / / /

25  / / /

26  / / /

27  / / /

28

    (4)    Within fourteen (14) days of this order, Defendants must file a declaration from defense counsel regarding counsel's requested expenses, including the information outlined above. This declaration should be filed as an attachment to Defendants' supplemental brief.

Dated:  June 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, neva1732.17

8