UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FLEET, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL EXPRESS<br>CORPORATION, et al.,<br><br>    Defendants. | Case No. 2:17-cv-01732-DAD-CSK<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO VACATE AND CONTINUE DEADLINES<br><br>(ECF No. 212) |

On June 12, 2025, Plaintiff Nevada Fleet, LLC filed an ex parte application to vacate the May 28, 2025 deadline to complete the deposition of Plaintiff's expert, Carlos Gurrola, and vacate the June 16, 2025 motions deadline. (ECF No. 212.) Alternatively, Plaintiff requests a "[g]eneral continuance of 60-90 days and certain related cut-off dates." Pl. Mot. at 8. Because Plaintiff fails to establish good cause to modify the schedule, the Court DENIES Plaintiff's ex parte application.

I.  DISCUSSION

   A.   Background

Plaintiff filed the Complaint initiating this action on August 18, 2017. (ECF No. 1.) On March 3, 2025, before representation by Plaintiff's fourth counsel of record (Tovar & Cohen, LLP) was terminated, Plaintiff and Defendants Federal Express Corporation and

1

Automotive Rentals, Inc filed a joint stipulation to extend discovery deadlines to allow the completion of certain dispositions of fact and expert witnesses, including Mr. Gurrola's deposition. (ECF No. 193 at 3.) In the joint stipulation, the parties agreed that Mr. Gurrola's deposition would be taken on March 27, 2025. (*Id*.) On March 4, 2025, District Judge Dale Drozd granted Plaintiff and Defendants' joint stipulation to extend deadlines, ordering that discovery be completed in its entirety by March 28, 2025, including Mr. Gurrola's deposition on March 27, 2025, and that motions be filed by April 18, 2025. (ECF No. 194.) On March 21, 2025, Plaintiff fired its fourth set of counsel (Tovar & Cohen) without informing counsel, instead informing Defendant FedEx counsel. *Id*. at 3. Though Plaintiff fired its counsel, it did not retain new counsel, resulting in Tovar & Cohen filing a motion to withdraw as counsel for Plaintiff on April 7, 2025. (ECF No. 195.)

After Plaintiff fired Tovar & Cohen, Defendants filed an ex parte application to vacate the April 18, 2025 motion deadline due to Defendants' anticipated motion to compel the deposition of Mr. Gurrola and Tovar & Cohen's pending motion to withdraw as counsel for Plaintiff. (ECF No. 198.) The district judge granted the request, continuing the motion deadline to June 16, 2025, the Final Pretrial Conference to November 24, 2025, and trial to January 27, 2026. (ECF No. 199.) On April 25, 2025, a Joint Informal Discovery Dispute Letter Brief was filed regarding Defendants' inability to conduct the remote deposition of Mr. Carlos Gurrola, a proposed expert witness retained by Plaintiff.[1] (ECF No. 201.) On April 28, 2025, the Court held an informal discovery conference and issued an order extending the March 28, 2025 deadline to complete discovery to May 28, 2025, solely limited to taking Mr. Gurrola's deposition. (ECF Nos. 202, 203.) This Court further ordered Plaintiff to produce Mr. Gurrola for his deposition on or before May 28, 2025. (*Id.*) In this order, the Court expressly warned Plaintiff that it "cannot continue

---

[1] Defendants also raised the issue regarding Plaintiff's confidentiality designations of documents, which the Court did not decide. The parties were informed that if they could not reach a resolution as to this issue, Defendants could follow the formal procedures to request sealing documents pursuant to E.D. Cal. Local Rule 141. 4/28/2025 Order at 2.

to refuse to participate in discovery as to Mr. Gurrola's deposition. Plaintiff Nevada Fleet, LLC is warned that the continued failure to adhere to its discovery obligations may result in other potential sanctions, including limitations on the use of Mr. Gurrola's testimony at trial. *See* Fed. R. Civ. P. 37." (ECF No. 203 at 2.) Plaintiff's then counsel of record served a copy of this order on Plaintiff. (*See id.*; ECF No. 204.)

On May 9, 2025, the district judge ordered Tovar & Cohen to inform Plaintiff of the requirement that a corporation or entity appear through an attorney, and warned Plaintiff that the failure to timely file either a notice of appearance by its new counsel or a notice of voluntary dismissal may result in the dismissal of the action due to Plaintiff's failure to prosecute. (ECF No. 205; *see also* ECF No. 181.) On May 21, 2025, the district judge granted Tovar & Cohen's motion to withdraw as counsel for Plaintiff, requiring Plaintiff to file within fourteen days either a notice of appearance by its new counsel or a notice of voluntary dismissal. (ECF Nos. 195, 207.) The district judge summarized the history of Plaintiff's changing counsel:

> On May 4, 2020, attorney Tanya Kim Harris was terminated as counsel of record for plaintiff and replaced by attorney Mary Kathleen Gallagher. (Doc. No. 60.) On August 13, 2020, the previously assigned district judge issued an order substituting attorney Brandon Claus Fernald as counsel of record for plaintiff in place of attorney Gallagher. (Doc. No. 69.) On May 14, 2024, attorney Fernald filed a motion to withdraw as counsel of record for plaintiff; the court granted that motion on July 9, 2024. (Doc. Nos. 175, 181.) Notably, in almost identical circumstances to those now presented here, plaintiff, through its principal Thomas Layton, emailed defendant's counsel directly and informed opposing counsel that it had terminated attorney Fernald without notifying Fernald directly of the termination. (Doc. No. 175 at 8, 10-11.) Defendant's counsel then forwarded that email to attorney Fernald. (*Id.* at 10-11.) Plaintiff's current attorneys, Tovar and Cohen, were added as plaintiff's counsel of record on July 18, 2024. (Doc. No. 182.) … On March 19, 2025, plaintiff insisted that attorneys Tovar and Cohen engage in conduct that was contrary to their judgment and best advice and that could not be supported by a good faith argument. (Doc. No. 195 at ¶ 4.) Attorneys Tovar and Cohen refused to engage in plaintiff's proposed course of conduct on the grounds that doing so would not be in plaintiff's best interest and because the proposed conduct would be, in their view, unethical. (*Id.*) On March 21, 2025, defendants' counsel informed attorney Tovar that plaintiff's principal, Thomas Layton, had advised

3

|   |   |
|---|---|
| 1 | defendants' counsel that he had terminated attorneys Tovar and Cohen as his counsel in this action. (*Id.* at ¶ 5.) |
| 2 |   |

5/21/2025 Order at 1-2.

On May 30, 2025, Defendants moved for sanctions for Plaintiff's failure to produce its retained expert, Carlos Gurrola, for deposition by May 28, 2025 in violation of the Court's order. (ECF No. 208.)

On June 3, 2025, Plaintiff filed a notice of appearance by its new counsel, Plaintiff's fifth set of counsel. (ECF No. 210.)

Plaintiff's opposition or statement of non-opposition to sanctions was due on or by June 6, 2025; Defendants' optional reply was due on or by June 11, 2025; and the hearing was set for June 20, 2025. (ECF No. 209.) As of June 11, 2025, Plaintiff did not file an opposition, statement of non-opposition, or a request for an extension of time to file either. (ECF No. 211.) As a result, the hearing was vacated and the matter was submitted on the record. (*Id.*) On June 12, 2025, this Court granted Defendants' motion for discovery sanctions, precluding Plaintiff from presenting its expert, Carlos Gurrola, at trial. (ECF No. 214.)

Also on June 12, 2025, Plaintiff filed the instant ex parte application to vacate and continue case deadlines.

### B.   Legal Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).[2] "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*,

---

[2] The Court notes that Plaintiff cites to and relies upon the California Rules of Court, which are state court rules that do not apply to this federal district court. *See* Pl. Mot. at 4-6.

4

302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 607).

### C. Analysis

This action was filed in August 2017, and has been pending for almost eight (8) years. Plaintiff has failed to establish good cause to modify the case schedule, and has failed to demonstrate its diligence. *See Zivkovic*, 302 F.3d at 1087; Fed. R. Civ. P. 16(b)(4). Plaintiff's ex parte application was filed on June 12, 2025, over two weeks <u>after</u> the May 28, 2025 deadline to complete Mr. Gurrola's deposition, and is therefore, an untimely request as to this deadline.

In Plaintiff's ex parte application, Plaintiff states it has not requested any previous extensions. 6/12/2025 Decl. of Thomas Layton ¶ 13 (ECF No. 212 at 15). This is not accurate. Plaintiff previously filed two ex parte applications to modify the scheduling order, including on December 18, 2020 and July 8, 2021. (ECF No. 76-78, 93.) In addition to Plaintiff's ex parte applications to continue case deadlines, before March 2025, the district judge granted at least twenty (20) joint stipulations submitted by Plaintiff and Defendants to extend case deadlines, including on January 18, 2019, July 15, 2019, September 17, 2019, November 25, 2019, February 6, 2020, May 1, 2020, August 25, 2020, December 28, 2020, March 11, 2021, June 10, 2021, July 23, 2021, October 1, 2021, March 31, 2022, May 6, 2022, June 21, 2022, October 11, 2022, July 25, 2024, October 11, 2024, January 15, 2025, and January 22, 2025. (*See* ECF Nos. 45, 47-49, 52-59, 74, 75, 80, 81, 86, 87, 89, 90, 101, 102, 113, 114, 123, 124, 129, 130,138, 139, 157, 158, 183-190.) As this history demonstrates, the parties' frequent requests to continue case deadlines have delayed this case for years.

Plaintiff argues that good cause is established to permit new counsel "to get up-to-speed" where Plaintiff retained new counsel on May 31, 2025; new counsel obtained access to the district court's electronic case docket[3] on June 2, 2025; and new counsel filed its appearance on June 3, 2025. Pl. Mot. at 3. Plaintiff's arguments fail. While the

---

[3] Referred to as "CM/ECF," or Case Management/Electronic Case Files.

Court appreciates the difficult situation in which Plaintiff's new counsel finds themselves, this is a problem entirely of Plaintiff Nevada Fleet's own making. After Plaintiff jointly requested and obtained yet another extension of the discovery deadline on March 3, 2025 (ECF Nos. 193, 194), Plaintiff fired its fourth set of counsel on March 21, 2025. Plaintiff then waited <u>more than two months</u> to retain new counsel despite having been previously warned about the importance of promptly retaining new counsel. In a July 8, 2024 order on a prior motion to withdraw by Plaintiff's third set of counsel, the district judge previously warned Plaintiff that the failure to promptly retain new counsel would result in dismissal of the action. (ECF No. 181 at 3, 4.) Because Plaintiff failed to retain new counsel, its prior counsel (Tovar & Cohen) was forced to file a motion to withdraw as counsel rather than Plaintiff filing a substitution of counsel, as it has previously done. *See* Docket. Even after Tovar & Cohen filed a motion to withdraw as counsel, Plaintiff still did not retain new counsel. It waited until after the court issued a prophylactic order on May 9, 2025, and until after the court granted the motion to withdraw on May 21, 2025. Had Plaintiff been diligent, the May 28 and June 16 case deadlines could have been met, and if it was not possible to meet them, Plaintiff could have timely requested a extension.

Further, to the extent Plaintiff argues that because it retained new counsel within fourteen (14) days of the May 21, 2025 order granting Tovar & Cohen's motion to withdraw as counsel, Plaintiff acted diligently or in a timely fashion to justify vacating and continuing other case deadlines, this argument fails. Plaintiff waited over two months to retain new counsel. In addition, despite having actual knowledge of the May 28, 2025 deadline for completing Mr. Gurrola's deposition and the June 16, 2025 motion filing deadline as established by Plaintiff's ex parte request, Plaintiff made no effort to request an extension of either deadline, though it still had counsel of record until the motion to withdraw was granted on May 21, 2025. By retaining new counsel and filing counsel's appearance within fourteen (14) days of the May 21 order, Plaintiff escaped dismissal of

///

6

this action for failure to prosecute. *See* 5/21/2025 Order at 5.[4] That does not equate to establishing diligence or good cause to justify this late request to modify the case schedule.

The Court has already addressed Defendants' motion for discovery sanctions by separate order (ECF No. 214), and declines to further address Plaintiff's arguments raised in this ex parte request to modify case deadlines.[5]

## II. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

(1) Plaintiff's ex parte application to vacate the May 28, 2025 deadline to complete the deposition of Plaintiff's expert, Carlos Gurrola, and to vacate the June 16, 2025 motions deadline (ECF No. 212) is DENIED; and

(2) The case deadlines previously ordered by the Court remain, including the June 16, 2025 motions deadline and the closing of discovery (ECF Nos. 154, 194, 199, 203).

Dated:  June 13, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

---

[4] As described above, this is not the first time Plaintiff has been so warned. *See* 7/28/2024 Order at 3, 4.

[5] The Court also notes Plaintiff's arguments are confusing and appear to be conflicting. Once Plaintiff's new counsel had access to the case docket beginning on June 2, 2025, counsel had constructive knowledge of the case deadlines as they are readily apparent and accessible in the case docket, including the June 6, 2025 deadline for Plaintiff's response to Defendants' motion for sanctions. It's unclear why Plaintiff also appears to argue that its principal (not counsel) did not know of the deadline to respond to the motion for sanctions. Regardless, the Court has already ruled on Defendants' sanctions motion.