**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEVADA FLEET LLC, | No. 2:17-cv-01732-DAD-CSK |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND COUNSEL FOR DEFENDANTS |
| FEDEX CORPORATION, et al., | |
| Defendants. | (Doc. No. 243) |

This matter is before the court on plaintiff Nevada Fleet LLC's motion seeking the imposition of sanctions against defendants Federal Express Corporation and Automotive Rentals, Inc. (Doc. No. 243.) Having reviewed plaintiff's submission, the court deems the motion suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing on this motion previously set for August 4, 2025, is hereby vacated. For the reasons explained below, plaintiff's motion seeking the imposition of sanctions against defendants and counsel for defendants will be denied.

**BACKGROUND**

Plaintiff filed the complaint initiating this action on August 18, 2017. (Doc. No. 1.) On April 17, 2018, plaintiff filed its First Amended Complaint. (Doc. No. 27.) On July 30, 2018, defendants Federal Express Corporation and FedEx Corporation filed a motion for judgment on the pleadings. (Doc. No. 36.) On June 11, 2021, the court granted defendants' motion for

1    judgment on the pleadings with leave to amend being granted plaintiff as to certain claims. (Doc.
2    No. 91.) On July 12, 2021, plaintiff filed its Second Amended Complaint. (Doc. No. 95.) On
3    August 20, 2021, defendants FedEx Corporation and Automotive Rentals Inc. filed motions to
4    dismiss. (Doc. Nos. 111, 112.) The court granted defendant FedEx Corporation's motion to
5    dismiss and granted in part and denied in part defendant Automotive Rentals Inc.'s motion to
6    dismiss with leave to amend. (Doc. No. 122.) On April 22, 2022, plaintiff filed the operative
7    Third Amended Complaint ("TAC"). (Doc. No. 126.) On May 31, 2022, defendant Automotive
8    Rentals, Inc. filed a motion to dismiss, and on June 2, 2022, defendant Federal Express
9    Corporation also filed a motion to dismiss. (Doc. Nos. 131, 134.) On January 18, 2024, the court
10   granted in part and denied in part both motions to dismiss without leave to amend. (Doc. No.
11   162.) On June 16, 2025, plaintiff and defendants Automotive Rentals, Inc. and Federal Express
12   Corporation filed cross-motions for summary judgment. (Doc. Nos. 218, 219.)
13           On July 25, 2025, plaintiff filed the pending motion for the imposition of sanctions against
14   defendants and counsel for defendants. (Doc. No. 243.)

## ANALYSIS

16           Under Rule 11 of the Federal Rules of Civil Procedure, an attorney presenting a pleading,
17   written motion, or other paper to the court certifies that to the best of their "knowledge,
18   information, and belief, formed after an inquiry reasonable under the circumstances:" (1) "it is
19   not being presented for any improper purpose, such as to harass, cause unnecessary delay, or
20   needlessly increase the cost of litigation"; (2) "the claims, defenses, and other legal contentions
21   are warranted by existing law or by a nonfrivolous argument for extending, modifying, or
22   reversing existing law or for establishing new law"; and (3) "the factual contentions have
23   evidentiary support or, if specifically so identified, will likely have evidentiary support after a
24   reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)–(3).
25   When the court determines that Rule 11(b) has been violated, it "may impose an appropriate
26   sanction on any attorney, law firm, or party that violated the rule or is responsible for the
27   violation." Fed. R. Civ. P. 11(c)(1). "Rule 11 is an extraordinary remedy, one to be exercised
28   with extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996)

1  (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)).

2  "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline

3  the administration and procedure of the federal courts."  *Cooter & Gell v. Hartmarx Corp.*, 496

4  U.S. 384, 393 (1990).

5  In its pending motion for the imposition of sanctions, plaintiff argues that defendants

6  improperly repeated in their pending motion for summary judgment certain unspecified

7  arguments that, according to plaintiff, were previously raised by the defendants in their motions

8  to dismiss.  (Doc. No. 243 at 13.)  The court notes that plaintiff has not provided the court with

9  the details of any of these apparently duplicative arguments.  Regardless, "[a] defendant is not

10  precluded from raising an argument in a motion for summary judgment that was previously raised

11  in a motion to dismiss."  *Ronald C. Fish v. Watkins*, No. 03-cv-00067-PHX-SMM, 2006 WL

12  8441121, at *3 (D. Ariz. Dec. 14, 2006), *aff'd sub nom. Fish v. Watkins*, 298 F. App'x 594 (9th

13  Cir. 2008).  "The legal standards and procedural requirements governing motions for summary

14  judgment differ from those governing motions to dismiss."  *Id.*  "An argument that fails in a

15  motion to dismiss may nonetheless be a winning argument in a motion for summary judgment

16  where the court is able to look beyond the pleadings."  *Id.*; *see also Rengo v. City of Seattle*, No.

17  12-cv-00298-TSZ, 2014 WL 3579644, at *2 (W.D. Wash. July 21, 2014) ("Plaintiff argues that

18  the City is improperly seeking reconsideration of the Court's prior ruling on earlier motions and is

19  repeating the same arguments made in earlier motions. . . .  The Court's ruling on the City's

20  motion to dismiss also does not preclude filing the current motion, as the legal standard for a

21  motion to dismiss is different from a motion for summary judgment.").

## CONCLUSION

23  For the reasons explained above, plaintiff's motion for Rule 11 sanctions (Doc. No. 243)

24  is DENIED.

25  IT IS SO ORDERED.

26  Dated:  **July 31, 2025**

27  DALE A. DROZD
UNITED STATES DISTRICT JUDGE

28

3