1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NEVADA FLEET, INC,                        Case No. 2:17-cv-01732-DAD-CSK

12                 Plaintiff,

13          v.                                  ORDER GRANTING RULE 37 EXPENSES

14    FEDERAL EXPRESS
      CORPORATION, et al.,
15                                              (ECF Nos. 214, 227)

              Defendants.
16

17          On June 12, 2025, the Court granted Defendants Federal Express Corporation

18    ("FedEx") and Automotive Rental, Inc.'s motion for sanctions for Plaintiff Nevada Fleet,

19    LLC's failure to produce its retained expert, Mr. Carlos Gurrola, for deposition in violation

20    of the Court's order. 6/12/2025 Order (ECF No. 214).[1] Because Defendants had not

21    provided the Court with sufficient information to determine the amount of expenses

22    pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), the Court ordered Defendants to

23    file and submit its reasonable expenses, including attorney's fees. 6/12/2025 Order at 6-

24    7. Defendants have now done so. Defs. Expenses (ECF No. 227). Plaintiff was not

25    entitled to a response. *See* 6/12/2025 Order at 7-8.

26    / / /

27    _____

28    [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
      Civ. P. 72, and Local Rule 302(c)(1).

1    **I.    DISCUSSION[2]**

2    As the Court has previously ordered, under Rule 37, awarding reasonable

3    expenses in making the motion, including attorneys' fees, is mandatory here as the

4    Court found no substantial justification for Plaintiff's failure to produce its expert, Mr.

5    Gurrola, for deposition despite Defendants' noticing of his deposition, the parties' mutual

6    agreement to deposition dates, and in violation of the Court's April 28, 2025 discovery

7    order. *See* Fed. R. Civ. P. 37(b)(2)(C); 6/12/2025 Order at 5-6.

8    The Ninth Circuit affords district courts broad discretion in determining the

9    reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

10    While the amount of a fee award is discretionary, the district court must "provide a

11    concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*,

12    757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for

13    assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196,

14    1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably

15    expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are

16    determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*,

17    239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a

18    reasonable hourly rate is the 'rate prevailing in the community for similar work performed

19    by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport*

20    *Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502

21    (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district

22    court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the

23    relevant community is Sacramento, California, which is where this district court is

24    located.

25    Defendants seek attorney's fees in the amount of $32,021.23 for four attorneys

26    and a research assistant from Fox Rothschild for a total of 59.4 hours in connection with

27    

28    [2]  Additional background on Defendants' motion for sanctions is provided in the Court's order. *See* 6/12/2025 Order.

2

1   Plaintiff's failure to produce its expert for his deposition. Nathan M. Buchter Decl. ¶¶ 6-

2   24, 28 (ECF No. 227-1). Defendants state they are seeking attorney's fees incurred

3   between February 2025 to May 2025 for scheduling and preparing for Mr. Gurrola's

4   deposition, moving to compel Mr. Gurrola's deposition, meeting and conferring with

5   Plaintiff's counsel of record, and moving for discovery sanctions for Plaintiff's refusal to

6   produce Mr. Gurrola for his deposition. *Id* ¶ 26. Defendants also seek costs in the

7   amount of $800 for late cancellation fees for a court reporter and videographer related to

8   Mr. Gurrola's February 21, 2025 deposition. *Id*. ¶¶ 32-33. Defendants' attorney fees are

9   based on a $670.63 hourly rate for 7.9 hours by attorney Ryan Becker; a $610.50 hourly

10   rate for 30.5 hours by attorney Nathan Buchter; a $430.12 hourly rate for 2.5 hours by

11   attorney Josephine Wenson; a $402.38 hourly rate for 15.5 hours by attorney Douglas

12   Hicks; and $263.63 hourly rate for 3.0 hours by non-attorney research assistant Teresa

13   Cherepski. Defs. Expenses at 2-3; Buchter Decl. ¶ 28 & Exh. A. Defendants also

14   indicate they negotiated a 7.5% reduction from all standard rates of attorneys and staff

15   for this action. Defs. Expenses at 2.

16        The Court finds that 50.5 hours is a reasonable amount of time to meet and

17   confer with Plaintiff's counsel regarding Mr. Gurrola's deposition, seek court intervention,

18   and research and draft the motion for sanctions, and are properly awarded here. *See*

19   Fed. R. Civ. P. 37(b)(2)(C). The Court further notes that Defendants do not seek

20   expenses after the filing of their sanctions motion on May 30, 2025 (e.g., expenses

21   associated with submitting the supplemental brief for expenses). The Court does not

22   find, however, that expenses sought for work and expenses <u>before</u> the cancellation of

23   Mr. Gurrola's March 27, 2025 deposition, which led Defendants to seek court

24   intervention, should be awarded. *See* Fed. R. Civ. P. 37(b)(2)(C) (awarding reasonable

25   expenses "caused by the failure" to comply). The Court therefore declines to award 8.9

26   hours sought for work before the cancellation of Mr. Gurrola's March 27, 2025 deposition

27   and declines to award the $800 in cancellation fees from the February 21, 2025

28   deposition. *See* Buchter Decl. ¶ 32 & Exh. A at 1 (e.g., billing entries for work before the

1      cancellation include deposition preparation).

2            The Court next examines the hourly rates requested. Defendants provide case

3      law from the Eastern District of California to support their requested rates based on

4      prevailing Sacramento rates for attorneys with comparable skill, experience, and

5      reputation. Defs. Expenses at 2-3. Defendants' counsel Ryan Becker is a partner at the

6      law firm Fox Rothschild and has been practicing law for approximately 18 years since

7      2007. Buchter Decl. ¶¶ 6-7. Defendants' counsel Nathan Buchter is a Partner at Fox

8      Rothschild and has been practicing law for approximately 10 years since 2014. *Id*. ¶¶ 11-

9      12. The Court finds that the requested hourly rate of $670.63 for Mr. Becker, a partner

10     attorney with eighteen years of experience, and the hourly rate of $610.50 for Mr.

11     Buchter, a partner attorney with ten years of experience, to be reasonable and reflect the

12     prevailing market rate in Sacramento for attorneys of comparable skill, experience, and

13     reputation. *See, e.g., Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC*, 2024 WL

14     1312209, at *3 (E.D. Cal. Mar. 26, 2024) (awarding $700 per hour for partners); *Gong-*

15     *Chun v. Aetna Inc.*, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding

16     between $490 and $695 per hour for senior counsel and partners); *Velasco v. Mis*

17     *Amigos Meat Market, Inc.*, 2013 WL 5755054, at *12 n.4 (E.D. Cal. Oct. 23, 2013)

18     (approving a partner hourly rate of $650).

19           The Court does not find, however, the requested hourly rates for Ms. Wenson

20     ($430.12) and Mr. Hicks ($402.38) to be reasonable for the relevant community as the

21     requested rates reflect the rates for attorneys with more experience. *See Unit 53, Inc. v.*

22     *Run Roadlines, Inc.*, 2025 WL 373637, at *2 (E.D. Cal. Feb. 3, 2025) (awarding $370 for

23     an associate with over three years of experience and $310 for an associate with over

24     two years of experience); *Am. Multi-Cinema*, 2024 WL 1312209 at *3 (awarding $375

25     per hour for associate attorneys); *Gong-Chun*, 2012 WL 2872788 at *23 (awarding

26     between $300 and $420 per hour for associates); *Velasco*, 2013 WL 5755054 at *12 n.4

27     (approving a junior associate hourly rate of $395). Defendants' counsel Josephine

28     Wenson is a former associate at Fox Rothschild and has been practicing for

                                           4

1    approximately two years since 2023. *Id*. ¶ 15. Defendants' counsel Douglas Hicks is an

2    associate at Fox Rothschild and has been practicing for approximately nine months

3    since his 2024 law school graduation. *Id*. ¶ 18. The Court therefore reduces Ms. Wenson

4    rate to $310 per hour and Mr. Hicks' rate to $290 per hour to reflect the prevailing market

5    rate in Sacramento for attorneys of comparable skill, experience, and reputation. *See*

6    *Unit 53, Inc.*, 2025 WL 373637, at *2; *Gong-Chun*, 2012 WL 2872788 at *23. Because

7    the only expenses sought for non-attorney Ms. Cherepski was for her deposition

8    preparation work before the cancellation of Mr. Gurrola's March 27, 2025 deposition, the

9    Court need not examine the hourly rate requested for Ms. Cherepski. *See* Buchter Decl.,

10    Exh. A at 1.

11        Pursuant to Rule 37(b)(2)(C), the Court therefore orders Plaintiff to pay

12    Defendants' reasonable expenses in the amount of $25,562.22, which represents 7.5

13    hours for Mr. Becker at a $670.63 hourly rate; 25 hours for Mr. Buchter at a $610.50

14    hourly rate; 2.5 hours for Ms. Wenson at a $310 hourly rate; and 15.5 hours for Mr. Hicks

15    at a $290 hourly rate. Plaintiff is ordered to pay to Defendants within twenty-one (21)

16    days from the date of this order.

17    **II.    CONCLUSION**

18        In conclusion, IT IS HEREBY ORDERED THAT:

19        1.  Defendants are awarded their reasonable expenses in the amount of

20            $25,562.22, which must be paid by Plaintiff to Defendants within twenty-one

21            (21) days of the date of this order; and

22        2.  Plaintiff shall simultaneously file a notice once payment is made.

23

24    Dated:  September 4, 2025

25    _____
      CHI SOO KIM
26    UNITED STATES MAGISTRATE JUDGE

27    4, neva1732.17

28