UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FLEET LLC, | No. 2:17-cv-01732-DAD-CSK |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S REQUEST TO SEAL |
| FEDEX CORPORATION, et al., | (Doc. No. 247) |
| Defendants. | |

This matter is before the court on plaintiff's request to seal its notice of and opposition to the notice of lien filed by plaintiff's former counsel. (Doc. No. 247.) For the reasons set forth below, plaintiff's request to seal will be denied.

**BACKGROUND**

Though this case arises from a contract dispute between plaintiff and defendants, the motion now pending before the court is related to a dispute between plaintiff and plaintiff's former counsel. (Doc. Nos. 1, 247.) On April 7, 2025, Rene Tovar and David Cohen filed a motion to withdraw as attorneys of record for plaintiff. (Doc. No. 195.) On May 21, 2025, the court granted that motion and terminated attorneys Tovar and Cohen as counsel of record for plaintiff. (Doc. No. 207.) On July 30, 2025, attorneys Tovar and Cohen filed a notice of lien pursuant to a retainer agreement between them and plaintiff. (Doc. No. 244.)

/////

1

1    On August 29, 2025, plaintiff filed a notice of request to file its opposition to this notice of lien under seal.¹ (Doc. No. 247.) In that notice, plaintiff discusses at length why the notice of lien should not have been filed by its former counsel in this action, but provides no reasoning whatsoever as to why its opposition to the notice of lien should be filed under seal. (*Id.* at 2–12.) Instead, plaintiff merely has submitted a proposed order that would improperly authorize the filing of its opposition under seal, with plaintiff making a passing reference to a protective order entered in this case. (Doc. No. 247-1 at 5–8.)

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).²

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

/////

---

¹ Plaintiff has also improperly noticed a hearing date of October 6, 2025, in connection with its opposition to the notice of lien filed by its former counsel. (Doc. No. 247-2 at 2.) Pursuant to Local Rule 230, "all motions" are set for hearing on the court's civil law and motion calendar, rather than opposition briefs. L.R. 230. To the extent that plaintiff seeks a hearing regarding the notice of lien, plaintiff must file a properly noticed motion that complies with this court's Standing Order. (Doc. No. 154.) Before filing any such motion, plaintiff's counsel is directed to conduct legal research to ensure that the motion is not frivolous in nature. *See Est. of Monk v. Cal. Forensic Med. Grp.*, No. 22-cv-04037-TSH, 2025 WL 1953597, at *1 (N.D. Cal. July 16, 2025) (observing that the filed notice of lien did not properly put the existence or enforcement of that lien in front of the court and that the filing party would be required to bring a separate action in state court to enforce the lien).

² Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

## DISCUSSION

The court need not decide whether the "good cause" or "compelling reasons" standard applies to this request because plaintiff has failed to meet its burden under either standard. Though plaintiff appears to contend through its proposed order—rather than through its notice of request to seal—that some information within the opposition comes under the purview of a protective order in this case, plaintiff fails to identify any such information in particular. (Doc. No. 247-1 at 4–8.) In short, plaintiff has failed to provide any reason to justify the filing of its opposition to its former counsel's notice of lien under seal. *E. & J. Gallo Winery v. Strategic Materials, Inc.*, No. 1:17-cv-01709-EPG, 2020 WL 3000577 (E.D. Cal. June 4, 2020) (denying request to seal because the moving party had "provided no reasons at all" to justify sealing).

For the above reasons, the court DENIES plaintiff's request to seal documents (Doc. No. 247), without prejudice to refiling based upon an appropriate showing.

IT IS SO ORDERED.

Dated: **September 15, 2025**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE