Jack Praetzellis (SBN No. 267765)
**FOX ROTHSCHILD LLP**
345 California St., Suite 2200
San Francisco, CA 94104
Telephone: (415) 651-1424
Email: jpraetzellis@foxrothschild.com

Ryan T. Becker (Admitted *Pro Hac Vice*)
Nathan M. Buchter (Admitted *Pro Hac Vice*)
Caroline M. Hinnenkamp (Admitted *Pro Hac Vice*)
**FOX ROTHSCHILD LLP**
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA 19103
Telephone: (215) 299-2000
Email: rbecker@foxrothschild.com
Email: nbuchter@foxrothschild.com
Email: chinnenkamp@foxrothschild.com

*Attorneys for Defendants Federal Express*
*Corporation and Automotive Rentals, Inc.*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FLEET LLC, a Nevada Limited Liability Company, | Case No. 2:17-CV-01732-DAD-CSK |
| Plaintiff, | **BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AGAINST PLAINTIFF NEVADA FLEET LLC** |
| v. | |
| FEDERAL EXPRESS CORPORATION; AUTOMOTIVE RENTALS, INC.; AND DOES 1 TO 50, INCLUSIVE, | Judge: Honorable Dale A. Drozd |
| Defendants. | Date: December 1, 2025<br>Time: 1:30 p.m.<br>Place: By Zoom |

1

## **TABLE OF CONTENTS**

2

3  TABLE OF CONTENTS ..................................................................................................... i

4  TABLE OF AUTHORITIES ............................................................................................ ii

5  INTRODUCTION ............................................................................................................. 1

6  RELEVANT FACTS AND PROCEDURAL HISTORY ................................................. 2

7       I.     NVF HAS REFUSED TO PAY COURT-ORDERED MONETARY SANCTIONS TO DEFENDANTS. ..................................................................................................... 2

8

9      II.    NVF HAS ENGAGED IN A PATTERN OF DISOBEYING COURT ORDERS AND ABUSING THE DISCOVERY PROCESS ............................................................... 3

10     III.   NVF VIOLATED THE SEPTEMBER 2025 ORDER DESPITE THE COURT PREVIOUSLY WARNING NVF THAT OTHER RECALCITRANT CONDUCT MAY RESULT IN

11             SANCTIONS AND THE COURT EVENTUALLY SANCTIONING NVF FOR ITS WILLFUL NONCOMPLIANCE ................................................................................................ 5

12

13     IV.   NVF'S CAROUSEL OF COUNSEL HAS DELAYED THE JUST AND EFFICIENT RESOLUTION OF THE CASE. ........................................................................... 6

14  ARGUMENT .................................................................................................................... 7

15       I.     NVF'S DISREGARD OF THE SEPTEMBER 2025 ORDER (AMONG OTHERS) WARRANTS DISMISSAL OF THE CASE. ............................................................. 7

16

17          A.    The Public's Interest in Expeditious Resolution of Litigation and the Trial Court's Interest in Docket Control Strongly Support Dismissal. ....... 8

18

19          B.    Defendants Have Been Prejudiced and Risk Continued Prejudice if the Court Does Not Impose Terminative Sanctions. ....................................... 9

20          C.    NVF's Conduct Impedes Any Progress Towards Disposition on the Merits. ...................................................................................................... 12

21          D.    Less Drastic Sanctions Do Not Exist Because NVF Continues to Willfully Violate Court Orders Despite Prior Warnings and the

22             Imposition of Lesser Sanctions. ............................................................... 12

23  CONCLUSION .............................................................................................................. 13

24

25

26

27

28

i

1

## **TABLE OF AUTHORITIES**

2

3

**Cases**

4

*Am. Career Coll. Inc. v. Medina*, 673 F. Supp. 3d 1139 (C.D. Cal. 2023) ...................................... 8

5

*Andrews Farms v. Calcot, Ltd.*, 693 F. Supp. 2d 1154 (E.D. Cal. 2010) ........................................ 5

6

*Anheuser-Busch, Inc. v. Nat. Beverage Distrib.*, 69 F.3d 337 (9th Cir. 1995) ............................... 7

7

*Dawson v. Cnty. of Los Angeles*, 2011 WL 2173656 (C.D. Cal. June 2, 2011) ........................... 12

8

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004)........................................................... 7

9

*Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992), as amended (May 22, 1992)........................... 7

10

*Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986)............................................................. 10, 12

11

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693 (9th Cir. 1993) .............. 11

12

*Lien v. City of San Diego*, 2023 WL 11994277 (S.D. Cal. June 12, 2023) ..................................... 7

13

*Malone v. U.S. Postal Serv.*, 833 F.2d 128 (9th Cir. 1987) ................................................. 7, 10, 12

14

*Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002).............................................................. 7, 10

15

*Parker v. Sacramento Cnty. Police Dep't*, 2016 WL 7451545 (E.D. Cal. Dec. 28, 2016)........ 9, 13

16

*Spinks v. Cnty. of Los Angeles*, 2011 WL 5870047 (C.D. Cal. Nov. 23, 2011)........................ 8, 10

17

*Thompson v. Housing Auth.*, 782 F.2d 829 (9th Cir. 1986) ............................................................ 7

18

*Yourish v. Cal. Amplifier*, 191 F.3d 983 (9th Cir. 1999) .................................................. 7, 8, 9, 12

**Rules**

19

Fed. R. Civ. P. 16 .................................................................................................................... 1, 7

20

Fed. R. Civ. P. 41 .................................................................................................................... 1, 7

21

L.R. 110.......................................................................................................................................... 1

22

23

24

25

26

27

28

1       Pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and 41(b), Local Rule 110, and/or

2  the Court's inherent authority, Defendants Federal Express Corporation ("FedEx") and Automotive

3  Rentals, Inc. ("ARI" and together with FedEx, the "Defendants"), by and through their undersigned

4  counsel, hereby move the Court for an Order dismissing this case with prejudice as a sanction

5  against Plaintiff Nevada Fleet LLC ("NVF") for failing to comply with Orders entered by the Court,

6  most recently the September 4, 2025 Order requiring NVF to pay monetary sanctions for its

7  discovery violations.

8                                      **INTRODUCTION**

9       NVF has repeatedly treated the Federal Rules of Civil Procedure and the Orders issued by

10  this Court as optional. The most egregious example occurred recently when NVF ignored the

11  Court's September 4, 2025 Order requiring that NVF pay monetary sanctions to Defendants for

12  willfully disobeying a prior discovery Order. NVF failed to pay those monetary sanctions by the

13  Court's deadline without any communication with the Court or Defendants, and despite Defendants

14  contacting NVF before the deadline to provide payment instructions. Several days after the deadline

15  passed, and only after being contacted again by Defendants, NVF finally acknowledged its payment

16  obligation, but only to advise that NVF would not be making the required payment.

17       NVF's willful failure to comply with the September 4, 2025 Order and other Court Orders,

18  as discussed in more detail below, warrants dismissal of this case with prejudice. NVF has been

19  sending a clear message for months now that NVF is participating in this case only on its own

20  terms, rather than those set by the Court. Compliance with the Court's Orders is a mandatory and

21  essential part of the Court effectively managing its docket and expeditiously resolving this

22  litigation. Entering terminating sanctions against NVF, and dismissing this case with prejudice,

23  furthers those goals and addresses the unfairness and other prejudice to Defendants caused by

24  NVF's willful violation of multiple Court Orders. No sanction less drastic than dismissal is

25  available here because other sanctions previously levied on NVF by the Court have not been

26  effective in bringing NVF into compliance. NVF willfully ignored a firm deadline for discovery

27  compliance set by the Court and failed to respond when evidentiary sanctions were sought seeking

28

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
TERMINATING SANCTIONS AGAINST PLAINTIFF NEVADA FLEET LLC

1  to exclude one of its experts. The Court has dutifully attempted less drastic sanctions to induce

2  NVF's compliance with the Court's Orders. They were unsuccessful. Terminating sanctions are the

3  only option that remains and are entirely warranted under the circumstances of this case.

4  **RELEVANT FACTS AND PROCEDURAL HISTORY**

5  **I.    NVF HAS REFUSED TO PAY COURT-ORDERED MONETARY SANCTIONS TO DEFENDANTS.**

6  On June 12, 2025, the Court entered monetary and evidentiary sanctions against NVF for

7  its unjustified violation of a prior Court Order (the "June 2025 Order"). Dkt. # 214. On September

8  4, 2025, the Court entered an order calculating those monetary sanctions awarded to Defendants at

9  $25,562.22 (the "September 2025 Order"). Dkt. # 249 at 2.[1]

10  The September 2025 Order required that NVF pay the monetary sanctions to Defendants

11  by September 25, 2025. *Id.* The September 2025 Order also ordered NVF to "simultaneously file a

12  notice [on the docket] once payment is made." *Id.*

13  On September 9, 2025, Defendants provided NVF with payment instructions. Declaration

14  of Nathan M. Buchter ("Buchter Declaration"), ¶ 6. NVF did not respond to that email or even

15  acknowledge its payment obligation under the September 2025 Order. *See id.* Ultimately, NVF did

16  not make any payment to Defendants by the September 25 deadline (or ever). *Id.* at ¶¶ 7, 14. Nor

17  did NVF file a notice of payment on the docket or seek relief from the Court related to its obligations

18  under the September 2025 Order. *Id.* at ¶ 13; *see* Docket.

19  On September 26, 2025, Defendants asked NVF about the payment status of the now

20  overdue monetary sanctions. Buchter Declaration, ¶ 8. Finally, and only after being asked directly

21  about the payment's status, NVF responded to Defendants by email on September 29, 2025 stating:

> Unfortunately, Tom does <u>not</u> have any funds to pay the discovery
> sanctions. It is nearly double what he paid out of pocket to his
> current and last attorney of record (including me).

> NVF can potentially file a statutory appeal to the 9/4/2025 Monetary
> Sanctions Order, pursuant to CCP section 904.1(a)(12) for being
> over $5k.

---

[1] Page citations to records filed on the docket ("Dkt.") refer to the page numbers provided in their ECF Banners.

2

We may file notice with the court tomorrow, but I may not be handling it.

Sorry for any inconvenience.

*Id.* at ¶ 9 (emphasis in original); *see id.* at Ex. B. This was the first time that NVF advised Defendants of any alleged financial difficulties purportedly preventing NVF from complying with the September 2025 Order and paying the monetary sanctions to Defendants. *Id.* at ¶ 10.

On October 3, 2025, the parties met and conferred by telephone to discuss the situation and for Defendants to inform NVF that its failure to comply with the September 2025 Order would necessitate further motion practice seeking additional sanctions. *Id.* at ¶¶ 11-12. NVF reiterated its position that it will not be paying the monetary sanctions owed under the September 2025 Order. *Id.* at ¶ 12. NVF's counsel also acknowledged NVF's noncompliance with the September 2025 Order. *Id.*

NVF has still not made any payment to Defendants even though the deadline passed three weeks ago. *Id.* at ¶ 14. Nor has NVF sought relief from the Court concerning its obligations under the September 2025 Order. *Id.* at ¶ 13. Defendants are now forced once again to unnecessarily incur tens of thousands in expenses because of NVF's non-compliance with a Court Order. *Id.* at ¶ 15(c).

## II.   NVF HAS ENGAGED IN A PATTERN OF DISOBEYING COURT ORDERS AND ABUSING THE DISCOVERY PROCESS.

Refusing to pay the monetary sanctions required by the September 2025 Order is the most recent example of NVF's failure to comply with Court Orders. ***But it is not the only example***. NVF violated three other Court Orders earlier this year alone.

First, NVF violated a March 4, 2025 Order approving a joint stipulation to extend certain pretrial deadlines to take certain depositions by unilaterally cancelling the deposition of a proffered expert two days before it was scheduled to occur (the "March 2025 Order"). Dkt. # 193-94; *see* Dkt. # 214 at 4-5; Dkt. # 203 at 2. This was the second time that NVF cancelled this deposition at the last minute. *See* Dkt. # 214 at 5 (noting the deposition was previously scheduled for February 21, 2025, but cancelled by NVF at 11:56 p.m. EST the night before). NVF's non-compliance with

3

1    the March 2025 Order contributed to the Court having to extend the dispositive motion deadline

2    and trial date. Dkt. # 198-99.

3        Second, NVF violated an April 28, 2025 Order compelling it to produce the same expert for

4    a deposition (the "April 2025 Order"). Dkt. # 203 at 2-3; *see* Dkt. # 214 at 4-5. Not only did NVF

5    fail to produce the expert for a deposition in violation of the April 2025 Order, NVF failed to engage

6    Defendants about rescheduling the deposition, despite multiple requests, or respond to an

7    alternative proposal from Defendants regarding clarifying the scope of the proffered expert's

8    potential trial testimony in lieu of taking the deposition. *Id*. Defendants incurred tens of thousands

9    of dollars in expenses in connection with NVF's non-compliance with the April 2025 Order.

10    Buchter Declaration, ¶ 15(a). NVF was ordered to reimburse Defendants a portion of these expenses

11    through the attorneys' fees awarded by the September 2025 Order. *Id.*; *see* Dkt. # 249. As noted

12    above, however, NVF has refused to make that payment. Buchter Declaration, ¶¶ 7-14.

13        Third, NVF violated the Court's Standing Order requiring a pre-filing meet and confer

14    before filing a motion, Dkt. # 154, ¶ 1(C), which the Court reiterated in a July 16, 2025 Order

15    directing "the parties to cooperate in their meet and confer efforts and do their part to avoid

16    unnecessary motion practice." Dkt. # 237. Nine days later, on July 25, 2025, NVF filed a frivolous

17    motion seeking Rule 11 sanctions against Defendants for raising arguments at summary judgment

18    that Defendants had previously raised at the motion to dismiss stage. Dkt. # 243. The Rule 11

19    motion did not certify to any pre-filing meet and confer discussions with Defendants. *See id.*;

20    Buchter Declaration, ¶ 3. Nor could it, as NVF never sought to meet and confer as required by the

21    Court's Standing Order. Buchter Declaration, ¶ 3; *see* Dkt. #154, ¶ 1(C) (requiring that a notice of

22    motion contain such a certification).

23        NVF's ill-fated Rule 11 Motion was plagued by other procedural infirmities. The Rule 11

24    motion was not provided to Defendants 21 days in advance of filing, in violation of Federal Rule

25    of Civil Procedure 11(c)(2)'s safe harbor requirement. Buchter Declaration, ¶ 3; *see id.* at Ex. A ("I

26    will take my sanctions motion off-calendar for 21+ days for a safe harbor period. If things go

27    uncorrected, I can reschedule it after 8/18/2025 for a September hearing, as needed. This cures any

28

4

1  technical or procedural facial defects you noted above."). NVF also noticed the Rule 11 motion for

2  a hearing for August 4, 2025, which was only ten days from filing it, rather than 35 days as required

3  by Local Rule 230(b). Buchter Declaration, ¶ 3; *see* Dkt. # 243.

4    Shortly after NVF filed the Rule 11 motion, Defendants emailed NVF with case law from

5  the Ninth Circuit specifically rejecting the alleged basis for the motion:

6    [I]n *Andrews Farms v. Calcot, Ltd.*, 693 F. Supp. 2d 1154 (E.D. Cal.
     2010), the district court rejected the plaintiff's argument that the
7    Court's order denying Calcot's motion to dismiss established factual
     elements of the plaintiff's claims, stating "Plaintiffs' ill-conceived
8    arguments misunderstand both Fed. R. Civ. P. 12(b)(6) and Fed. R.
     Civ. P. 56 standards of review." *Id.* at 1165. This is exactly what
9    NVF argues in the Motion.

10  Buchter Declaration, ¶ 4; *see id.* at Ex. A. Defendants also pointed out the other flaws in the Rule

11  11 motion and requested that NVF withdraw the motion. *See id.* NVF refused. *Id.*

12    Ultimately, the Court denied the Rule 11 motion summarily ***on the same basis that***

13  ***Defendants provided to NVF***. Dkt. # 245 at 3 ("[A] defendant is not precluded from raising an

14  argument in a motion for summary judgment that was previously raised in a motion to dismiss."

15  (brackets, citation, and internal quotation marks omitted)). Nonetheless, Defendants incurred

16  thousands of dollars in expenses rushing to prepare an opposition brief and cross-motion to strike

17  NVF's procedurally and substantively deficient Rule 11 motion. Buchter Declaration, ¶ 15(b).

18  **III.    NVF VIOLATED THE SEPTEMBER 2025 ORDER DESPITE THE COURT PREVIOUSLY
        WARNING NVF THAT OTHER RECALCITRANT CONDUCT MAY RESULT IN SANCTIONS
19      AND THE COURT EVENTUALLY SANCTIONING NVF FOR ITS WILLFUL NONCOMPLIANCE.**

20    In the April 2025 Order compelling NVF to produce one of its experts for a deposition, the

21  Court advised NVF that it "cannot continue to refuse to participate in discovery as to [the expert's]

22  deposition" and stated that "[NVF] is warned that the continued failure to adhere to its discovery

23  obligations may result in other potential sanctions, including limitations on the use of [the expert's]

24  testimony at trial." Dkt. # 203 at 2. NVF received a copy of the April 2025 Order. Dkt. # 204.

25  Nonetheless, NVF ignored the Court's admonitions and failed to produce the expert for a

26  deposition, which resulted in the Court entering discovery sanctions against NVF, including the

27

28

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
TERMINATING SANCTIONS AGAINST PLAINTIFF NEVADA FLEET LLC

1  monetary sanctions eventually awarded to Defendants by the September 2025 Order. *Accord* Dkt.

2  # 249 at 1; Dkt. # 214 at 4-5.

3      The next month the Court again warned NVF that noncompliance with Court Orders would

4  result in sanctions – this time potential dismissal. On May 21, 2025, the Court granted Tovar &

5  Cohen leave to withdraw as counsel for NVF, ***the third time that the Court had to enter such an***

6  ***Order***. Dkt. # 207 at 5. That Order directed NVF to substitute in new counsel within 14 days and

7  stated "that its failure to timely file a notice of appearance of counsel will result in the dismissal of

8  this case for failure to prosecute and to comply with the court's orders." *Id.* Therefore, no later than

9  May 2025, NVF was on notice that its failure to comply with Court Orders could result in dismissal.

10 *See id.*

11  **IV.   NVF's Carousel of Counsel has Delayed the Just and Efficient Resolution of the Case.**

12      NVF has unnecessarily delayed this case by cycling through multiple attorneys since filing

13  its initial complaint in August 2017, including NVF firing two prior law firms within a twelve-

14  month period. *See* Dkt. # 65 (Gallagher Jones LLP motion to withdraw); Dkt. # 175 (Fernald &

15  Zaffos motion to withdraw); Dkt. # 195 (Tovar & Cohen motion to withdraw).[2] Each change in

16  counsel has caused delay and necessitated modifications to the case schedule, which Defendants

17  always accommodated. *See* Dkt. # 74-75 (order resetting pretrial deadlines following substitution

18  of Fernald & Zaffos for Gallagher Jones LLP); Dkt. # 183-84 (order resetting pretrial deadlines

19  following substitution of Tovar & Cohen for Fernald & Zaffos); Dkt. # 198-99 (order resetting

20  motion deadline, final pre-trial conference, and trial date following Tovar & Cohen's motion to

21  withdraw). Along with NVF's failure to comply with the March 2025 Order, the termination of

22  Tovar & Cohen contributed to postponing the motion deadline and the trial date. Dkt. # 198-99.

23

24

25

26

27 [2] NVF terminated Fernald & Zaffos on May 10, 2024 and Tovar & Cohen on March 21, 2025. *See* Dkt. # 175 at 8, ¶ 9; Dkt. # 195 at 8, ¶ 5. In both instances, NVF terminated its attorneys by emailing FedEx first, before advising Fernald & Zaffos or Tovar & Cohen. *See id.*

28

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
TERMINATING SANCTIONS AGAINST PLAINTIFF NEVADA FLEET LLC

## ARGUMENT

**I.  NVF's Disregard Of The September 2025 Order (Among Others) Warrants Dismissal Of The Case.**

The Court may dismiss a case as a sanction under Federal Rule of Civil Procedure 16 or 41, or its inherent authority, for failure to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 41(b); *see Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (stating that dismissal is within a district court's inherent power to control its docket). Before dismissing a case for failure to comply with a court order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), as amended (May 22, 1992) (applying in the context of Rule 41(b)); *Anheuser-Busch, Inc. v. Nat. Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995) (applying these factors in the context of a district court's inherent authority). Dismissal is appropriate when at least four factors favor dismissal or when at least three factors weigh "strongly" in its favor. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Importantly, the terminating sanction factors listed above are not conditions precedent to entering dismissal as a sanction. *Ferdik*, 963 F.2d at 1261. Nor are explicit findings by the Court based on these factors required. *Id.* Further, a finding of "willfulness, bad faith, or fault" by the plaintiff under Rule 41(b) is not required. *Lien v. City of San Diego*, 2023 WL 11994277, at *3 (S.D. Cal. June 12, 2023) (rejecting the argument that willfulness or bad faith is required for a FRCP 41(b) dismissal)[3]; *see Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("We review a Rule 41(b) dismissal only for abuse of discretion in applying the five factors set forth in *Ferdik* . . . ."). Finding a willful violation is necessary, however, for entering dismissal as a sanction pursuant to a district court's inherent authority. *Anheuser-Busch*, 69 F.3d at 348.

---

[3] *See, e.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming dismissal based only on review of only the five terminating sanction factors); *Ferdik*, 963 F.2d 1258, 1260-63 (same); *Yourish*, 191 F.3d at 990-92 (same); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (same).

7

Here, as discussed in more detail below, dismissal under Rules 16(f)(1)(C) and 41(b), and/or the Court's inherent authority, is warranted under the terminating sanction factors listed above. Should the Court wish to consider it, NVF's misconduct in violating multiple Court Orders was also willful. NVF's refusal to comply with the Court's prior Orders, particularly the April and September 2025 Orders, was not outside of NVF's control. *See Am. Career Coll. Inc. v. Medina*, 673 F. Supp. 3d 1139, 1150 (C.D. Cal. 2023) ("[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." (citation and internal quotation marks omitted)). Far from it. NVF knew the risks of non-compliance with Court Orders based on past admonitions from the Court and nonetheless failed to make any effort to satisfy its Court-ordered obligations or seek relief from the Court concerning those obligations. Such conduct can only be viewed as *willful* disregard – the exact conduct terminating sanctions are meant to address.

### A. The Public's Interest in Expeditious Resolution of Litigation and the Trial Court's Interest in Docket Control Strongly Support Dismissal.

These first two factors strongly favor dismissal. *Spinks v. Cnty. of Los Angeles*, 2011 WL 5870047, at *3 (C.D. Cal. Nov. 23, 2011) ("The first two factors, the public interest in expeditio[u]s resolution of litigation and the court's need to manage its docket, always weigh in favor of dismissal." (citation and internal quotation marks omitted)); *see Yourish*, 191 F.3d at 990 ("The public's interest in expeditious resolution of litigation always favors dismissal").

Here, the expeditious resolution of this case and the Court's ability to manage its docket have undoubtedly been impaired by NVF's failure to comply with multiple Court Orders. Defendants have been forced to file multiple motions (including this one) to address NVF's willful non-compliance with Court Orders, unnecessarily incurring tens of thousands of dollars in expense in the process. Buchter Declaration, ¶ 15. These motions, while justified given NVF's willful noncompliance, strain the Court's already limited judicial resources. *See* Dkt. #s 159, 237 (noting the Court's "overwhelming caseload has been well publicized, and the long-standing lack of

8

adequate judicial resources in this district long ago reached crisis proportions"). NVF violating the March 2025 Order has also contributed to postponing the dispositive motion deadline and the trial date. Dkt. # 198 (Defendants' request to vacate the dispositive motion deadline, in part, because of NVF's failure to produce an expert for a deposition); Dkt. # 199 (finding good cause to grant Defendants' request and extending the dispositive motion deadline and trial date). Of course, these setbacks are all in addition to significant delays caused by NVF repeatedly firing its counsel – one of which occurred because counsel refused NVF's directive "to pursue a course of action before this Court which (in Counsel's opinion) could not be supported by a good faith argument." Dkt. # 195, p. 6.

In *Ferdik,* the Ninth Circuit recognized that "[i]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants[.]" *Id.* at 1261; *see Yourish*, 191 F.3d at 990 (upholding dismissal because the plaintiffs' non-compliance "control[led] the pace of the docket rather than the Court"). NVF's endless disruptions above have clearly put at risk the Court's ability to manage its docket and are particularly egregious because NVF ***is the plaintiff in this case*** – the party which often seeks an expeditious resolution – and because NVF engaged in all the above conduct knowing about the Court's challenges regarding its caseload and tight judicial resources. *See* Dkt. #s 159, 237. Put simply, "any further time spent by the [C]ourt on this case will consume scarce judicial resources and take away from other active cases." *Parker v. Sacramento Cnty. Police Dep't*, 2016 WL 7451545, at *2 (E.D. Cal. Dec. 28, 2016) (concluding dismissal under Rule 41(b) appropriate after review of the *Ferdik* factors).

**B. Defendants Have Been Prejudiced and Risk Continued Prejudice if the Court Does Not Impose Terminative Sanctions.**

This factor strongly favors dismissal. Prejudice includes examining whether NVF's actions unnecessarily delayed trial or threatened to interfere with the rightful decision of the case.

9

*Pagtalunan*, 291 F.3d at 643; *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("Unreasonable delay creates a presumption of injury to the defense."). Here, NVF has caused both. NVF delayed dispositive motion briefing and trial by willfully violating the March 2025 Order. Dkt. #s 198-99 (extending the dispositive motion deadline and trial date based, in part, on NVF's failure to produce one of its experts for a deposition); *see* Dkt. # 214 at 6 (finding that NVF "has not provided any justification for its failure to produce [the expert] for deposition"). This case was almost eight years old at the time (initiated in August 2017) and much of the alleged conduct at issue occurred considerably earlier. *See, e.g.*, Dkt. # 126 (Third Amended Complaint), ¶¶ 51-64 (allegations concerning events and subjects that occurred in 2011 and 2013), 97 (alleging there are 98 vehicles purchased by NVF between 2013 – 2017 with "undisclosed odometer changes"). "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643.

NVF's failure to comply with the September 2025 Order also risks future delays and interference. Given its history of noncompliance, how can NVF be held accountable through the remaining pretrial process and trial now that it is refusing to comply with monetary sanctions?

Defendants have been prejudiced by undertaking good faith attempts to participate in this case, while also having to unnecessarily expend time and money attempting to gain NVF's compliance with Court Orders. Buchter Declaration, ¶ 15; *see* Dkt. # 214 at 1-5 (noting Defendants efforts to have NVF comply with the March and April 2025 Orders); *see, e.g.*, *Spinks*, 2011 WL 5870047, at *3 (finding prejudice under these circumstances). Defendants' expense caused by NVF's noncompliance over the last several months has been significant. Buchter Declaration, ¶ 15 (stating that NVF's noncompliance has caused Defendants to unnecessarily expend thousands, and in some instances, tens of thousands of dollars). Irremediable expense and burdens constitute prejudice to a defendant seeking terminating sanctions. *Malone*, 833 F.2d at 131.

Moreover, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Id*. Here, the Court has already determined that NVF's violation of the April 2025 Order was unjustified. Dkt. # 249 at

1  2 (awarding monetary sanctions for NVF's unjustified failure to produce the expert for a

2  deposition). Similarly, NVF cannot justify its violation of the Court's mandatory, pre-filing meet

3  and confer requirement, which is clearly stated in the Standing Order. Dkt. # 154, ¶ 1(C).

4       NVF alleges now that it is financially unable to pay the monetary sanctions owed under the

5  September 2025 Order. Buchter Declaration, ¶¶ 9, 12. This is nothing more than an after-the-fact

6  excuse for NVF's misconduct, offered after the deadline had already passed and Defendants called

7  NVF out on its noncompliance. *See id.* at ¶¶ 7-10. Further, NVF has not provided any evidence to

8  support its alleged position, which is contradicted by NVF's recent statements and actions. For

9  example, despite now claiming a lack of resources, NVF paid $8,800 earlier this summer "for court

10 reporting, deposition transcripts, and expert witness testimony" in connection with this case. Dkt.

11 # 247-2 (Declaration of Thomas Layton) at 29, ¶ 11. NVF's proffered excuse regarding its ability

12 to pay is further undermined by its contemporaneous preparation and submission of a large filing

13 mere days before the September 2025 Order. On August 29, 2025, NVF filed a lengthy "opposition"

14 concerning an issue wholly irrelevant to the merits of this case (opposing a notice of lien filed by

15 its prior counsel). *See* Dkt. #s 247-48. Additionally, without the alleged financial means to pay

16 $25,622.52 in monetary sanctions, how can NVF justifiably expect to complete the pretrial process

17 and potentially try this case?

18      Regardless of NVF's purportedly strained financial position, that is no excuse for defaulting

19 on the September 2025 Order. Parties have a general obligation to "take all reasonable steps within

20 [their] power to comply" with a court order. *In re Dual-Deck Video Cassette Recorder Antitrust*

21 *Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). That included NVF undertaking reasonable efforts to pay

22 the monetary sanctions provided by the September 2025 Order, which NVF did not do. Buchter

23 Declaration, ¶¶ 7, 14. If it truly could not pay the monetary sanctions, NVF's recourse was to seek

24 relief from the September 2025 Order, not complain about it after the fact to Defendants and refuse

25 to act as ordered. *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 511 (C.D. Cal. 2022).

26      In sum, NVF's violation of multiple Court Orders, unnecessary delays, and inaction in

27 response to clear Court Orders have prejudiced Defendants and will continue to risk prejudice to

28

Defendants through trial. *See Yourish*, 191 F.3d at 991-92 (concluding that the defendant suffered prejudice where the plaintiff offered a "paltry excuse" for noncompliance); *Malone*, 833 F.2d at 131 (finding there was "no doubt that [the plaintiff's] last-minute notification of her decision not to comply with the pretrial order had a prejudicial effect on the [defendant]" justifying dismissal.). Notably, NVF has not shown a willingness to end its dilatory tactics. NVF did the opposite, filing a frivolous Rule 11 motion against Defendants, which the Court summarily rejected. Dkt. # 245.

Considering all of NVF's actions, in particular the recent, blatant ignorance of the September 2025 Order, this factor cuts decidedly in favor of dismissal. *Malone*, 833 F.2d at 131 ("[I]ntentional and unjustified violation of the [Court's Order] prejudiced [the defendant] in a manner which justifies dismissal.").

### C. NVF's Conduct Impedes Any Progress Towards Disposition on the Merits.

While generally counseling against dismissal, this public policy alone is not sufficient to outweigh the four other factors, all of which strongly support dismissal. *Yourish*, 191 F.3d at 992. This factor is also "significantly diminished" through stalling and unreasonable delays caused by the plaintiff's failure to comply with deadlines and discovery obligations. *Dawson v. Cnty. of Los Angeles*, 2011 WL 2173656, at *8 (C.D. Cal. June 2, 2011). Here, as explained above, NVF's willful noncompliance with multiple Court Orders resulted in the unreasonable delay of the dispositive motion deadline and trial date, the failure to provide expert discovery after months of dilatory conduct concerning an expert deposition, and the failure to pay monetary sanctions. This factor is neutral at best.

### D. Less Drastic Sanctions Do Not Exist Because NVF Continues to Willfully Violate Court Orders Despite Prior Warnings and the Imposition of Lesser Sanctions.

This factor strongly favors dismissal. In determining whether dismissal is warranted, the Court need only "explore ***possible and meaningful alternatives***." *Henderson*, 779 F.2d at 1424 (emphasis added). Here, none exist. The Court has already implemented lesser sanctions through the June and September 2025 Orders in the form of evidentiary and monetary sanctions. Dkt. #s 249, 214. The Court has also warned NVF twice that its failure to comply with Court Orders will lead to sanctions, including dismissal. Dkt. # 203 at 2; Dkt. # 207 at 5. Nonetheless, NVF has

12

continued to willfully disregard the Court's rules, orders, and deadlines. There is no reason to believe that NVF will start complying now or that any further recalcitrant misconduct by NVF will be constrained by future Court Orders imposing sanctions, particularly fines or attorneys' fees, which NVF alleges (without support) that it cannot pay. NVF has continually demonstrated that it treats prior Court Orders as suggestions instead of mandates. Under such circumstances, "[a] plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order," let alone the violation of multiple Court Orders as is the case here. *Malone*, 833 F.2d at 133.

NVF's failure to undertake any meaningful effort to comply with multiple Court Orders also favors dismissal. *Parker*, 2016 WL 7451545, at *2 (finding no suitable alternative to dismissal because the "plaintiff entirely failed to respond to the court's order, and did not even request an extension of time to comply"). NVF ignored the September 2025 Order and did nothing to request an extension from the deadline to pay monetary sanctions or otherwise seek relief from the Court concerning that obligation. Buchter Declaration, ¶ 13.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion and enter an Order dismissing this case with prejudice as a sanction against NVF.

Dated: October 16, 2025

**FOX ROTHSCHILD LLP**

/s/ *Nathan M. Buchter*
Jack C. Praetzellis (SBN 267765)
Ryan T. Becker (*Pro Hac Vice*)
Nathan M. Buchter (*Pro Hac Vice*)
Caroline M. Hinnenkamp (*Pro Hac Vice*)

*Attorneys for Defendants*
*Federal Express Corporation*
*and Automotive Rentals, Inc.*

13