UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FLEET LLC,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION, et al.,<br><br>Defendants. | No.  2:17-cv-01732-DAD-CSK<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DENYING DEFENDANTS' MOTIONS TO EXCLUDE EXPERT OPINIONS AND TESTIMONY AND FOR TERMINATING SANCTIONS AS HAVING BEEN RENDERED MOOT BY THIS ORDER<br><br>(Doc. Nos. 217, 218, 219, 253) |

This matter is before the court on defendants' motion to exclude expert testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (Doc. No. 217), defendants' motion for summary judgment (Doc. No. 218), plaintiff's cross-motion for partial summary judgment (Doc. No. 219), and defendants' motion to impose terminating sanctions. (Doc. No. 253.)  On June 26, 2025, the first three motions were taken under submission and on November 10, 2025, the motion to impose terminating sanctions were taken under submission pursuant to Local Rule 230(g).  (Doc. Nos. 226, 257.)  For the reasons explained below, the court will grant defendants' motion for summary judgment, deny plaintiff's motion for partial summary judgment, and deny the remaining motions as having been rendered moot by this order.

/////

1

## BACKGROUND

This case arises from the purchase of 98 vans or trucks by plaintiff Nevada Fleet LLC ("plaintiff Nevada Fleet") from defendants Federal Express Corporation ("defendant Federal Express") and Automotive Rentals, Inc. ("defendant ARI") which plaintiff Nevada Fleet contends contained modified odometers that did not reflect the true mileage of those vehicles.

### A.    Factual Background[1]

On June 1, 2009, defendants ARI and Federal Express entered into a contract referred to as the Fleet Management Services Agreement.  (DSUF at ¶ 1.)  Pursuant to this agreement, defendant ARI purchased retired vehicles from defendant Federal Express, which they then resold.[2]  (*Id.* at ¶¶ 2, 3.)  Beginning in 2011 or 2012, plaintiff began to purchase vehicles from defendant ARI.  (*Id.* at ¶ 23.)

When defendant Federal Express transferred title of a vehicle to defendant ARI, it would transfer an electronic File Transfer Protocol ("FTP") file.[3]  (*Id.* at ¶ 6.)  This FTP file would contain information regarding the specific vehicle being transferred.  (*Id.*)  Within that file was a

---

[1]  This factual background is undisputed, except where otherwise noted, and is derived from the undisputed facts as stated by defendants and as responded to by plaintiff (Doc. No. 231-3 ("DSUF")); the undisputed facts as stated by plaintiff and as responded to by defendants (Doc. No. 230-1 ("PSUF")); the disputed statement of facts as stated by defendants and responded to by plaintiff (Doc. No. 242 at 9–10 ("SDF")); as well as the exhibits attached to the pending motions.

[2]  Plaintiff purports to dispute these facts because defendant Federal Express was entitled to a portion of the proceeds of an eventual resale of their vehicle under the Agreement and because plaintiff "has no knowledge" regarding how defendant ARI sold its vehicles.  (Doc. No. 231-3 at 1.)  Neither of these statements are sufficient to pose a genuine issue of material fact regarding whether defendant ARI paid an amount of money to defendant Federal Express in exchange for a transfer of title, as defendants' statement of undisputed facts purports because neither statement suggests that defendant ARI did not purchase vehicles from defendant Federal Express.  Accordingly, the court treats this fact as undisputed.

[3]  Plaintiff purports to dispute this, and several other facts, on the basis that it lacks knowledge of defendants' internal procedures.  Defendants cited abundant evidence disclosed in discovery in this matter relating to their internal procedures, including depositions which plaintiff's counsel participated in.  (Doc. No. 231-3 at 2.)  Plaintiff cites no evidence in support of its purported lack of knowledge, appearing to instead simply ignore the evidence disclosed during the discovery phase of this litigation.  Accordingly, the court rejects plaintiff's challenges and will treat defendants' proffered facts in this regard as undisputed.

data value which indicated whether the current odometer reading on the vehicle was accurate, or, in the alternative, whether it had rolled over or been changed. (*Id.* at ¶¶ 7–9.) Defendant ARI would input this FTP file into its vehicle remarketing system, which failed to account for this data value. (*Id.* at ¶ 10.) Defendant ARI would then transfer the vehicle to a wholesale location, typically an auction partner, for resale. (*Id.* at ¶ 14.)

Plaintiff bought vehicles formerly used by defendant Federal Express from defendant ARI. (*Id.* at ¶ 24.) Plaintiff has purchased a total of 500 vehicles from defendant ARI. (*Id.* at ¶ 25.) However, at least 96 of those vehicles contained replacement odometers such that the mileage reflected on them was not indicative of the actual overall mileage on the vehicle. (*Id.* at ¶ 26.) Plaintiff maintains that those odometer replacements were not disclosed to it prior to the purchase of those vehicles. (*Id.* at ¶ 30.)

**B.      Procedural Background**

On August 18, 2017, plaintiff Nevada Fleet LLC filed the complaint initiating this civil action against defendant Federal Express and unknown Doe defendants. (Doc. No. 1.) On April 17, 2018, plaintiff filed a first amended complaint in this action. (Doc. No. 27.) On July 12, 2021, plaintiff filed a second amended complaint and on August 2, 2021 filed a redacted version of that second amended complaint. (Doc. Nos. 95, 104.) In that second amended complaint, plaintiff names defendant ARI as a defendant in this action for the first time. (Doc. No. 104 at 1.) On March 25, 2022, the previously-assigned district judge granted in part defendants' motions to dismiss the second amended complaint with leave to amend. (Doc. No. 122.) On April 22, 2022, plaintiff filed its operative third amended complaint ("TAC"). On August 25, 2022, this action was reassigned to the undersigned. (Doc. No. 153.)

In its TAC, plaintiff asserts the following seven claims against one or both of the defendants: (1) odometer fraud against both defendants in violation of the Federal Odometer Act, 49 U.S.C. §§ 32701, *et seq.*; (2) intentional misrepresentation or omission against both defendants; (3) negligent misrepresentation or omission against both defendants; (4) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act of 1970 against both defendants; (5) intentional interference with prospective economic advantage against defendant

3

ARI; (6) breach of implied warranty of merchantability against both defendants; and (7) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.* (Doc. No. 126 at ¶¶ 138–237.) On January 18, 2024, the court granted in part defendants' motions to dismiss plaintiff's TAC, specifically dismissing plaintiff's fifth claim for intentional interference with prospective economic advantage and plaintiff's claims for negligent misrepresentation and breach of implied warranty brought against defendant Federal Express on a direct liability theory only. (Doc. No. 162 at 24–25.)

On June 16, 2025, defendants filed their pending motions for summary judgment and to exclude expert opinion and testimony, and plaintiff filed its pending cross-motion for partial summary judgment in its favor. (Doc. Nos. 217, 218, 219.) On July 11, 2025, defendants filed their opposition to plaintiff's cross-motion for summary judgment. (Doc. No. 230.) On July 12, 2025, plaintiff filed its opposition to defendants' motion for summary judgment. (Doc. No. 231.) On July 25, 2025, plaintiff and defendants filed their respective replies.[4] (Doc. Nos. 241, 242.)

## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

---

[4] In its reply, plaintiff requests that the court take judicial notice of its prior orders issued in this action. (Doc. No. 242-1.) The court will deny this request because it need not take judicial notice of its own orders to consider the effect of those orders. *See Lyles v. Ford Motor Credit Co.*, No. 12-cv-01736-AG-RNB, 2013 WL 987723, at *2 (C.D. Cal. Mar. 11, 2013).

Fed. R. Civ. P. 56(c)(1)(A), (B). If the moving party will bear the burden of proof on an issue at trial, "the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Indeed, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual

5

dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87 (citations omitted).

### DISCUSSION

Defendants move for summary judgment in their favor as to all of plaintiffs' claims. (Doc. No. 218.) The court will address defendants' arguments as to each claim separately below.

**A.      Odometer Fraud (Claim One)**

1.        Statute of Limitations as to Defendant ARI

Defendants argue that defendant ARI is entitled to summary judgment in its favor as to plaintiff's claim for violation of the Odometer Act because that claim is time-barred. (Doc. No. 218-2 at 12–17.) Specifically, defendants assert that there is no genuine dispute of material fact that plaintiff was aware of ARI's potential culpability at the time it filed the original complaint in this action and made a strategic legal decision not to name defendant ARI as a defendant at that time. (*Id.*) Plaintiff responds by arguing that, because the previously-assigned district judge rejected a statute of limitations argument raised by way of a motion to dismiss, the court must now reject the argument at the summary judgment stage of the litigation. (Doc. No. 231-1 at 12–13.)

Plaintiff's argument is unavailing. First, whether the court previously rejected a statute of limitations argument when considering an earlier motion to dismiss has no bearing on whether such an argument is successful when raised later in a motion for summary judgment. *See Halicki v. Carroll Shelby Int'l, Inc.*, No. 04-cv-08813-SJO-PJW, 2006 WL 8447777, at *4 (C.D. Cal. Apr. 28, 2006) (granting summary judgment on the basis of claims being barred by the applicable statute of limitations despite rejecting that argument at the motion to dismiss stage); *see also Cervantes v. Ford Motor Co.*, No. 15-cv-00300-TUC-RCC-BPV, 2015 WL 13741593, at *6 (D. Ariz. Nov. 9, 2015) (discussing how an argument based on tolling of the statute of limitations is better evaluated after the close of discovery and permitting renewal of the argument at summary judgment). Accordingly, plaintiff's contention that the prior order on defendants' motions to dismiss is dispositive for purposes of summary judgment is simply incorrect.

Turning to the merits of the issue, the Odometer Act requires that a private action "must be brought not later than [two] years after the claim accrues." 49 U.S.C. § 32710.[5] As noted above, plaintiff filed its original complaint in this civil action on August 18, 2017, but did not name ARI as a defendant until July 12, 2021. Plaintiff's claim against defendant ARI is therefore time-barred unless the amendment adding defendant ARI complies with the requirements of Federal Rule of Civil Procedure 15(c) for relation back to the date of the original pleading. Fed. R. Civ. P. 15; *see, e.g., Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 2512407, at *7–8 (N.D. Cal. May 15, 2020) (considering relation back argument where the claim would otherwise be time-barred by the statute of limitations). In pertinent part, Federal Rule of Civil Procedure 15(c) permits relation back where:

> (C) [T]he amendment changes the party or the naming of the party against whom a claim is asserted . . . if, within the period provided

---

[5] At least one federal court has found that the three-year statute of limitations which applies to claims based on statutory violations under California law governs the time in which claims under the Federal Odometer Act may be brought. *See Uddin v. Automobili Lamborghini Am., LLC*, 765 F. Supp. 3d 952, 966 (N.D. Cal. 2025). The court need not decide which limitations period applies because defendants argue that plaintiff was aware of potential claims against defendant ARI and intentionally did not name it with the original filing of this action, on August 18, 2017. (Doc. Nos. 1; 218-2 at 12–14.) This was approximately four years before the filing of plaintiff's second amended complaint, in which defendant ARI was named for the first time. (Doc. No. 95.)

by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).  Here, defendants argue that plaintiffs were aware of its claims against defendant ARI in 2017, when this action was originally filed.  (Doc. No. 218-2 at 12–14.)  Accordingly, defendants' contention is that plaintiff made the deliberate choice to not sue defendant ARI at the outset of this action despite its knowledge of defendant ARI's potential liability.  (*Id.*)

"[M]aking a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity."  *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010).  Nevertheless, "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."[6]  *Id.* at 541.  Therefore, the court must determine whether defendant ARI "knew or should have known that it would have been named as a defendant but for an error."  *Id.* at 548.

Defendants contend that plaintiff purchased the vehicles at issue directly from defendant ARI and accordingly was aware of ARI's potential liability.  (Doc. No. 218-2 at 12–13.)  Plaintiff does not dispute that it purchased the subject vehicles from defendant ARI.  (DUMF at ¶¶ 23, 25.)  Moreover, plaintiff on multiple occasions between 2017 and 2019 identified auto auction sales by

---

[6] As the Supreme Court has stated with respect to relation back under Rule 15(c):

Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled       within       the       prescribed       limitations       period.

*Schiavone v. Fortune*, 477 U.S. 21, 29 (1986); *see also Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1202 (9th Cir. 2014).

8

defendant ARI that it believed involved false mileage disclosures due to replaced odometers, and even filed a complaint with a Tennessee state agency on December 19, 2018 about ARI's conduct in this regard.  (*Id.* at ¶¶ 40, 41.)

A review of plaintiff's original complaint and first amended complaint in this action reveals that plaintiff has consistently alleged that defendant ARI produced condition reports that provided inaccurate odometer information.  (*See* Doc. Nos. 1 at ¶ 35; 27 at ¶ 53.)  Plaintiff appears to have also alleged defendant ARI was defendant Federal Express's agent based on this conduct.  (Doc. Nos. 1 at ¶ 27; 27 at ¶ 45.)  Plaintiff, however, argues that it did not learn of "the scope and extent" of defendant ARI's liability until January 14, 2021, when it received a spreadsheet in discovery that disclosed that an additional 93 vehicles purchased from defendant ARI had their odometers replaced.[7]  (Doc. No. 231-1 at 12–13; *see also* Doc. No. 232[8] at 12–14.)  Defendants have produced emails from May 5, 2017 in which Tom Layton, the principal owner of Nevada Fleet (*see* Doc. No. 219-2 at ¶ 1), expressed that he "wanted to keep ARI and Holman Automotive out of this" and that plaintiff was considering at that time whether to name ARI as a

/////

---

[7]  The court observes that this appears to be an argument that the statute of limitations did not begin running until January 14, 2021 based on the delayed discovery rule.  *See Uddin*, 765 F. Supp. 3d at 966 ("Under the discovery rule, the statute of limitations on a cause of action does not begin to run until the plaintiff knows or has reason to know of the injury which is the basis of the action.").  "The party seeking the benefit of the avoidance of the statute of limitations carries the burden of proof to establish the elements." *N.L.R.B. v. Don Burgess Constr. Corp.*, 596 F.2d 378, 383, n.2 (9th Cir. 1979).  Plaintiff has not raised the delayed discovery rule and accordingly the court must reject its application. *Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d 845, 857 (N.D. Cal. 2020) (finding that plaintiff failed to carry his burden of demonstrating the applicability of the delayed discovery rule by failing to argue that it was applicable).  Moreover, as the court discusses below, it is apparent that plaintiff knew of any purported injury stemming from its purchase of vehicles with incorrect odometer readings in 2017 and was aware that defendant ARI had sold them those vehicles.  Accordingly, plaintiff cannot show the applicability of the delayed discovery rule.

[8]  Plaintiff attaches this exhibit to its opposition and in its opposition describes this spreadsheet as the one which was provided to it in discovery on January 14, 2021.  However, plaintiff does not include any declaration authenticating this spreadsheet nor is it a self-authenticating document.  Nevertheless, the court considers this evidence because it concludes that, even were the purported spreadsheet authenticated, plaintiff would not have established a genuine dispute of material fact as to whether their odometer fraud claim brought against defendant ARI is time-barred.

9

defendant in this action. (Doc. Nos. 218-13, 218-14; *see also* DUMF at ¶ 31 (stating that plaintiff chose not to name defendant ARI in its initial complaint).)[9]

The evidence before the court on summary judgment supports the conclusion that plaintiff made a strategic decision to not name defendant ARI at the outset of this action. The undisputed evidence, as laid out above, establishes that plaintiff knew it was purchasing trucks from defendant ARI and consistently accused defendant ARI of being complicit in the fraudulent odometer readings. Further, defendants have come forward with evidence demonstrating that plaintiff had ultimately assured defendant ARI that it did not intend to name it in this action, despite also telling ARI that it was considering bringing a claim against defendant ARI. *See Wilkins-Jones v. County of Alameda*, No. 08-cv-01485-EMC, 2012 WL 3116025, at \*16–17 (N.D. Cal. July 31, 2012) (finding that, in light of the plaintiff's assurances to defendants that she did not intend to sue them, plaintiff's course of conduct revealed she "made a conscious, reasoned choice not to sue"). "Other post-[*Krupski*] cases recognize that a plaintiff's deliberate choice not to sue a party involved in the events at issue in the complaint is not a mistake." *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, 935 F. Supp. 2d 968, 981 (E.D. Cal. 2013); *see also Miller v. U.S. ex rel. Bureau of Prisons*, No. 3:10-cv-00376-MO, 2014 WL 5462019, at \*4 (D. Or. Oct. 23, 2014) ("This type of strategic decision does not satisfy the requirements of FRCP 15(c)(1)(C)(ii)."). Plaintiff does not appear to dispute that it was aware that it had purchased trucks with incorrect odometer readings from defendant ARI directly, but only that it believed prior to learning of the "scope of the fraud" that defendant Federal Express was the proper party to sue.[10] The Ninth Circuit has previously rejected a similar argument. *See Louisiana-Pac. Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993) (finding no "mistake of identity" as to who to

_____

[9]  Plaintiff disputes this fact as a "mischaracterization of the mindset of the Plaintiff." (Doc. No. 231-3 at 4.) Plaintiff neither disputes the authenticity of the emails nor cites to any contrary evidence in asserting this fact is disputed.

[10]  The court notes that its reconstruction of plaintiff's argument is charitable by necessity, since plaintiff fails to make any cognizable argument in this regard, instead merely repeatedly citing to the previously-assigned district judge's order denying defendant ARI's motion to dismiss. (Doc. No. 231-1 at 12–14.)

sue where the third-party plaintiff seeking indemnification sued the entity it believed was a successor-in-interest to the third-party defendant and not the third-party defendant it had directly conducted the transactions with).  "At best, Plaintiff (and [its] counsel) may have made an error in legal judgment as to [defendant ARI's] liability, but such an error is not the same as a mistake about the parties' respective roles." *Wilkins-Jones*, 2012 WL 3116025, at \*17; *see also Jackson v. Med. Bd. of Cal.*, No. 2:07-cv-02188-SVW-RZ, 2012 WL 13019955, at \*11 (C.D. Cal. Apr. 19, 2012) ("It is unclear to the Court precisely what 'mistake' Plaintiff believes was made in filing the First Amended Complaint, and how Defendants 'were well aware of' this purported mistake shortly after the action was filed.").

Accordingly, the court finds that there is no genuine dispute of material fact that plaintiff knew of defendant ARI and its involvement in the subject matter of this lawsuit when it filed its initial complaint.  Accordingly, there is no genuine dispute of material fact that defendant ARI would not have known it would be sued because plaintiff was fully aware of its conduct and had informed ARI that plaintiff would not sue it.  Therefore, the court concludes that plaintiff's odometer fraud claim against defendant ARI cannot relate back to the original filing of the complaint and is therefore time-barred.  *See Pratt*, 2020 WL 2512407, at \*11 (granting summary judgment on time-barred claim where there was no evidence "of a mistake concerning" the defendants' identity and the plaintiff instead made a strategic choice to not sue certain defendants from the outset); *see also Nam Soon Jeon v. 445 Seaside, Inc.*, 288 F.R.D. 492, 499 (D. Haw. 2013) ("Although Jeon's knowledge of the mere existence of the AOAO would not automatically preclude her from making a mistake about the identity of the AOAO in this lawsuit, it was incumbent on Jeon to *submit admissible evidence* from which it could be said that the AOAO knew or should have known that Jeon's failure to name the AOAO was the result of a mistake as to its identity and not a deliberate choice[.]" ) (emphasis added); *Wilkins-Jones*, 2012 WL 3116025, at \*17 (finding that the defendants would not have known that they were mistakenly not named in an action because the defendants would have reasonably believed from plaintiff's communications that her choice not to sue them was deliberate).

/////

11

For these reasons, the court will grant defendant ARI's motion for summary judgment in its favor as to plaintiff's odometer fraud claim.

### 2. Intent to Defraud

Defendants argue that there is no evidence before the court on summary judgment demonstrating that either defendant acted with an intent to defraud. (Doc. No. 218-2 at 17–20.) Plaintiff appears to argue that, because its claim survived a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the claim automatically also survives the present motion for summary judgment. (Doc. No. 231-1 at 14–15.) Plaintiff also states that it has presented evidence of defendants' intent to defraud in its cross-motion for summary judgment. (*Id.* at 15.)[11]

The Odometer Act "forbids advertising for sale, selling, using, installing, or having installed a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer." *Bodine v. Graco, Inc.*, 533 F.3d 1145, 1149 (9th Cir. 2008) (quoting 42 U.S.C. § 32703). The Act provides a private right of action against a person or entity which violates the Odometer Act "with intent to defraud[.]" *Id.* at 1150 (quoting 49 U.S.C. § 32710). While the Ninth Circuit has not addressed the meaning of "intent to defraud" in the context of this statute,[12] multiple district courts have relied on out-of-circuit authority in

---

[11] The court has reviewed and considered both plaintiff's opposition and its cross-motion for summary judgment.

[12] Defendants argue that California law should control the meaning of "intent to defraud" here because there "is no general federal common law." (Doc. No. 218-2 at 17.) Defendants do not cite any authority to support their contention that statutory interpretation of a federal statute should be performed in accordance with state law. The Supreme Court has clearly held that statutory interpretation uses "traditional rules of statutory interpretation." *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 112 (2014). Thus, "[a]s with any question of statutory interpretation, our analysis begins with the plain language of the statute. . . . If the statutory language lacks a plain meaning, we may employ other tools, such as legislative history, to construe the meaning of ambiguous terms." *United States v. Wells*, 156 F.4th 907, 912 (9th Cir. 2025) (internal quotation marks and citations omitted) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009)). Of course, because this is a federal statute, it is Congress's intent that is to be determined. *See In re Saldana*, 122 F.4th 333, 341 (9th Cir. 2024).

concluding that "intent to defraud" can be proven by demonstrating that the seller of a vehicle with a defective odometer acted with "gross negligence or a reckless disregard for the truth." *Rogers Motors of Hermiston LLC v. Bartlett LLC*, No. 2:17-cv-00338-SMJ, 2018 WL 616138, at *3 (E.D. Wash. Jan. 29, 2018) (noting that the issue of whether intent to defraud required actual knowledge was a matter of first impression for the district and circuit and holding that it does not) (quoting *Tusa v. Omaha Auto. Auction Inc.*, 712 F.2d 1248, 1253 (8th Cir. 1983)); *see also Rife v. Randolf Ezrre Wholesale Auto Sales LLC*, No. 19-cv-04689-PHX-DLR, 2022 WL 355088, at *3 (D. Ariz. Feb. 7, 2022) (same).

Here, defendants argue that there is no evidence before the court on summary judgment that defendant Federal Express intended to defraud plaintiff because it disclosed to defendant ARI when odometers in the vehicles in question had been changed. (Doc. No. 218-2 at 18–19.) In support of this contention, defendants provide the deposition testimony of both Juan Diego Guadalupe and Steven Nolan, who were designated as defendants Federal Express's and ARI's Rule 30(b)(6) corporate designees respectively. (Doc. No. 218-5 at 3.) At his deposition, Mr. Guadalupe testified that, for each vehicle, defendant Federal Express would transmit an FTP file to defendant ARI containing information on that vehicle. (Doc. No. 218-16 at 21 (describing the automatic transmission of an FTP file), 31 (describing information contained in an FTP file).) He testified further that in each FTP file there is a marker indicating whether the vehicle has had an odometer change. (*Id.* at 31.) At his deposition, Mr. Nolan confirmed that defendant ARI received FTP files from defendant Federal Express containing information on the vehicles sold to them. (Doc. No. 218-17 at 17.) Mr. Nolan then explained that one of the data points in the FTP files is a "one-digit data field" in which the numbers 1 or 2 could be entered, or a default null value. (*Id.* at 21–22.) An entry of a null value indicated that the odometer mileage as reported is the actual mileage of the vehicle, an entry of 1 indicated that the odometer exceeded mechanical limits and accordingly the actual mileage is higher than the odometer mileage, and an entry of 2

/////

/////

/////

indicated that "the vehicle or the odometer reading is not actual" for various reasons.[13] (*Id.* at 21.) Accordingly, defendants have come forward with substantial evidence that defendant Federal Express did in fact disclose that the odometers in the subject vehicles had been changed.

Plaintiff again fails to raise any argument in its opposition to defendants' motion for summary judgment, instead relying simply on the assertion that because its claims survived a motion to dismiss, those claims also must survive summary judgment. (Doc. No. 231-1 at 14–16.) This is clearly incorrect. *Norton v. Arpaio*, No. 15-cv-00087-PHX-SPL, 2019 WL 4849604, at *3 (D. Ariz. Sept. 30, 2019) ("The standard to survive a motion to dismiss is different than the standard for a summary judgment motion, and this Court is not bound by the Order denying a motion to dismiss when reviewing summary judgment."); *Bledsoe v. Martinez*, No. 2:18-cv-02710-DAD-JDP (PC), 2022 WL 4130712, at *1 (E.D. Cal. Sept. 12, 2022) ("Plaintiff is reminded that summary judgment requires a much more substantial showing of evidence than required at earlier stages of the litigation, and claims that survived a motion to dismiss may not survive summary judgment based upon the evidence submitted and considered on summary judgment."). Plaintiff disputes in conclusory fashion the evidence presented by defendants, but does not provide evidence to the contrary. (Doc. No. 231-3 at 2.) Rather, plaintiff merely contends that defendant's evidence shows that defendant Federal Express failed to disclose the exact mileage as required by the Federal Odometer Act and, accordingly, an intent to defraud can be inferred.[14] (*Id.*) Plaintiff cites no authority for the proposition that a failure to disclose an odometer change necessarily implies an intent to defraud, and the court has identified persuasive authority to the contrary. *See Walton v. Auto Sol. Inc.*, No. 3:15-cv-01488-PK, 2016 WL 11673275, at *10 (D. Or. Mar. 30, 2016) ("Third, ASI's provision to plaintiffs of several correct

---

[13] Mr. Nolan later testified that at least one report regarding one vehicle that defendant ARI obtained, the FTP file failed to contain this data entry line. (Doc. No. 218-17 at 37–38.) There is no evidence before the court on summary judgment that this was true for any vehicles which were sold to plaintiff.

[14] Plaintiff improperly raises this argument through its responses to defendant's statement of undisputed material facts. (Doc. No. 231-3 at 2.) Nevertheless, the court will consider it and concludes that it is without merit.

statements of the vehicle's mileage in connection with the actual transfer of the vehicle is likewise inconsistent with the proposition that ASI harbored the requisite intent to defraud."); *see also Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 806 (7th Cir. 1988) ("Thus, the mere fact that an automobile dealer has violated the disclosure requirements of the Odometer Act does not necessarily mean that he is civilly liable.  The dealer must have acted with an 'intent to defraud[.]'").

Even if an intent to defraud can be inferred directly from a failure to disclose an odometer change as required by the Federal Odometer Act, plaintiff has presented no evidence that defendant Federal Express in fact failed to comply with the written disclosure requirements.[15] The Federal Odometer Act requires as follows:

> (a)(1) Disclosure requirements. — Under regulation prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:  (A) Disclosure of the cumulative mileage registered on the odometer[; and] (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

49 U.S.C. § 32705.  In light of this statutory language, one district court has instructed that "the written disclosure must include, among other things, the odometer reading at the time of the transfer *and* the transferor's certification that:  (1) to the best of the transferor's knowledge that the odometer reading reflects the actual mileage[;] (2) the odometer reading reflects the amount of mileage in excess of the designated mechanical odometer limit[;] or (3) the odometer reading does not reflect the actual mileage, and should not be relied upon." *Corrales-Gonzalez v. Speed Auto Wholesalers LLC*, No. 20-cv-02023-PHX-SPL, 2023 WL 3981139, at *4 (D. Ariz. June 13,

---

[15] In plaintiff's counter-motion for partial summary judgment, plaintiff separately argues that defendant Federal Express also violated 49 U.S.C. §§ 32703(2) & 32704(a) by "tampering" with odometers and failing to affix stickers or decals to vehicles with replaced odometers. (Doc. No. 220-1 at 16.)  Plaintiff provides no evidence to support either of these contentions.  The court rejects plaintiff's argument in this regard for the same reasons it rejects plaintiff's argument that a failure to disclose an odometer change inherently demonstrates an intent to defraud. *See Shaghoian v. Aghajani*, 228 F. Supp. 2d 1107, 1113 (C.D. Cal. 2002) (finding that liability for a violation of 49 U.S.C. § 32704 required a separate showing that the defendant acted with intent to defraud).

15

2023) (emphasis in original) (cleaned up) (quoting 49 C.F.R. § 580.5(c), (e)).  As discussed above, defendants have presented evidence that the FTP files here included the odometer reading at the time of transfer and a data entry that indicated whether this reflected the actual mileage (null value), the amount of mileage in excess of the designated mechanical odometer reading (value of "1"), or that the actual mileage was not reflected by the odometer for any other reason and could not be relied upon (value of "2").  Accordingly, the court rejects plaintiff's conclusory assertion that the disclosure provided by defendant Federal Express in the FTP files violated the Federal Odometer Act.

The court therefore finds that defendants have shown that there is no genuine dispute of material fact that defendant Federal Express did not possess an intent to defraud when transferring the subject vehicles.  Accordingly, the court will grant defendant Federal Express's motion for summary judgment in its favor as to plaintiff's odometer fraud claim brought against it.

**B.      RICO Violation (Claim Four)**

Defendants next move for summary judgment in their favor with respect to plaintiff's RICO claim.  (Doc. No. 218-2 at 20–23.)  Specifically, defendants argue that there is no evidence before the court on summary judgment showing the existence of an enterprise, any predicate acts, or a pattern of racketeering activity.  (*Id.*)  Plaintiff once again argues only that the court has previously held that its allegations were sufficient to survive a motion to dismiss and therefore its RICO claim also survives summary judgment.  (Doc. No. 231-1 at 16.)  Plaintiff is again incorrect:  The standards for a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) and for a motion for summary judgment under Rule 56 are not the same.  The court incorporates its reasoning as stated above in rejecting plaintiff's similar arguments with respect to the odometer fraud claims and rejects plaintiff's argument for the same reasons here. Nevertheless, the court briefly addresses the required elements of a civil RICO claim below.

Plaintiff alleges violations of 18 U.S.C. §§ 1962(c), (d) in its TAC.  (Doc. No. 126 at ¶¶ 199–216.)  "To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and,

16

additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086 (9th Cir. 2002) (cleaned up). "To plead a pattern of racketeering activity, plaintiffs must allege that defendants committed at least two of the statutorily enumerated predicate acts." *Comm. to Protect Our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1177 (E.D. Cal. 2017). "Racketeering activity is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud[,] and obstruction of justice[.]" *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (internal quotation marks omitted). "To plead a violation of § 1962(d), meanwhile, a plaintiff must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." *Comm. to Protect Our Agric. Water*, 235 F. Supp. 3d at 1172 (internal quotation marks omitted) (quoting *Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)).

Here, at most, plaintiff contends that it has alleged predicate acts of mail and wire fraud. (Doc. No. 231-1 at 16) (citing the court's prior order denying defendant's motion to dismiss); *see also Nev. Fleet LLC v. FedEx Corp.*, No. 17-cv-01732-DAD-KJN, 2024 WL 199626, at *11 (E.D. Cal. Jan. 18, 2024) (identifying the requisite predicate acts as mail or wire fraud). However, there is no evidence before the court on summary judgment demonstrating that *any* instance of mail or wire fraud has occurred, much less identification of a particular instance of mail or wire fraud that would suffice as the basis for a RICO claim. *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1170 (C.D. Cal. 2016) ("These facts . . . do not lead to the inference that Woo committed acts of mail/wire fraud or money laundering. The Court will not 'scour the record in search of a genuine issue of triable fact.' Instead, the court relies 'on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.' . . . Accordingly, the Court [grants] the Former Employee Defendants' Motion for Summary Judgment[.]") (internal citation omitted) (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)). Because defendants have demonstrated that there exists no genuine dispute of material fact that they did not commit two predicate acts as required, the court will grant defendants'

17

motion for summary judgment in their favor as to plaintiffs' RICO claim. *See Comm. to Protect Our Agric. Water*, 235 F. Supp. 3d at 1180 (dismissing the plaintiffs' RICO claims under §§ 1962(c), (d) for failure to allege predicate acts).

**C.    State Claims**

       1.    Intentional and Negligent Misrepresentation (Claims Two and Three)

Defendants first argue that plaintiff's claims for intentional and negligent misrepresentation against defendant ARI are time-barred for the same reasons that plaintiff's Odometer Act claim brought against it is time-barred. (Doc. No. 218-2 at 12–17.)  "The statute of limitations for a fraud claim under California law is three years.  The statute of limitations for a negligent misrepresentation claim is two years." *Whitehead v. PresenceLearning, Inc.*, No. 4:23-cv-02247-YGR, 2025 WL 3500619, at *3 (N.D. Cal. Aug. 12, 2025) (internal citations omitted) (citing Cal. Civ. P. Code §§ 338, 339).  Because defendant ARI was named as a defendant more than three years after the filing of the original complaint, plaintiff's claims against defendant ARI are time-barred unless an exception to the statute of limitations applies.  Plaintiff argues that its claims for intentional and negligent misrepresentation are not time-barred on the same basis that its Odometer Act claim is not time-barred—that its claims relate back to the original complaint. (Doc. No. 231-1 at 12–13.)  "Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations *and is more lenient*." *Butler*, 766 F.3d at 1200 (emphasis added).   However, "California courts have held that [California Civil Procedure Code § 473(a)(1)] does not authorize the addition of a party for the first time whom the plaintiff failed to name in the first instance." *Id.* at 1201 (internal quotation marks omitted).  Because plaintiff did not amend its complaint to add defendant ARI in substitution for a Doe defendant, Federal Rule of Civil Procedure 15's relation back rules are more lenient and apply to plaintiff's intentional and negligent misrepresentation claims.  Accordingly, the court's analysis as to whether these claims are time-barred mirrors its analysis above as to whether its Odometer Act claims are time-barred.  Therefore, the court concludes that plaintiff's intentional and negligent misrepresentation claims are time-barred and will grant defendant ARI's motion for summary judgment to be entered in its favor as to those claims.

18

Defendant Federal Express argues that it is entitled to summary judgment as to plaintiff's intentional misrepresentation claim because there is no evidence before the court on summary judgment that defendant Federal Express acted with an intent to defraud.  (Doc. No. 218-2 at 24–25.)  Plaintiff's argument in opposition again refers to defendant Federal Express's purported failure to affix stickers indicating an odometer was changed to their vehicles as a basis for plaintiff's assertion of intentional misrepresentation and, in this regard, mirrors plaintiff's arguments respecting intent to defraud as to its Odometer Act claim which the court has addressed and rejected above.  (Doc. No. 231-1 at 16–17.)

"The elements of a fraud/intentional misrepresentation claim are:  (1) a misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and [(5)] resulting damage."  *Ives v. Allstate Ins. Co.*, 520 F. Supp. 3d 1248, 1257 (C.D. Cal. 2021) (citing *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)).  "To establish a claim for deceit based on intentional misrepresentation, the plaintiff must prove the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth."  *Marble Bridge Funding Grp., Inc. v. Euler Hermes Am. Credit Indemnity Co.*, 225 F. Supp. 3d 1034, 1040 (N.D. Cal. 2016).  Above, the court concluded that defendant Federal Express did not act recklessly by failing to affix stickers to its vehicles because the evidence before the court establishes it disclosed that odometers had been changed through a separate report to defendant ARI.  Accordingly, the court concludes based upon the same reasoning, that defendants have also shown that there is no genuine dispute of material fact regarding an intent to defraud in the intentional misrepresentation context.  Therefore, the court will also grant defendant Federal Express's motion for summary judgment in its favor with respect to plaintiff's intentional misrepresentation claim.

Defendant Federal Express argues that it is entitled to summary judgment on plaintiff's agency theory of negligent misrepresentation.[16]  (Doc. No. 218-2 at 27–28.)  Specifically,

---

[16]  Plaintiff's claim for negligent misrepresentation against defendant Federal Express on a theory of direct liability was dismissed by the court in its prior order.  (Doc. No. 162 at 18–19.)

defendant Federal Express argues that, even if plaintiff could establish defendant ARI was acting as defendant Federal Express's agent, plaintiff has failed to present any evidence of an affirmative misrepresentation by defendant ARI. (*Id.*) Plaintiff, apparently having misapprehended the effect of the court's prior order dismissing its negligent misrepresentation claim on a direct liability theory but not an agency theory (Doc. No. 162 at 14),[17] represents that its negligent misrepresentation claim was dismissed in its entirety by the court. (Doc. No. 231-1 at 18.) In any event, plaintiff has failed to present any argument or evidence raising a triable issue of material fact regarding its agency theory of liability as to its negligent misrepresentation claim. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) ("It is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment. . . . Here, because [plaintiff] abandoned [its] state law claim[] by not addressing [it] in [its motion for summary judgment or its opposition to defendants' motion for summary judgment], he waived his challenge to the district court's order.") (internal quotation marks omitted) (quoting *Davis v. City of Las Vegas*, 478 F.3d 1048, 1058 (9th Cir. 2007)); *see also Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (finding that a claim was abandoned by not being raised in opposition to a motion for summary judgment); *Deirmenjian v. Deutsche Bank, A.G.*, No. 06-cv-00774-CW, 2010 WL 3034060, at *7 (C.D. Cal. July 30, 2010) (collecting cases concluding the same), *aff'd*,

---

[17] In its prior order, the court ruled as follows:

> Defendant Federal Express Corp.'s ("FedEx") motion to dismiss (Doc. No. 134) is granted in part and denied in part as follows: a. Defendant FedEx's motion to dismiss plaintiff's claims for odometer fraud, intentional misrepresentation, negligent misrepresentation, racketeering and conspiracy to commit racketeering, breach of implied warranty, and violation of California's Unfair Competition Law, brought against defendant FedEx *on a theory of agency liability is denied*; b. Defendant FedEx's motion to dismiss plaintiff's claims for odometer fraud, intentional misrepresentation or omission, racketeering and conspiracy to commit racketeering, and violation of California's Unfair Competition Law, brough against defendant FedEx on a theory of direct liability, is denied; [and] defendant FedEx's motion to dismiss plaintiff's claims for negligent misrepresentation and breach of implied warranty brought against it on a *theory of direct liability is granted*, without leave to amend[.]

(Doc. No. 162 at 25.) Accordingly, plaintiff's claims against defendant Federal Express for negligent misrepresentation and breach of implied warranty survived the motion to dismiss (Doc. No. 134) to the extent it was based on a theory of agency liability.

20

548 F. App'x 461 (9th Cir. 2013); *Vincent v. Reyes*, No. 19-cv-00329-RMI, 2020 WL 5893395, at *5 (N.D. Cal. Oct. 5, 2020) ("It is well established, in this context, that a party abandons an issue when she or he has had a 'full and fair opportunity' to express views on the issue, but does not address it in the opposition to the opposing party's motion for summary judgment.").

For the reasons explained above, the court will grant defendant Federal Express's motion for summary judgment in its favor as to that claim.

2.    Breach of Implied Warranty of Merchantability (Claim Six)

Defendants move for summary judgment in their favor as to plaintiff's breach of implied warranty of merchantability claim on the basis that plaintiff has failed to present evidence on summary judgment demonstrating that the trucks at issue in this action were not fit for ordinary purposes. (Doc. No. 218-2 at 29.) Moreover, defendant Federal Express argues that plaintiff has not pointed to any evidence demonstrating that defendant ARI acted as defendant Federal Express's agent in selling the trucks, which is the only theory upon which plaintiff's breach of implied warranty claim survives against defendant Federal Express. (*Id.* at 28–29.) Plaintiff again appears to misunderstand the effect of the court's prior order as indicated by its statement in opposition to defendants' motion for summary judgment that the breach of implied warranty claim has already been dismissed. (Doc. No. 231-1 at 18.) In any event, plaintiff fails to provide any argument or evidence raising a triable issue of fact with respect to its breach of implied warranty claim.

Accordingly, the court will grant defendants' motion for summary judgment in their favor as to plaintiff's breach of implied warranty claim.

3.    Violation of UCL (Claim Seven)

Defendants move for summary judgment in their favor with respect to plaintiff's claim for violation of the UCL. (Doc. No. 218-2 at 30.) Specifically, defendants contend that plaintiff has not presented any evidence demonstrating a predicate offense that can serve as a basis for liability under the UCL. (*Id.*) Plaintiff merely argues that, because it has sufficiently alleged other violations of federal and state law through its other claims, its UCL claim should survive summary judgment. (Doc. No. 231-1 at 18.)

21

The UCL prohibits any unlawful, unfair, or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Blizzard Ent. Inc. v. Ceiling Fan Software LLC*, 28 F. Supp. 3d 1006, 1017 (C.D. Cal. 2013). "Under its unlawful prong, the UCL borrows violations of other laws and makes those unlawful practices actionable under the UCL." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007) (cleaned up). The court has found that defendants are entitled to summary judgment as to each of plaintiff's other claims. Therefore, there is no viable underlying violation of law to sustain plaintiff's UCL claim under the unlawful prong. *See Ward v. Crow Vote LLC*, 634 F. Supp. 3d 800, 828 (C.D. Cal. 2022) (concluding that the UCL claim predicated on an illegal gambling claim did not survive summary judgment where the illegal gambling claim itself did not survive summary judgment).

Plaintiff fails to make any argument or provide any evidence supporting a UCL claim under the alternative unfair or fraudulent prongs of the UCL. Accordingly, the court must find that defendants have demonstrated that there is no genuine dispute of material fact with respect to plaintiff's UCL claim. Therefore, the court will grant defendants' motion for summary judgment in their favor as to plaintiff's UCL claim as well.

**CONCLUSION**

For the reasons above,

1.      Defendants' motion for summary judgment (Doc. No. 218) is GRANTED in its entirety;

2.      Plaintiff's motion for partial summary judgment (Doc. No. 219) is DENIED;

3.      Plaintiff's request for judicial notice (Doc. No. 242-1) is DENIED;

4.      Defendants' motion to exclude expert opinions and testimony pursuant to *Daubert* (Doc. No. 217) is DENIED as having been rendered moot by this order;

5.      Defendants' motion for terminating sanctions (Doc. No. 253) is denied as having been rendered moot by this order; and

/////

/////

22

6. The Clerk of the Court is directed to ENTER judgment in favor of defendants and to close this case.

IT IS SO ORDERED.

Dated: __**March 12, 2026**__

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE